UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER COUTURE and
RALPH GARRAMONE, M.D. ,

    Plaintiffs,

v.                                                 Case No.:   2:23-cv-340-SPC-KCD

DANESH NOSHIRVAN, TIKTOK,
INC., BYTEDANCE, INC., JOHN
DOES 1-100 and ABC
CORPORATIONS 1-100,

    Defendants.
_____/

## ORDER TO SHOW CAUSE[1]

Before the Court is Plaintiffs Jennifer Couture's and Ralph Garramone M.D. P.A. d/b/a Garramone Plastic Surgery's Complaint. (Doc. 1). This is a cyberstalking and civil conspiracy case filed in federal court based upon diversity jurisdiction. (Doc. 1). But diversity is unclear.

Federal courts have original jurisdiction over cases with complete diversity and an amount in controversy over $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Here, diversity is unclear because Plaintiffs did not properly plead Garramone's citizenship. Garramone is a "professional association" ("PA") (Doc. 1 at 2). But to determine Garramone's citizenship, Plaintiffs utilized the test for *corporations*, listing Garramone's place of organization and principal place of business. (Doc. 1 at 2); *see* 28 U.S.C. § 1332(c)(1). That is not the correct test for PAs.

To determine citizenship, "[u]nincorporated associations . . . must [plead] the citizenship[2] of each of their members." *Underwriters at Lloyd's, London v. Osting-Schwinn,* 613 F.3d 1079, 1086 (11th Cir. 2010); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 189-195 (1990) (refusing to extend treatment of corporations as "citizens" to other entities and holding that non-incorporated entities must prove the citizenship of all its members). And if any members are also unincorporated associations, the Court must know the citizenship of all members of that association as well. See *Orchid Quay, LLC v. Suncor Bristol Bay, LLC,* 178 F. Supp. 3d 1300, 1304 (S.D. Fla. 2016) ("[T]he

---

[2] A person is a citizen where he is domiciled, or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt,* 293 F.3d 1254, 1257-58 (11th Cir. 2002).

citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

Because Plaintiffs failed to tell the Court the member(s) of Garramone and their citizenship(s), Plaintiffs have not adequately pled diversity.

Accordingly, it is now

**ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. Plaintiff may file an amended complaint by **June 13, 2023**. **Failure to do so will cause the Court to close this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 30, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3