# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

JENNIFER COUTURE; RALPH GARRAMONE M.D. P.A. d/b/a GARRAMONE PLASTIC SURGERY

Plaintiffs,

vs.

DANESH NOSHIRVAN a/k/a @THATDANESHGUY; TIKTOK INC.; AND BYTEDANCE, INC.; JOHN DOES 1-100, being fictitious names, and ABC CORPORATIONS 1-100 being fictious names

Defendants
_____/

Case No. 2:23-cv-00340-SPC-KCD

## MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Pursuant to Middle District of Florida Local Rule 3.01(d), Defendants TikTok Inc. ("TTI"), and ByteDance Inc. ("BDI") (collectively "TikTok Defendants") seek leave to file a short reply brief no more than five (5) pages in support of their pending Motion to Dismiss in order to address the new allegations and law in Plaintiffs' opposition brief. The TikTok Defendants state in support:

1.  On July 20, 2023, the TikTok Defendants filed their Motion to Dismiss Plaintiffs' claims of cyberstalking, civil conspiracy, and interference with prospective economic advantage on grounds that, as to the TikTok Defendants: (1)

1

Section 230 of the Communications Decency Act ("Section 230") bars these claims; and (2) Plaintiffs do not plausibly plead facts establishing the asserted claims. [D.E. 33.]

2. On August 8, 2023, Plaintiffs filed an Opposition [D.E. 41] that contained two new aspects requiring further response: *First*, the Opposition asserts for the first time that "[Noshirvan] is TikTok's partner in a lucrative revenue-sharing partnership" and *TikTok* "redeem[s] in-app gifts for cash" for Noshirvan's "online or offline conduct," resulting in post-hoc financial benefit unrelated to "harmful content about [Plaintiffs]." [D.E. 41 at 1, 6, 7, 14]. This contradicts several prior allegations, including that (a) "Eligible Creators" redeem in-app gifts, (b) controlled and sent by third-party viewers, (c) only "for the video content [Creators] create." [Am. Compl., D.E. 9, ¶¶ 14-16, 22.] *Second*, Plaintiffs mischaracterize several cases—including a recent case before the U.S. Supreme Court, *Gonzalez v. Google*—to suggest that Section 230 no longer bars claims against defendants that "monetize" or benefit from "revenue-sharing." [D.E. 41 at 11-13.] But neither *Gonzalez* nor the recent authorities interpreting it hold that Section 230's broad immunity does not apply to common law tort claims that allege financial benefit, and courts have rejected similar attempts to use profits to avoid Section 230. *See, e.g.*, *In re BitConnect Sec. Litig.*, No. 18-cv-80086-MIDDLEBROOKS, 2019 WL 9104318, at *13 (S.D. Fla. Aug. 23, 2019) (plaintiffs' claims were barred by Section

230 despite allegations that YouTube "profited significantly from the exposure of its users to videos advertising [d]efendants' purported Ponzi scheme").

3. Accordingly, the TikTok Defendants request leave to file a reply brief not to exceed five (5) pages to address the new law and allegations contained in Plaintiffs' Opposition, as clarification of these matters will assist the Court in resolution of the pending motion to dismiss. *Tardif v. People for Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011) (J. Chappell); *see also Schumann v. Collier Anesthesia, P.A.*, No. 2:12-cv-347-FtM-29CM, 2014 WL 1230644, at *4 n. 3 (M.D. Fla. Mar. 25, 2014).

WHEREFORE the TikTok Defendants request leave to file a reply brief not to exceed five (5) pages in support of Defendants' Motion to Dismiss within five (5) court days of the Court's entry of an order granting this Motion.

## LOCAL RULE 3.01(g) CERTIFICATION

The TikTok Defendants certify that they met and conferred with Plaintiffs regarding this Motion via videoconference on August 14, 2023 and Plaintiffs advised they would oppose the Motion.

DATED: August 17, 2023    Respectfully submitted,

*/s/ Spencer M. Diamond*
SPENCER M. DIAMOND
Florida Bar No. 0091009
KING & SPALDING LLP

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2023 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Patrick Trainor, Esquire
Law Office of Patrick Trainor, Esq., LLC
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for Plaintiffs*

I also hereby certify that I will serve the following by e-mail and certified mail:

Danesh Noshirvan
2411 Charleston Road
Mansfield, PA 16933
daneshnoshirvan@gmail.com
*Defendant Danesh Noshirvan a/k/a @thatguydanesh*

                                               */s/ Spencer M. Diamond*
                                               Spencer M. Diamond