IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER COUTURE; RALPH
GARRAMONE M.D. P.A. d/b/a
GARRAMONE PLASTIC SURGERY,

        Plaintiffs,                      Case No. 2:23-cv-00340-SPC-KCD

vs.

DANESH NOSHIRVAN a/k/a
@THATDANESHGUY; TIKTOK
INC.; AND BYTEDANCE, INC.;
JOHN DOES 1-100, being fictitious
names, and ABC CORPORATIONS
1-100 being fictious names,

        Defendants.
_____/

**Joint Amended Case Management Report**

In accordance with the Court's July 25, 2023, Text Notice (ECF No. 40), Plaintiffs Jennifer Couture ("Couture") and Ralph Garramone M.D. P.A. d/b/a Garramone Plastic Surgery ("Garramone") and Defendants TikTok Inc. and ByteDance Inc. (TikTok Inc. and ByteDance Inc. collectively "TikTok Defendants") hereby file this Joint Amended Case Management Report.

1. **Date and Attendees**

   Plaintiffs and the TikTok Defendants conducted the planning conference on 7/20/2023. Patrick Trainor, Esq. attended as counsel for Plaintiffs and Spencer Diamond, Lennette Lee, and Kathleen Sacks attended as counsel for the TikTok Defendants. Due to the pendency of his motion to withdraw as counsel,

Defendant Danesh Noshirvan's ("Noshirvan") former counsel did not participate in the planning conference. ECF No. 34.

Plaintiffs and the TikTok Defendants all participated in preparation and submission of this Joint Amended Case Management Report by meeting and conferring on August 25, 27, and 28, 2023.

2. **Deadlines and Dates**

On July 24, 2023, the Court granted former counsel for Defendant Noshirvan's Amended Motion to Withdraw as counsel. ECF No. 36. On July 25, 2023, the Court ordered Defendant Noshirvan to inform the Court by August 24, 2023, whether he had obtained new counsel, or whether he intended to proceed *pro se*. ECF No. 39. Further, the Court granted the joint motion to continue the Preliminary Pretrial Conference scheduled August 7, 2023. ECF No. 39.

On August 24, 2023, Defendant Noshirvan filed a motion to extend the time he was granted to file notice of counsel. ECF No. 45. On August 25, 2023, Defendant Noshirvan's motion was denied without prejudice. ECF No. 46. Defendant Noshirvan has not informed the Court that he has obtained new counsel, or that he intends to proceed *pro se*.

Defendant Noshirvan does not appear to have obtained new counsel, because he is soliciting contributions for a legal retainer fee from his TikTok followers. On August 27, 2023, Defendant Noshirvan published a TikTok video, wherein he solicited donations from his TikTok followers for his purported legal defense fund. Donations are to be paid through his TikTok account and through donations to a GoFundMe account.

The TikTok Defendants' Position: As Noshirvan will likely file a renewed motion for extension of time to retain counsel that complies with Local Rule 3.01(g), the TikTok Defendants submit that it would be most efficient for the Court and the parties to continue the September 11, 2023 preliminary pretrial conference by approximately sixty days in order to allow Noshirvan to take appropriate steps to secure counsel so that all parties can meaningfully participate in pre-trial case management discussions. In the interim, the parties are complying with the Court's ruling by submitting this Joint Amended Case Management Report. Additionally, if the Court goes forward with the preliminary pretrial conference on September 11, 2023 and setting deadlines and dates at that time, then the TikTok Defendants propose the following deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 14 days after the Court rules on the Tik Tok Defendants' Motion to Dismiss (ECF No. 33) |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 9/29/2023 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).    Plaintiff | 6/28/2024 |
| Defendant | 7/26/2024 |
| Rebuttal | 8/30/2024 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 9/27/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Not applicable |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 10/25/2024 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. | 10/18/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 2/28/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 3/7/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 3/28/2025 |
| Month and year of the trial term. | 4/1/2025 |

The trial will last approximately 5 days and be

☒ jury.

### 3. Description of the Action

Plaintiffs Couture and Garramone bring this action against Defendants Noshirvan and the TikTok Defendants. Plaintiffs allege that Noshirvan and some of his followers engaged in the harassment of Plaintiffs on the TikTok video-sharing service, among other internet services, and off-line, which resulted in injuries to Plaintiffs. Plaintiffs assert claims against Defendants for cyberstalking (Count I), civil conspiracy as Jennifer Couture (Count II), civil conspiracy as to Garramone (Count III), and interference with prospective economic advantage (Count IV).

As set forth in their pending Motion to Dismiss, the TikTok Defendants assert that Plaintiffs' claims are all barred by Section 230 of the Communications Decency Act and otherwise fail to state a claim for relief against the TikTok Defendants. ECF No. 33.

Further, the TikTok Defendants deny Plaintiffs' allegations and deny that Plaintiffs are entitled to any relief.

### 4. Disclosure Statement

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

### 5. Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

### 6. Consent to a Magistrate Judge

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

The Court set a preliminary pretrial conference for 9/11/2023 at 9:15 AM via Zoom before Magistrate Judge Kyle C. Dudek.  ECF NO 40.

The Parties also request to stay all discovery and other pretrial deadlines (including the deadline for exchange of initial disclosures) pending resolution of the TikTok Defendants' Motion to Dismiss. ECF No 33.

8. **Discovery Practice**

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion.  *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐ Yes.
☒ No; instead, the parties agree to these changes:  the parties' disclosures under Rule 26(a) will be due 14 days after the Court rules on the TikTok Defendants' Motion to Dismiss (filed on July 20, 2023). ECF No. 33.

B. Discovery may be needed on these subjects:

If the TikTok Defendants' Motion to Dismiss is not granted, then the parties anticipate needing discovery on all issues related to this lawsuit, including liability, causation, and damages.

C. Discovery should be conducted in phases:

☒ No.

      ☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

      ☐ No.

      ☒ Yes; Irrespective of the parties' general duty to preserve documents, things, and electronically stored information, on July 19, 2023, Plaintiff served Defendants a preservation demand for electronically stored information created by Defendant Danesh Noshirvan, specifically TikTok videos he published on July 18-19, 2023, to his TikTok account @thatdaneshguy. The preservation demand includes the original TikTok videos, and all other videos that "stitch" or "duet" the original TikTok videos, all comments posted to said TikTok videos, and all coins and gifts generated by said videos.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

      ☒ No.
      ☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

6

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

*/s/ Patrick Trainor*
Patrick Trainor, Esquire
Counsel for Plaintiffs
DATED: 8/28/2023


*/s/Spencer Diamond*
Spencer Diamond, Esquire
Lennette Lee, Esquire
Kathleen Sacks, Esquire
Counsel for Defendants TikTok, Inc. and ByteDance, Inc.
8/28/2023