IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER COUTURE; RALPH
GARRAMONE M.D. P.A. d/b/a
GARRAMONE PLASTIC SURGERY

Plaintiffs,

vs.

DANESH NOSHIRVAN a/k/a
@THATDANESHGUY; TIKTOK
INC.; AND BYTEDANCE, INC.;
JOHN DOES 1-100, being fictitious
names, and ABC CORPORATIONS
1-100 being fictitious names

Defendants
_____/

Case No. 2:23-cv-00340-SPC-KCD

### REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Belatedly recognizing that Section 230 of the Communications Decency Act ("Section 230") precludes Defendants TikTok Inc. and ByteDance Inc. (collectively "TikTok Defendants") from liability for the independent acts and online content of Defendant Danesh Noshirvan, Plaintiffs now attempt to reframe the dispute, claiming that the TikTok Defendants' liability arises from a supposed "lucrative revenue-sharing partnership" in which *TikTok* "redeem[s] in-app gifts for cash" that supports Noshirvan's "online or offline conduct." Opp. at 1, 6, 7, 14. Plaintiffs' new and baseless theory still fails to rehabilitate their claims.

1

*First*, Plaintiffs are bound by their allegations, which confirm that the harm they suffered was caused by online and offline harassment by *Noshirvan and his followers*, and not any activity by the TikTok Defendants. *See, e.g.*, Am. Compl. ¶¶ 34-54, pp. 14-21. Ancillary allegations regarding TikTok's in-app monetization features (which Plaintiffs concede are broadly available to TikTok users) including the "Live Subscription" that Noshirvan is alleged to have participated in (unrelated to and months after his alleged harassment campaign of Plaintiffs, as they also concede) have *nothing* to do with the harm at issue. *Compare id.* ¶¶ 15-24, pp. 6-11, *with id.* ¶¶ 34-54, pp. 14-21. Plaintiffs' allegations wholly negate their unpled and unsupportable theory of liability based on an illicit financial partnership.[1]

*Second*, the law has not changed: Section 230 still bars Plaintiffs' claims notwithstanding Plaintiffs' reference to TikTok's in-app monetization features. Plaintiffs' cherry-picked quote from *Gonzalez v. Google LLC*, 2 F.4th 871, 898 (9th Cir. 2021) ignores the distinguishing fact that the claim at issue in *Gonzalez* was brought under the Anti-Terrorism Act ("ATA"), which prohibits any person from providing "substantial assistance"—including financial assistance—to terrorists.

---

[1] Further negating Plaintiffs' theory are their concessions that TikTok's in-app monetization features are based upon virtual "coins" and "gifts" available to all TikTok users. Am. Compl. ¶¶ 16-17, p. 7. Any eligible creator can receive such gifts from other users and redeem them for cash. *Id*. ¶¶ 15-18, 22, pp. 6-8, 10. Thus, TikTok users, not TikTok, decide the amount of "gifts" given to TikTok creators, *see id*. ¶ 18, p. 8, and determine the creator's earned revenue. TikTok's 50% commission fee applied to that revenue is the same for all creators. *Id*. ¶ 22, p. 10.

Courts interpreting *Gonzalez* have uniformly held that lawful revenue-sharing is not sufficient to get past Section 230's bar of tort claims like those alleged by Plaintiffs. *Coffee v. Google, LLC*, 2022 WL 94986, at *6 (N.D. Cal. Jan. 10, 2022) (Section 230 barred claims based on Google's 30% revenue cut); *Does, No. 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1145-1146 (9th Cir. 2022) (Section 230 barred claims where only alleged connection between postings on Reddit and revenue generated was "the fact that Reddit makes money from advertising on all popular subreddits"). Any alleged financial benefit or profits to the TikTok Defendants from features generally offered to TikTok users are wholly irrelevant to the Section 230 analysis. *See, e.g.*, *In re BitConnect Secur. Litig.*, 2019 WL 9104318, at *13 (S.D. Fla. Aug. 23, 2019) (Section 230 barred claims despite allegations that YouTube "profited significantly from the exposure of its users to videos advertising [d]efendants' purported Ponzi scheme").[2] Plaintiffs' attempt to hold the TikTok Defendants liable for the third-party content at issue is barred by Section 230, regardless of their allegations of revenue. *Dowbenko v. Google Inc.*, 582 F. App'x 801, 804 (11th Cir. 2014).

*Third*, even under this new theory, Plaintiffs cannot state a claim for civil conspiracy—much less their apparently conceded claims of cyberstalking and

---

[2] Plaintiffs' citation to *Huon v. Denton*, 841 F.3d 733, 742 (7th Cir. 2016) does not change the outcome. That decision involved allegations that Gawker's employees anonymously authored comments—*i.e.,* Gawker itself acted as an information content provider. Such allegations are not, and cannot be, credibly asserted here.

3

interference with prospective economic advantage, *see* Opp. at 3-5 and 7-9 (identifying factual allegations that make clear these claims are based on Noshirvan's conduct, not that of the TikTok Defendants)—given their failure to demonstrate the required elements. That TikTok includes generally available in-app monetization features does not establish specific knowledge of Noshirvan's alleged acts towards Plaintiffs or assistance with those acts. Plaintiffs' claims related to Noshirvan's use of TikTok's in-app monetization features—despite now mischaracterizing it as a "revenue-sharing partnership"—establish no more knowledge, awareness, or participation on the part of the TikTok Defendants than their "knowledge" of, or participation in, the activity of millions of other TikTok users. *See Twitter, Inc. v. Taamneh*, 143 S. Ct. 1206, 1227 (2023) (rejecting aiding and abetting claim where platforms were global in scale and allowed millions of people to upload vast quantities of information on a daily basis, and where allegations of defendants' relationship with ISIS was the same as their relationship with their billion-plus other users: arm's length and passive).[3]

---

[3] Even Plaintiffs' new (albeit incorrect) argument that it is *TikTok* who *redeems* in-app gifts for cash does not establish that the TikTok Defendants knew of, or took part in, any scheme with Noshirvan related to Plaintiffs. In the Amended Complaint, Plaintiffs concede that any "redemption" by TikTok only occurs as the passive result of an eligible creator redeeming their gifts for cash and TikTok taking a 50% commission on those amounts. Am. Compl. ¶ 22, p. 10.

In the same way, Plaintiffs' allegation that TikTok previously banned Noshirvan does not suggest that the TikTok Defendants "knew" of Noshirvan's alleged harassment of Plaintiffs. Plaintiffs admit that the earlier ban did not relate to Plaintiffs. Opp. at 7; *see also* Am. Compl. ¶ 44, p. 18 (conceding that Plaintiff Couture did not use TikTok). If anything, the ban pursuant to TikTok Community Guidelines demonstrates the *absence* of a special partnership: Noshirvan was treated like all other users. At bottom, the Opposition's arguments fail to show any alleged conduct *by the TikTok Defendants* unique to Noshirvan and/or directed at Plaintiffs so as to plausibly allege a civil conspiracy claim.[4]

The TikTok Defendants' Motion to Dismiss the Amended Complaint should be granted and the Amended Complaint dismissed with prejudice.

DATED: September 5, 2023

Respectfully submitted,

*/s/ Spencer M. Diamond*
SPENCER M. DIAMOND
Florida Bar No. 0091009
KING & SPALDING LLP
*Attorney for Defendants*
*TikTok Inc. and ByteDance Inc.*

---

[4] Plaintiffs' cited cases—which contain particularized facts demonstrating knowledge of and participation in the specific wrongful acts—do not suggest otherwise. *See Cordell Consultant, Inc. v. Abbott*, 561 F. App'x 882, 886 (11th Cir. 2014); *Donofrio v. Matassini*, 503 So. 2d 1278, 1281 (Fla. 2d DCA 1987). Here, Plaintiffs allege *no* facts suggesting any knowledge or participation on the part of the TikTok Defendants apart from the unremarkable existence of the platform's arm-length relationship with one user—the same relationship shared with millions of other TikTok users.

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Patrick Trainor, Esquire
Law Office of Patrick Trainor, Esq., LLC
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for Plaintiffs*

I also hereby certify that I will serve the following by e-mail and certified mail:

Danesh Noshirvan
2411 Charleston Road
Mansfield, PA 16933
daneshnoshirvan@gmail.com
*Defendant Danesh Noshirvan a/k/a @thatguydanesh*

                                                    */s/ Spencer M. Diamond*
                                                    Spencer M. Diamond