**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

JENNIFER COUTURE; RALPH
GARRAMONE M.D. P.A. d/b/a
GARRAMONE PLASTIC SURGERY,       Case No. 2:23-cv-00340-SPC-KCD

Plaintiffs,

                                 Hon.  Sheri Polster Chappell, U.S. D. J.

vs.

DANESH NOSHIRVAN a/k/a
@THATDANESHGUY; TIKTOK
INC.; AND BYTEDANCE, INC.;
JOHN DOES 1-100, being fictitious
names, and ABC CORPORATIONS
1-100 being fictious names,

Defendants.

_____/

**DEFENDANT, DANESH NOSHIRVAN a/k/a @THATDANESHGUY's,
<u>MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT</u>**

## I. <u>INTRODUCTION</u>

Plaintiffs Jennifer Couture ("Ms. Couture") and RALPH GARRAMONE

M.D. P.A. d/b/a GARRAMONE PLASTIC SURGERY ("GPS") (collectively

"Plaintiffs") accuse defendant, Danesh Noshirvan a/k/a @thatdaneshguy ("Mr.

Noshirvan"), and hundreds of thousands of members of the public who happen to

follow Mr. Noshirvan's satire, of engaging in online and telephonic harassment,

including threats and "defamatory statements." Mr. Noshirvan is what is best

described as a new age shock jock. Mr. Noshirvan is simply an internet broadcaster who entertains viewers and attracts attention by using uproarious, melodramatic exaggeration, and exposing unfavorable readily available public facts. His content is controversial. There is no doubt about it. However, Mr. Noshirvan committed no Florida crime, violated no civil statute or any common law, and published only facts readily available to the public. Plaintiffs use of trigger words like "incited", and "defamatory statements", in the Amended Complaint lack any real substance beyond conclusory allegations.

The incident that Plaintiffs allege started this online free speech feud, started with Ms. Couture behaving badly. On or about January 26, 2022, Ms. Couture entered a motor vehicle occupied by its owner-victim. She then assaulted the motor vehicle owner-victim and battered her as well. After committing burglary and battery, Ms. Courture entered her own vehicle, placed it in reverse, and attempted to crash into the battered owner-victim's motor vehicle. Thereafter an arrest warrant was issued. On February 20, 2022, Ms. Courture voluntarily turned herself into authorities. Ms. Couture was charged with burglary of an occupied conveyance (F.S. 810.02), battery (F.S. 784.03), and aggravated assault with a deadly weapon (F.S. 784.021). (See Lee Cty. Dkt., Case No.: 22-CF-000256).

Ms. Couture's felony criminal acts were caught on videotape, and later submitted to Mr. Noshirvan via electronic platform link. Mr. Noshirvan did not take,

or make, the video that captured Ms. Courture behaving illegally. Like most celebrity shock jocks and talk show hosts, Mr. Noshirvan legally obtained a copy of the video. Mr. Noshirvan's satire and rhetoric is constitutionally protected speech. Plaintiffs attempt to civilly silence freedom of expression because Ms. Couture does not want to face public backlash, or disdain, for her actions. Simply put, Ms. Couture and GPS were "canceled" by the general public.[1] Plaintiffs allege that they are victims of various unknown defendants, when in fact, Ms. Couture is a victim of the repercussions of her own actions - backlash by the general public.

Plaintiffs' Amended Complaint fails to state a viable cause of action in any of the counts. The essential elements are missing or improperly plead. Plaintiffs' three causes of action—cyberstalking, civil conspiracy, and interference with prospective economic advantage do not state a plausible claim for relief as required by Federal Rules of Civil Procedure 8(a) and 12(b)(6). Simply put, Plaintiffs have not met their burden to withstand a motion to dismiss.

First, Plaintiffs incorrectly seek tort damages for cyberstalking "pursuant to Section 784.048(1)(d)(1)" Florida Statutes. (Am. Compl. at ¶59 p. 30). Section 784.048, Florida Statutes is a criminal statute, which in addition to criminal penalty, only permits injunctions.

---

[1] "Cancel culture is not a movement — it has neither leaders nor membership, and those who take part in it do so erratically, maybe only once, and share no coherent ideology."  New York Times Style Magazine online at https://www.nytimes.com/2020/12/03/t-magazine/cancel-culture-history.html

Second, Plaintiffs complaint impermissibly intermingles paragraphs between Counts – starting in Count II (including paragraph 1-70)(Am. Compl. at ¶71 p. 32). In Counts III Plaintiffs comingle paragraph 1-76 (Am. Compl. at ¶77 p.34) and Count IV, comingle paragraphs 1-83. (Am. Compl. at ¶84 p. 36). This is a classic violation of the no "shotgun pleading" rule adopted by the Eleventh Circuit Court of Appeals. [2]

Third, Plaintiffs premised civil conspiracy Counts II and III on cyberstalking in Count I. Those Counts fail as they are not based on an actionable underlying tort or civil action.  Under Florida law, a plaintiff must identify the underlying actionable tort claim to meet the pleading requirements of civil conspiracy. Plaintiffs' Amended Complaint is missing essential elements and is inadequately pled.

Fourth, Plaintiffs tortious interference claim fails because it alleges a business relationship with the community at large instead of with "identifiable customers." Moreover, Plaintiffs fail to allege that Mr. Noshirvan had knowledge of GPS's existing surgical contracts or knew the identity of a single identifiable customer. Plaintiffs' allegations are too attenuated. Dismissal with prejudice is warranted.

---

[2] Starting at paragraph 48 on page 20 to paragraph 59 on page 23, Plaintiffs appear to have misnumbered or duplicated its allegations on pages 24-30.

## II. BACKGROUND

According to Plaintiffs, their harassment traces to an incident in 2022 where "Couture was recorded arguing with a person in a parking lot" and a teenager "provided [Noshirvan] a copy of the video of Couture arguing, along with Couture's personal identifying information." (Am. Compl. ¶ 39, p.15; *Cf.* Lee Cty. Dkt., Case No.: 22-CF-000256)). Plaintiffs do not (and cannot) allege Mr. Noshirvan was involved in the public incident, or the videotaping. (See *id.* ¶¶ 35-36, p.14) (alleging that Mr. Noshirvan is a "repeat offender" who "sources" and "re-posts" videos where "the subject is recorded in an argument with another").

Plaintiffs' Amended Complaint consists of allegations that Mr. Noshirvan through his published internet content or satire, inspired a portion of his public "followers" to harass and threaten Ms. Courture, and by extension GPS. (See generally, Am. Compl. p.14-29). Plaintiffs attempt to dismiss "cancel culture" by categorizing a portion of Mr. Noshirvan's viewers (referred to as followers), as "a small cult-like subset." (*Id.* at ¶38, p. 15).  Plaintiffs also allege that a minor teenager paid Mr. Noshirvan $5,000.00 to publish the January 26, 2022 video of Ms. Couture behaving badly. (See *id.* at ¶39, p. 15).  Plaintiffs generally claim that Ms. Courture received "hundreds of abusive and threatening text messages from unknown numbers." (*Id.* at ¶41, p. 16).  Yet without alleging a proper factual basis, Plaintiffs unreasonably conclude that Mr. Noshirvan "incited" these unknown individuals

using unknown numbers – and without facts, erroneously concluded the anonymous individuals were "danelanders." (Am. Compl. at 40-3, p. 16-18). Plaintiffs' allegations are too attenuated. (See generally *Id.*). Plaintiffs proceed to attach "screenshots" of some random third-parties complaining about Ms. Couture. (See *Id.* at ¶40, p.16, fig. 6; ¶42, p.17, fig. 9-10; ¶59, p.23, fig. 17; ¶47, p.24, fig. 18-20). Plaintiffs allegations fail to identify and link Mr. Noshirvan to any identifiable "John Doe 1-100" defendants, who Plaintiffs allege made contact with Ms. Couture and GPS. (See generally, Am. Compl.). The only identifiable action Plaintiffs allege against Mr. Noshirvan is that he is posting videos containing readily available public information. (See Am Compl. at ¶36 p. 14, ¶38 p.51, ¶41 p. 16, ¶42 p. 17, ¶45 p. 18, ¶47 p. 20, ¶51 p. 25). Lastly, Plaintiffs allege that Mr. Noshirvan's verbal labeling of Ms. Couture and GPS as "anti-vaxer", "anti-masker" or "supremacists" "incited Danelanders." (Am. Compl. at ¶34 p.14).

Nowhere in the Amended Complaint did Plaintiffs assert facts beyond mere conclusions that Mr. Noshirvan *participated* in this third-party harassment of Plaintiffs – beyond simply posting videos. Plaintiffs allegations fail to link a single identifiable third-party harasser who called, emailed, or posted a review, directly to Mr. Noshirvan.

### III. LEGAL STANDARD

A. Motion to Dismiss 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A Plaintiff need not plead "detailed factual allegations," but the complaint must offer "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To meet the *Iqbal/Twombly* plausibility standard, a complaint must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556 (alteration added)). A claim will not survive "if it tenders naked assertions devoid of further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557). Unsupported allegations and conclusions of law do not benefit from the favorable reading rule. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can

provide the framework of a complaint, they must be supported by factual allegations."). The court should not assume that the plaintiff can prove facts that were not alleged. *Sinaltrainal v. Coca-Cola*, 578 F.3d 1252, 1261 (11th Cir. 2009) ("[U]nwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [a] plaintiff's allegations." (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)).

Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

## IV. PLAINTIFFS FAIL TO STATE A VIABLE LEGAL CLAIM FOR ANY OF THE INDIVIDUAL CAUSES OF ACTION IN THE AMENDED COMPLAINT.

The essential elements of Plaintiffs three causes of action—cyberstalking, civil conspiracy, and interference with prospective economic advantage have not pled enough facts to state a plausible claim for relief as required by Federal Rules of Civil Procedure 8(a) and 12(b)(6). Simply put, Plaintiffs Amended Complaint must be dismissed.

### A. Florida's Cyberstalking Statute 784.048 Does Not Create A Civil Action For Damages

Plaintiffs assert an "action for damages" against defendant, Mr. Noshirvan for cyberstalking "pursuant to Section 784.048, of the Florida Statutes." (Am.

Compl. at 59, p. 30). Section 784.048, Florida Statutes is a criminal statute that imposes no civil liability.

In 2012, United States Magistrate Judge Charles A. Stampelos addressed plaintiffs claim for "Cyber Harassment and Cyber Stalking pursuant to Fla. Stat. § 784.048." *Kamau v. Slate*, 4:11CV522-RH/CAS, 2012 WL 5390001, at *8 (N.D. Fla. Oct. 1, 2012), report and recommendation adopted, 4:11CV522-RH/CAS, 2012 WL 5389836 (N.D. Fla. Nov. 5, 2012). Magistrate Judge Charles A. Stampelos astutely noted "that § 784.048 is a criminal statute [that] does not contain any provisions for a civil cause of action." *Id.* The Magistrate Judge went on to explain that "[w]hile some criminal acts may also provide the basis for a civil cause of action, …, this is not one of those acts." *Id.* Magistrate Judge Stampelos ultimately recommended dismissal, which was adopted. *Id.*

By contrast, the Eleventh Circuit Court of Appeals acknowledged that section 784.048, Florida Statutes allows for an injunction under certain circumstances. *See Hammer v. Sorensen*, 824 Fed. Appx. 689, 694 (11th Cir. 2020)(explaining how broad the "legitimate purpose" test is in Florida); see *Ozyesilpinar v. Jalali*, 325 So. 3d 289, 293 (Fla. 3d DCA 2021)(explaining that Section 784.0485(1), Florida Statutes (2020), creates "a cause of action for an injunction for protection against stalking" and explaining the statute in that context); *Murphy v. Reynolds*, 55 So. 3d

716, 717 (Fla. 1st DCA 2011)(same); *O'Neill v. Goodwin*, 195 So. 3d 411, 413 (Fla. 4th DCA 2016)(same).

No Florida district court has ever held that section 784.048, Florida Statutes creates a separate legal civil cause of action outside of the injunction context. And, this Court should not find a civil cause of action "for damages" where none exists. See §784.048, Florida Statutes; *see also   Clines v. State*, 912 So.2d 550, 558 (Fla.2005) ("A court's function is to interpret statutes as they are written and give effect to each word in the statute."); *Sult v. State*, 906 So.2d 1013, 1019 (Fla.2005) ("Courts may not go so far in their narrowing constructions so as to effectively rewrite legislative enactments.").

 For reasons so stated, Plaintiffs cyberstalking claim for damages cannot be maintained.

### B.    Plaintiffs Civil Conspiracy Claims (Count II and III) Fail To State A Cause Of Action

To state a cause of action for civil conspiracy, a plaintiff must plead "(1) an agreement between two or more parties; (2) to do an unlawful act or a lawful act by unlawful means; (3) the execution of some overt act in pursuance of the conspiracy; and (4) damage to the plaintiff as a result of said acts." *Plastiquim S.A. v. Odebrecht Constr., Inc.*, 337 So. 3d 1270, 1273 (Fla. 3d DCA 2022).

Moreover, "[i]n pleading conspiracy, the plaintiff must further identify an actionable underlying tort…." *Id.* This is because "[t]here is no freestanding cause

of action in Florida for 'civil conspiracy.' "*Tejera v. Lincoln Lending Servs*., LLC, 271 So. 3d 97, 103 (Fla. 3d DCA 2019). Rather, "[t]he conspiracy is merely the vehicle by which the underlying tort was committed…."*Id*.

Plaintiffs' inclusion of Count I's cyberstalking allegations in Counts II and III, necessarily imply that Plaintiffs intended to, and did, utilize §784.048, Florida Statutes, as its "underlying tort." As such, a dismissal of Plaintiffs cyberstalking claim in Count I, would require dismissal of Counts II and III - as no other underlying tort has been plead by Plaintiffs. *See Sun Life Assurance Company of Canada (U.S.) v. Imperial Holdings*, Inc., 2014 WL 12452450, at *5 (S.D. Fla., 2014) ("Because a civil conspiracy claim is not an independent cause of action in Florida, if a court dismisses the predicate claim, ... the court must also dismiss the conspiracy claim.").

Moreover, "[a] civil-conspiracy claim must set forth clear, positive, and specific allegations of civil conspiracy" and "[g]eneral allegations of conspiracy are inadequate to state a claim." *Springboard Media, LLC v. Augusta Hitech Soft Sols., LLC*, 22-20191-CIV, 2022 WL 18465128, at *5 (S.D. Fla. June 14, 2022)(quoting *Corbett v. Transportation Sec. Admin.*, 968 F. Supp. 2d 1171, 1190 (S.D. Fla. 2012)). "[F]acts relating to the overt acts must be pled with specificity." *Id*. (quoting *Larson v. Sch. Bd. of Pinellas County*, Fla., 820 F. Supp. 596, 600 (M.D. Fla. 1993)).

Here, Plaintiffs' conclusory allegations like "Defendants agreed to participate in a conspiracy", and "had knowledge of and participated in campaigns of online

and telephonic harassment" do not set forth clear allegations that Mr. Noshirvan and Tiktok even spoke – let alone – conspired. (see Am. Compl. 72-3 p.33, 78-9, p. 34). Nor does Plaintiffs' Amended Complaint specifically allege that either Mr. Noshirvan or Tiktok committed overt acts in furtherance of any alleged "agreement." *Id.* In that same vein, Plaintiffs fail to identify and allege, an "agreement" between Mr. Noshirvan and the unidentifiable third-parties (referred in the Amended Complaint as "danelanders"), or an "overt act in pursuance of the conspiracy."

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. at 1949. "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. Bellsouth Telecommunications*, 372 F.3d 1250, 1262 (11th Cir. 2004).

Because Plaintiffs alleged legal conclusions requiring significant deductions of facts and legal conclusions, this Court need not accept those allegations as true. And, because Plaintiffs' claims fail to state valid causes of action, and are improperly plead, dismissal is warranted.

**C. Plaintiffs Claim For Tortious Interference With Business Relationship Cannot Stand As Plead Because The Amended Complaint Does Not Adequately Allege That Mr. Noshirvan Had Knowledge Of, Or Interfered In An Unjust Manner, With Identifiable Customers**

To state a claim for Tortious Interference with Prospective Economic Advantage a plaintiff must plead: (1) the existence of a business relationship; (2) **knowledge of the relationship on the part of the defendant**; (3) an intentional and **unjustified interference with the relationship by the defendant**; and (4) damage to the plaintiff as a result of the breach of the relationship. *All Tag Corp. v. Checkpoint Sys., Inc.*, 2018 WL 6514795, at *6 (S.D. Fla. Mar. 27, 2018). Under Florida law, "an action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." *Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) (quoting *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 815 (Fla. 1994)). Thus, this cause of action requires the plaintiff to "prove a business relationship with identifiable customers." *Id.* (quoting *Ferguson Transp., Inc. v. N. Am. Van Lines, Inc.*, 687 So. 2d 821, 821 (Fla. 1996)).

Plaintiffs only allege vague relations with unknown outraged members of the general public - referred to as "danelanders" and other third-parties. Plaintiffs' vague references to GPS's business relationships with unidentifiable, potential, or future customers are precisely the speculative, community-at-large allegation prohibited under governing Florida law. *BPI Sports, LLC v. Labdoor, Inc.*, 15-62212-CIV-BLOOM, 2016 WL 739652, at *3 (S.D. Fla. Feb. 25, 2016)(no cause of

action exists for tortious interference with a business's relationship to the community at large).

Additionally, there is no factual allegation in the Amended Complaint that Mr. Noshirvan knew of any of these unidentifiable customers or surgeons or that Mr. Noshirvan *actually* interfered by posting a negative review or otherwise. (See Am. Compl. ¶86-91 p. 36-7, ¶49-53 p.24-6).

In sum, Plaintiffs allegations are speculative conclusory statements that either are too attenuated to support a causal link or just fail to adequately plead a claim for tortious interference with a prospective business relationship. Dismissal with prejudice is warranted.

### D.   Plaintiffs Amended Complaint Violates The Shotgun Pleading Rule

Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements." *Id.* at 1321-23. There are four basic types of shotgun pleadings: (1) those in which each count adopts the allegations of all preceding counts; (2) those that do not re-allege all preceding counts but are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) those that do not separate each cause of action or claim for relief into different counts; and

(4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Id.* at 1321–23 (quotations omitted). "The unifying characteristic of all types of shotgun pleadings is that they fail to ... give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018)(a district court should strike a "shotgun pleading" *sua sponte*).

After dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff "one chance to remedy such deficiencies." *E.g., Vibe Micro*, 878 F.3d at 1295. Here, Plaintiffs had that opportunity. They were granted leave to amend the Complaint. (See Doc. 1, 8, and 9). The Amended Complaint is vague and ambiguous such that Mr. Noshirvan and Tiktok must guess as to the particular claims and the facts upon which Plaintiffs rely in support.

Under these facts, a dismissal under Rules 8(a)(2) and 10(b) is appropriate because it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief. *See, e.g., Jackson*, 898 F.3d at 1360 (Judge Bloom concurring and stating that "the amended complaint fared no better than the initial pleading," "[I]f Rule 8(a) and Iqbal/Twombly are to have meaning, the district courts

have the authority to strike the pleading … and reserve jurisdiction to award the defendant's attorney fees and costs").

## VI.   CONCLUSION

"[W]hether an individual's behavior is merely boorish or juvenile as opposed to illegal … can require the drawing of fine lines." *Johnstone v. State*, 354 So. 3d 1101, 1102 (Fla. 4th DCA 2022). Mr. Noshirvan's satire is controversial.  Not everyone may like, or agree, with it. However, Plaintiffs case as plead, is clearly erroneous – and draws no such fine line distinction.  Plaintiffs Amended Complaint is not only insufficiently plead, but also is unreasonably vague in its allegations. For example, the defined term "Defendants" collective refers to Mr. Noshirvan, Tik Tok, and both fictitious defendants, 1-100. This type of pleading is strangely confusing because Plaintiffs include the anonymous third-parties referred to in the Amended Complaint as "danelanders" or the general public in this definition.

For all the reasons stated in this Motion and Doc. 33, Plaintiffs Amended Complaint should be dismissed with prejudice.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that Mr. Noshirvan's counsel and Plaintiffs' counsel met and conferred by telephone on September 21, 2023 and that the relief requested by Mr. Noshirvan in this Motion is opposed.

WHEREFORE, Mr. Noshirvan respectfully requests that the Court dismiss Plaintiffs Amended Complaint (Doc. 9) with prejudice.


DATED: September 21, 2023.


<div style="margin-left:40%">

Nicholas A. Chiappetta, Esq.
**CHIAPPETTA TRIAL LAWYERS**
Attorneys for Mr. Noshirvan
8401 Lake Worth Rd., Suite 130
Lake Worth, FL 33467
Direct: (561) 768-4500
Fax:    (561) 768-4600
service@chiappettalegal.com
nick@chiappettalegal.com
www.chiappettalegal.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2023 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Patrick Trainor, Esquire
Law Office of Patrick Trainor, Esq., LLC
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for Plaintiffs*

KING & SPALDING LLP
Spencer M. Diamond - **Lead Counsel**
Florida Bar No. 0091009
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
sdiamond@kslaw.com

Lennette Lee *(pro hac vice forthcoming)*
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 218-4011
Facsimile: (213) 443-4310
llee@kslaw.com

Kathleen A. Sacks *(pro hac vice forthcoming)*
1700 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 626-2999
Facsimile: (202) 626-3737
ksacks@kslaw.com

*Attorneys for Defendants*
*TikTok Inc. and ByteDance Inc.*

/s/ Nicholas A. Chiappetta
Nicholas A. Chiappetta