## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

JENNIFER COUTURE; RALPH
GARRAMONE M.D. P.A. d/b/a
GARRAMONE PLASTIC SURGERY,

       Plaintiffs,

    vs.

DANESH NOSHIRVAN a/k/a
@THATDANESHGUY; TIKTOK
INC.; AND BYTEDANCE, INC.,
JOHN DOES 1-100, being fictitious
names, and ABC CORPORATIONS 1-
100 being fictitious names,

       Defendants.

Civil Case No.: 2:23-cv-00340

---

### PLAINTIFF'S REQUEST TO FILE OPPOSITION TO TIKTOK'S MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

     Plaintiffs Jennifer Couture and Ralph Garramone M.D. P.A. d/b/a

Garramone Plastic Surgery (collectively "Plaintiff"), respectfully submit this

Request to File Opposition to Tiktok, Inc., and Bytedance, Inc.'s (collectively

"TikTok") Motion for a 30-Day Extension in Time to Respond to Plaintiff's First

Request for Production of Documents.  ECF No. 74.   An extension requires an

amendment to the Scheduling Order, and good cause simply does not exist to grant

such a change.

Scheduling orders may be modified only upon a showing of good cause. *Ariana v. LVNV Funding, LLC*, 307 F.R.D. 615, 616 (M.D. Fla. 2015). The "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998). The Scheduling Order, established procedural rules that all parties "must comply with," including: (1) hard procedural deadlines; (2) commands all "parties must act promptly and with diligence to complete discovery by the deadline," and warns (3) "[m]otions to extend the deadlines are disfavored." ECF No. 58. Here, good cause does not exist. TikTok has ignored Plaintiff's efforts to streamline discovery production.

During the meet and confer to select the mediator on September 22, 2023, Plaintiff inquired about electronically stored information ("ESI"), *e.g.*, storage formats, preferred learning method for the ESI search algorithm, production formats, custodians, and production thereof, but TikTok had no response. On October 11, 2023, TikTok produced Initial Disclosures, wherein TikTok declared its intention to limit its discovery production until its pending motion to dismiss was decided. Plaintiff scheduled an ESI Conference on October 12, 2023, and again TikTok, was unable to, or refused to produce information concerning ESI formats and ESI production. During the ESI Conference, TikTok reiterated its position that its discovery production was contingent upon its pending motion.

On October 16, 2023, Plaintiff served its First Request for Production of Documents, which requested business records created on or after January 26, 2022, such as Noshirvan's TikTok followers by account name and email address, transaction information for the tips, gifts, and revenue Noshirvan shared with TikTok.  At the same time, Plaintiff served a draft ESI protocol, which mimicked the Standing Order for ESI Discovery adopted by Florida Courts and the Civil Trial Lawyers Section of the Florida Bar.  Plaintiff requested TikTok's questions and objections by October 23, 2023.  TikTok has not objected or responded.

Now, TikTok argues "since receiving Plaintiffs' requests" it has been "working diligently to determine the availability" of Plaintiff's requests.  ECF No. 74, ¶ 7.  This claim is disingenuous at best.  Irrespective of TikTok's obvious computing capabilities, TikTok's refusal to agree to an ESI Protocol, begs what ESI is TikTok searching for, how is TikTok searching for ESI, from which custodian(s) is TikTok collecting ESI, in what format will ESI be produced? TikTok's failure to participate in ESI Conference, or since, and its aimless alleged diligence does not constitute good faith.

For the foregoing reasons, Plaintiff respectfully requests TikTok's motion be denied, or in the alternative Plaintiff requests permission to file opposition.

Respectfully submitted,

Dated: November 15, 2023

s/ Patrick Trainor
_____
Patrick Trainor, Esquire (Attorney ID 242682019)
**LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
F: (201) 896-7815
pt@ptesq.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2023, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, which will

send notice of electronic filing to the following:

Spencer M. Diamond
Florida Bar No. 0091009
KING & SPALDING LLP
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
sdiamond@kslaw.com
*Attorney for Defendants TikTok, Inc., and Bytedance, Inc.*

Nick Chiappetta
Chiappetta Trial Lawyers
8401 Lake Worth Rd., Suite 130
Lake Worth, Fla. 33467
P: (561) 768-4500
F: (561) 7686-4600
*nick@chiappettalegal.com*
*Attorney for Defendant Danesh Noshirvan*

November 15, 2023                    s/ Patrick Trainor
                                     _____
                                     Patrick Trainor
                                     *Attorney for Plaintiffs*