**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

JENNIFER COUTURE; RALPH
GARRAMONE M.D. P.A. d/b/a
GARRAMONE PLASTIC SURGERY,    Case No. 2:23-cv-00340-SPC-KCD

Plaintiffs,

                Hon. Sheri Polster Chappell, U.S.D.J.

vs.

DANESH NOSHIRVAN a/k/a
@THATDANESHGUY,

Defendant.
_____/

**DEFENDANT, DANESH NOSHIRVAN a/k/a @THATDANESHGUY's,**
**MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**
**AND STRIKE IMPROPER ALLEGATIONS**

## I. <u>INTRODUCTION</u>

Justice Brandeis famously noted, "[p]ublicity is justly commended as a remedy for social and industrial diseases. Sunlight is said to be the best of disinfectants; electric light the most efficient policeman." Louis Brandeis, Other People's Money (1914), quoted in *Buckley v. Valeo*, 424 U.S. 1, 67 (1976). Defendant Danesh Noshirvan a/k/a @ThatDaneshGuy ("Noshirvan") is plausibly accused of nothing more than shining sunlight on plaintiff, Jennifer Couture ("Couture")'s public criminal conduct. The sole purpose of Plaintiffs'

Complaint is to turn off lights and intimidate Noshirvan into silence – a cause of action our law does not permit. See §768.295(2)(a), Florida Statutes.

This case arises out of a series of events stemming from an incident on January 26, 2022. On January 26, 2022, plaintiff Jennifer Couture ("Couture") was caught on camera committing multiple crimes. Shortly thereafter, Noshirvan reported on Couture's story, which included posting a video recording of the event online and commentary. The publication of Couture's wrongdoing led to her arrest.[1] Couture was arrested for: (1) burglary of an occupied conveyance in violation of F.S. 810.02(3)(d); (2) battery in violation of  F.S. 784.03(1)(a)1.; and (3) aggravated assault with a deadly weapon without intent to kill in violation of F.S. 784.021(1)(a). A  picture of the video recorded altercation and Couture's Lee County mugshot following the arrest is depicted below:



---

[1] A felony arrest warrant was issued for Couture on or about February 16, 2022, for her actions on January 26, 2022  -  under warrant number 22CF000256. Couture was arrested on February 20, 2022. Couture ultimately pled guilty to assault and was placed on probation.

As a result of Noshirvan's news report, online conversations and posts between his viewers and Plaintiffs appeared online. Those conversations are the basis for Plaintiffs false, conclusory, and speculative accusations in the Second Amended Complaint. Understandably, Plaintiffs were angry about Couture's newly found publicity. They blamed Noshirvan for the public outcry and ensuing online negative response to Couture's actions. Couture never publicly accepted responsibility for her actions. Instead, Plaintiffs filed this action on May 22, 2023.

## II. STATEMENT OF FACTS

Noshirvan is an Iranian American who is best described as a new age shock jock, journalist, and social media entertainer – his reported   news commentary and satire reports is akin to, but perhaps cruder than, what occurs on the television show "Last Week Tonight."[2]  Noshirvan news content focuses on bad actors behaving badly in public.  He entertains his audience with videos and social or political commentary, songs, and funny noises. Plaintiffs label him a "doxer" because of the negative connotation is carries. However, Noshirvan does not advocate for online, or in person, harassment, or violence of any of the "bad actors" in  his news stories, nor has Noshirvan ever directed his viewers to "go after" any of the "bad actors." Rather, his viewers do online research and

---

[2] See https://www.hbo.com/last-week-tonight-with-john-oliver

submit readily available public information about the bad actors – "tips." Those tips or research may be utilized in a follow-up news story. This constitutes protected free speech – when done in good faith.

Noshirvan's news reports only disclose readily available    public information about the bad actor who was behaving badly to help the victim and authorities identify and arrest the bad actor when appropriate.[3] Noshirvan has never accepted money to publish a news story. Instead, Noshirvan uses his platform to raise money and awareness for the victims in his news stories, for charities, and other social, and political causes.

Plaintiffs poorly recast their Second Amended Complaint in an attempt to silence Noshirvan  in violation of the First Amendment, by falsely alleging that Noshirvan lead, or participated in, a conspiracy to   intrude upon Plaintiffs seclusion, defame, cyberstalk (albeit in contravention of this Court's order), and tortious interference with a business relationship. (See generally, 2nd Am. Compl.)  Plaintiffs tortured Second Amended Complaint improperly asserts irrelevant, impertinent, and scandalous matters. (*see id.* ¶¶15, 21, 25, 28, 30, 36, 38, 39, 49 and 50). Plaintiffs only make conclusory and speculative allegations - specifically avoiding asserting concrete defamatory statements Noshirvan

---

[3] https://www.tiktok.com/@thatdaneshguy/video/7285757284632775966?lang=en
https://www.tiktok.com/t/ZT8uRpUAy/
https://www.tiktok.com/t/ZT8u8ANNw/

allegedly published. Plaintiffs do this because truthful speech is protected under our laws. For example, Plaintiffs in a conclusory fashion, allege disclosure of "confidential" "manipulated," "mischaracterized," or "private information." (See 2nd Am. Compl., ¶¶ 17, 20, 29, 51). Plaintiffs attempt to hide the allegedly defamatory statements is indicative that none exist. Instead, Plaintiffs utilize "trigger" words because they lack factual foundation and substance to support a valid claim.

Plaintiff also allege Danelanders published fictitious negative reviews but failed to link Noshirvan to the alleged Danelander or provide context as to how the statements would constitute defamation – rather than truth or opinion. (*See id*. ¶13.) Plaintiffs bare bone conclusory allegations throughout the Second Amended Complaint deprive this Court of any meaningful analysis and is cause to dismiss the Second Amended Complaint.

Noticeably, Plaintiffs allege that Noshirvan is guilty of directing people to report Couture to Crime Stoppers based on "information he received." (*See id*. ¶41). The lack of modifier such as "false," in the statement implies the alleged statement is true. Additionally, the Second Amended Complaint does not accurately portray a timeline of events or provide context. Did this post occur before Couture turned herself in to authorities on February 20, 2022, or was this after Couture allegedly visited the State of Pennsylvania while on probation to

post defamatory flyers of Noshirvan? In either event, context matters. In short, Plaintiffs Second Amended Complaint either fails to provide adequate context or materially distorts what occurred.

Plaintiffs want this Court to believe that a review of online readily available public information like social media accounts could  be  considered a legally "invasive search" – when rummaging through one's trash can on the curb is not. [4] (See *id.* ¶14). Plaintiffs have no privacy rights of publicly available information.

Next, Plaintiffs allege that a "Danelander" posted fake reviews but patently fail to show that the reviews were defamatory rather than truth or opinion. (*See id.* P. 15) In Figure 14, the first review states "Terrible!!!! Dirty Place!," The second review states "it would be a shame if someone happened to investigate the PPP loan Ralph took out despite firing most of his staff.[5] The third review states "hack jobs, bad ethics, worse politics, no regard for safety or health. (See id. P. 15)  In Figure 15, the first review states "this psycho and his mentally unstable barbie doll reject of a girlfriend should be ashamed of themselves, but they're not! Just make sure you don't get run over when you['re] leaving. The

---

[4] The law is clear. A person has no expectation of privacy in a public place. See United States v. Santana, 427 U.S. 38, 42 (1976); Powell v. State, 120 So. 3d 577, 583 (Fla. 1st DCA 2013), on reh'g (Aug. 1, 2013)

[5] This comment is an opinion based upon readily available public information. Garramone appears to have accepted a PPP loan in the $276, 870.00 dollars. See https://www.sba.com/ppp-funded-companies/florida/ralph-garramone-md-pa-6354487 and https://www.instagram.com/p/CygAbH8A9BM/?hl=en

second review states "Did you see what he did to Jennifer [Couture's] face?" (See id. P. 15) In Figure 16, the first review states "Hateful people. Disgusting humans. Look at his gold digging [girlfriend] face and you know all you need to know about this doctor[']s skill. The second review states "I can't recommend a place that has terrible employees. (*See id*. P. 15) None of these statements qualify as defamation – let alone defamation *per se.* Thus, Plaintiffs must provide context to support a claim for defamation by implication.

Interestingly, Plaintiffs allege that those 6 Google reviews tortiously interfered with Garramone Plastic Surgery's 372 google reviews and 4.7 rating.[6] To  avoid the truth, Plaintiffs allege without factual support and in a conclusory fashion, that Noshirvan intentionally "published defamatory" "mischaracterized" statements and created "fictitious defamatory reviews." (*See id*. ¶¶59, 60, 62-3, 68-9).

### III. LEGAL STANDARD

#### A.  Motion to Dismiss 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A Plaintiff need not plead "detailed factual allegations,"

---

[6] https://www.google.com/search?client=firefox-b-1-d&q=Garramone+md

but the complaint must offer "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To meet the *Iqbal/Twombly* plausibility standard, a complaint must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556 (alteration added)). A claim will not survive "if it tenders naked assertions devoid of further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557). Unsupported allegations and conclusions of law do not benefit from the favorable reading rule. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The court should not assume that the plaintiff can prove facts that were not alleged. *Sinaltrainal v. Coca-Cola*, 578 F.3d 1252, 1261 (11th Cir. 2009) ("[U]nwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [a] plaintiff's allegations." (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)).

Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

## VI. ARGUMENT

### A. Plaintiffs failed to comply with this Court's order

Plaintiffs failed to remove all allegations of cyberstalking and harassment as required by this Court's order. (See Doc. 81, P. 11) Plaintiffs failed to remove information supporting its dismissed count of cyberstalking (See 2nd Am Compl. ¶¶7, 12, 13, 14, 20, 22, 23, 24, 25, 27, 29, 35, 37, 40, 41, 47, and 48) or are completely irrelevant, immaterial, or scandalous (*see id*. ¶¶15, 21, 25, 28, 30, 36, 38, 39, 49 and 50). Plaintiffs' failure to comply with this Court's order is a sufficient basis to dismiss this Second Amended Complaint with prejudice. Alternatively, Noshirvan moves to strike the redundant, immaterial, and impertinent allegations pursuant to Fed. R. Civ. P. 12(f).

### B. The Truth Is a Complete Defense To Defamation And Tortious Intererence

Noshirvan is accused of providing truthful, publicly available information and supporting evidence concerning Plaintiffs to the public in an act described by Plaintiffs as "doxing." The court system is not a forum for plaintiffs seeking to punish individuals for the dissemination of truthful information. It is well-settled that the First Amendment of the United States Constitution and Article I,

Section 4 of the Florida Constitution protect the dissemination of truthful statements See U.S. Constitution, Amendment I ("Congress shall make no law … abridging the freedom of speech); Florida Constitution Article I, Section 4 ("No law shall be passed to restrain or abridge the liberty of speech or of the press."). Communication of substantially truthful information and opinions are constitutionally protected speech. *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1107 (Fla. 2008)(declining to recognize the tort of false light). In that same vein, "communication of truthful information does not constitute improper interference with another's contractual relationships." *Atiyeh Publ'g, LLC v. Times Mirror Magazines, Inc.*, Civ No. 00-cv-1962, 2000 U.S. Dist. LEXIS 18728, at *7-8 (E.D. Pa. Dec. 7, 2000); *Gardner v. Martino*,563 F.3d 981, 992 (9th Cir. 2009) ("when a claim of tortious interference with business relationships is brought as a result of constitutionally-protected speech, the claim is subject to the same First Amendment requirements that govern actions for defamation.").

### C. Pre-Suit Notice

All of Plaintiffs claims derive from conclusory and speculative allegations of defamatory statements. (See id. ¶¶ 13, 14, 17, 20, 27, 29, 31-2[7], 34, 52, 53, 55, 60-4, 67-9). Florida Statute section §770.01, requires a plaintiff to provide media

---

[7] In paragraph 32, Plaintiffs fail to identify  how they knew the person  who filed the anonymous complaint was allegedly Noshirvan. In any event, Tortious interference with  a parent-child relationship has not been properly plead and is missing elements.

defendants with at least 5 days' notice before instituting a civil action for defamation "brought for publication ...in a[n] other medium." See §770.01, Florida Statutes.

Noshirvan is an online entertainer and journalist posting video recorded news reports on various social media platforms. Noshirvan is entitled to the statutory protections of §770.01, Florida Statutes. *See Comins v. Vanvoorhis*, 135 So. 3d 545, 548 (Fla. 5th DCA 2014)(blogger was entitled to pre-suit notice under the statutory phrase "other medium."); *Plant Food Sys., Inc. v. Irey*, 165 So. 3d 859, 861 (Fla. 5th DCA 2015)(holding a website engaging in the free dissemination of information and internet publishers of various and information constitute a public medium for purposes of pre-suit notice). "In defining the term 'media defendant,' courts have considered whether the defendant engages in the traditional function of the news media, which is 'to initiate uninhibited, robust, and wide-open debate on public issues." *Tobinick v. Novella*, No. 9:14-CV-80781, 2015 WL 1191267, at *8 (S.D. Fla. March 16, 2015).

Noshirvan is named in this lawsuit because he reported on a matter of public interest – Couture's video recorded criminal actions, for which she was later arrested, charged, and plead guilty. Noshirvan publishes his video recorded news reports on the internet in multiple social media accounts, which constitute an "other medium" under the statute. Further, it is undisputed that Noshirvan's

reporting "initiates uninhibited, robust, and wide-open debate on public issues." Thus, Noshirvan is entitled to the statutory protections of §770.01, Florida Statutes.

However, Plaintiff has not provided adequate, or any pre-suit notice, prior to May 22, 2023, when this case was filed, or even before the filing of this Second Amended Complaint. Plaintiffs do not even allege compliance with the condition precedent. Since Plaintiffs have not provided a verbatim quotation of any defamatory statements in any notice or the Second Amended Complaint. This Court must dismiss defamation as an underlying tort to Counts I, II and III.  *See Rendon v. Bloomberg, L.P.*, 403 F. Supp. 3d 1269, 1274 (S.D. Fla. 2019)("the best possible notice would be reference to the subject article and verbatim quotes from it.")

### D. Plaintiffs Have Not Plausibly Or Properly Alleged A Claim For Defamation

Plaintiffs have not plausibly or properly alleged a claim for defamation *per se. See Deligdish v. Bender*, 6:23-CV-417-DCI, 2023 WL 5016547, at *3 (M.D. Fla. Aug. 7, 2023)("Per se defamatory statements are 'so obviously defamatory' and damaging to [one's] reputation…"); *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1249 (S.D. Fla. 2014), aff'd (Feb. 17, 2015)("Per se defamatory statements must impute conduct to plaintiffs "incompatible with the essential functions of their respective jobs.").

To establish a cause of action for defamation, a plaintiff must show: "(1) publication; (2) *falsity*; (3) the **actor acted** with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least *negligently* on a matter concerning a private person; (4) actual damages; and (5) *the statement is defamatory*." *Klayman*, 22 F. Supp. 3d at 1249.

Plaintiffs have not properly and plausibly alleged the necessary elements to utilize defamation as an underlying tort. They have not factually shown or alleged that they were harmed by a false defamatory statement made by Noshirvan, nor have they shown Noshirvan agreed any conspiracy to defame them.[8] Further, this Court previously instructed Plaintiffs, that if they "wish[] to rely on "publication of defamatory statements" … to support [their] conspiracy claim, [they] must allege more. *See Buckner v. Lower Fla. Keys Hosp. Dist.*, 403 So. 2d 1025, 1027 (Fla. Dist. Ct. App. 1981) ("To support a cause of action for conspiracy to defame, it is therefore incumbent upon a plaintiff to properly allege those elements which would establish a defamation[.]"). (See Doc. 81), Plaintiffs failed to heed sound advice, and as a result, Counts I, II, and III must be dismissed with prejudice.

---

[8] **N.B.** Noshirvan's TikTok reported news video is fully viewable on the Daily Dot. Simply hit the replay icon. See https://www.dailydot.com/irl/woman-run-over-car-harass-tiktok/
Couture publicly admits she is Operations Manager for Garramone Plastic Surgery. See intro of https://www.blogger.com/profile/12116516212128593849
https://meaww.com/jennifer-couture-tiktok-tries-to-run-over-pedestrian-with-car
https://www.ibtimes.sg/jennifer-couture-florida-karen-who-tried-hit-tiktoker-her-car-attempted-grab-her-phone-62911

### E.  The Single Publication Rule

"Under Florida law, a plaintiff cannot proceed on concurrent counts for related torts that are "intended to compensate for the same alleged harm" as a defamation claim." *Miller v. Gizmodo Media Group, LLC*, 18-24227-CIV, 2019 WL 1790248, at *11 (S.D. Fla. Apr. 24, 2019)("When claims are based on analogous underlying facts and the causes of action are intended to compensate for the same alleged harm, a plaintiff may not proceed on multiple counts for what is essential the same defamatory publication or event.")) (citation omitted). "The rule is designed to prevent plaintiffs from circumventing a valid defense to defamation by recasting essentially the same facts into several causes of action all meant to compensate for the same harm." *Grlpwr, LLC v. Rodriguez*, No. 3:23CV16480-TKW-HTC, 2023 WL 5666203, at *7 (N.D. Fla. 2023)(citation omitted). Thus, under the single publication doctrine, a cause of action that is based on another tort may not be maintained "regardless of whether [a plaintiff] chooses to assert the alternative claim, succeeds on the alternative claim, or the alternative claim is barred." *Griffin v. United States*, No. 3:18-CV-651-J-39MCR, 2019 WL 1092741, at *7 (M.D. Fla. 2019)(citation omitted). "In contrast, a plaintiff may recover for separate claims when they are 'properly pled upon the existence of independent facts.'" *Miller*, 2019 WL 1790248, at *11.

The Tortious Interference claim, like the defamation assertions, is based on the allegations that Noshirvan or his alleged co-conspirators  disseminated allegedly defamatory statements in online reviews (opinions made by third-parties) (See 2nd Am Compl. ¶43, 44, 52-3, 57, 59,60-4, 69), videos (which are truthful)(*See id.* ¶46, 68),  anonymous reports to  DFS (privileged reporting and anonymous)(*See id.* ¶32 and 55) that caused harm to Plaintiffs  business and professional reputation. Thus, because the Tortious Interference claim (Count III) is predicated upon the same conclusory allegations of alleged defamation causing harm to reputation and business, and seeks the same damages, it must be dismissed with prejudice. *Miller, 2019 WL 1790248, at *11.* (dismissing a tortious interference with business relationships claim as one sounding in defamation).

### F.  Plaintiffs' Conspiracy Counts fail

To state a cause of action for civil conspiracy, a plaintiff must plead "(1) an agreement between two or more parties; (2) to do an unlawful act or a lawful act by unlawful means; (3) the execution of some overt act in pursuance of the conspiracy; and (4) damage to the plaintiff as a result of said acts." *Plastiquim S.A. v. Odebrecht Constr., Inc.*, 337 So. 3d 1270, 1273 (Fla. 3d DCA 2022). Moreover, "[i]n pleading conspiracy, the plaintiff must further identify an actionable underlying tort…." *Id.* This is because "[t]here is no freestanding

cause of action in Florida for 'civil conspiracy.' "*Tejera v. Lincoln Lending Servs., LLC,* 271 So. 3d 97, 103 (Fla. 3d DCA 2019). Rather, "[t]he conspiracy is merely the vehicle by which the underlying tort was committed…."*Id.*

"A civil-conspiracy claim must set forth clear, positive, and specific allegations of civil conspiracy" and "[g]eneral allegations of conspiracy are inadequate to state a claim." *Springboard Media, LLC v. Augusta Hitech Soft Sols., LLC,* 22-20191-CIV, 2022 WL 18465128, at *5 (S.D. Fla. June 14, 2022). "[F]acts relating to the overt acts must be pled with specificity." *Id.*

Here, Plaintiffs fail to allege that Noshirvan "agreed to participate in a conspiracy" to defame them or tortiously interfere with their business. (See 2nd Am Compl. ¶¶52 and 59). Plaintiffs' conclusory allegations do not set forth clear factual allegations that Noshirvan conspired. Furthermore, in this Court's prior opinion, it mistakenly found that Noshirvan responded to a follower's question - "so we are now working on reviews for his business right?, by stating "yes." (Doc. 81. P. 9 (addressing current Fig.13, formerly Fig. 17)). However, Noshirvan only responded to the very first question - what is his business name? Noshirvan's response to commentor was "his name." The person who responded "Yes" utilized the name "motherofrockets" or "Stephenie Rogers." The last commentor with a pink logo is a user named "irockitx15"; not Noshirvan. The

first picture below is an enlarged copy of Fig. 13 in the Second Amended

Complaint. The second picture is a readable version of the actual comment:



Plaintiffs have not plausibly alleged an agreement between Noshirvan and

any other party to commit a tortious act. (See 2nd Am. Compl. ¶¶52-5, 57, 59-60-

4). Plaintiffs have failed to link a single negative review to Noshirvan. At best,

Plaintiffs have alleged an agreement between two commentors – neither of

which are Noshirvan. This Court must not hold Noshirvan accountable for the

actions of his viewers *without* factually plausible allegations showing he agreed

to participate in the alleged conspiracy. *See, e.g.*, *N. A. A. C. P. v. Claiborne*

*Hardware Co.*, 458 U.S. 886, 907 (1982)("The right to associate does not lose

constitutional protection merely because some members of the group may have

participated in conduct or advocated doctrine that itself is not protected."); *Parts*

*Depot Co., L.P. By & Through Parts Depot Co., Inc. v. Florida Auto Supply, Inc.*, 669

So. 2d 321, 324 (Fla. 4th DCA 1996)("mere receipt of complaints standing alone, does not constitute a conspiracy.).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. at 1949. "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. Bellsouth Telecommunications*, 372 F.3d 1250, 1262 (11th Cir. 2004).

Because Plaintiffs' alleged conclusions require significant deductions of facts and legal conclusions, this Court need not accept those allegations as true. And, because Plaintiffs' claims fail to state valid causes of action, and are not properly pled, Counts I and II must be dismissed with prejudice.

## G. Plaintiffs Claim For Tortious Interference With Business Relationship Cannot Stand As Plead

To state a claim for Tortious Interference with Prospective Economic Advantage a plaintiff must plead: (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an *intentional and unjustified interference* with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship. *All Tag Corp. v. Checkpoint Sys., Inc.*, 2018 WL 6514795, at *6 (S.D. Fla. Mar. 27, 2018).

There are no factual non-speculative allegations in the Second Amended Complaint that Noshirvan knew of any unidentifiable customers or surgeons or

that Mr. Noshirvan intentionally interfered by posting a negative review or defamatory videos or conspired. (2nd Am. Compl. 16-8, 20, 27, 46, 48, 67-71). Plaintiffs' allegations are speculative conclusory statements that either are too attenuated to support a causal link or just fail to adequately plead a claim for tortious interference with a prospective business relationship. Dismissal with prejudice is warranted.

### H. The remainder is a disorganized rambling of unincorporated, immaterial, or dismissed cyberstalking and harassment allegations – which do not properly or plausibly plead a cause of action

Plaintiffs in an attempt to recast their dismissed cyberstalking and online harassment claim, allude to various causes of action, none of which have been properly or plausibly plead. *See Pet Supermarket, Inc. v. Eldridge*, 360 So. 3d 1201, 1206 (Fla. 3d DCA 2023)(addressing a claim for intrusion upon seclusion); *Spilfogel v. Fox Broad. Co.*, 433 F. App'x 724, 727 (11th Cir. 2011) ("Florida law explicitly requires an intrusion into a private place and not merely into a private activity.").

Couture alleged her damages stemmed from the dismissed count – a "cyberstalking campaign." (See id. ¶48, 52-4, 57). Garramone alleged his damages stemmed from "publication of [truthful] and defamatory statements." (See id. ¶60-4, 68-9) and 73). Astonishingly, Plaintiffs failed to incorporate by reference their background paragraphs of 1-50 in all 3 counts of the Second

Amended Complaint. Plaintiffs' allegations as alleged in each separate count (51-57, 58-64, and 65-73) do not state a plausible cause of action. Standing alone, the improperly pled conclusory allegations in each of the 3 counts fails to state a viable cause of action or properly plead essential elements.

Lastly, in all 3 counts in the Second Amended Complaint, Plaintiffs "wherefore" paragraph  improperly requests "emotional distress" without pleading the elements (as opposed to mental anguish), and punitive damages in violation of Florida law. See 768.72, Fla. Stat. (2023). Further, the Second Amended Complaint violates §768.295(2)(a), Florida Statutes.

### V. CONCLUSION

 Plaintiffs re-casted cyberstalking and harassment claims  are not supported by law and are simply an attempt to silence Noshirvan.

For all the reasons stated in this Motion, Plaintiffs Second Amended Complaint must be dismissed with prejudice, and Noshirvan should be awarded attorney's fees and costs.

WHEREFORE, Noshirvan respectfully requests that the Court dismiss Plaintiffs Second Amended Complaint (Doc. 81) with prejudice and award attorney's fees and costs.

DATED: December 22, 2023.

Respectfully submitted,

Nicholas A. Chiappetta, Esq.
**Chiappetta Trial Lawyers**
Attorneys for Mr. Noshirvan
8401 Lake Worth Rd., Suite 130
Lake Worth, FL 33467
Direct: (561) 768-4500
Fax:    (561) 768-4600
service@chiappettalegal.com
nick@chiappettalegal.com
www.chiappettalegal.com

## CERTIFICATIONS

### LOCAL RULE 3.01(g)

The undersigned certifies that Noshirvan's counsel and Plaintiffs' counsel met and conferred by telephone on December 22, 2023, and that the relief requested by Noshirvan in this Motion is opposed.

### LOCAL RULE 3.01(a)

The undersigned certifies that Noshirvan's Motion is compliant with Rule 3.01(a) in that it is less than 25 pages inclusive of all parts.

### CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Patrick Trainor, Esquire
Law Office of Patrick Trainor, Esq., LLC
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for Plaintiffs*

*/s/ Nicholas A. Chiappetta*
Nicholas A. Chiappetta