UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER COUTURE and
RALPH GARRAMONE, M.D. P.A.
d/b/a GARRAMONE PLASTIC
SURGERY,

       Plaintiffs,

v.                                                    Case No.:  2:23-cv-340-SPC-KCD

DANESH NOSHIRVAN,

       Defendant.

_____/

## OPINION AND ORDER

Before the Court are Defendant's Motion to Dismiss (Doc. 84), Plaintiffs'

response (Doc. 86), and a related Notice of Supplemental Authority (Doc. 105).

At this stage the Court treats the factual allegations in the Second-Amended

Complaint (Doc. 83) as true and construes them in the light most favorable to

Plaintiffs.  *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  For

the below reasons, the Court grants the motion in part.

This is the second round of motion-to-dismiss briefing so the Court will

not provide a detailed recitation of the facts.  In short, this case is about

Defendant Danesh Noshirvan and his followers allegedly targeting Plaintiffs

Jennifer Couture and Garramone Plastic Surgery.  According to Plaintiffs,

Defendant shared a video of Couture involved in an altercation and doxed her

on TikTok. He then went after Couture's family and employer, Garramone. So they sued Defendant and TikTok.

In the last dismissal order, the Court directed Plaintiffs to correct their amended complaint in five ways. First, the Court dismissed the claims against TikTok and ordered Plaintiffs to drop other fictitious defendants. Second, the Court dismissed Plaintiffs' cyberstalking claim. Third, the Court directed Garramone to shore up its tortious interference allegations. Fourth, the Court directed Plaintiffs, mainly Couture, to provide more allegations to support their conspiracy claims. And fifth, the Court directed Plaintiffs to clean up their amended complaint to streamline the remaining counts. (Doc. 81). Plaintiffs have since filed a second-amended complaint. (Doc. 83). Defendant argues that they failed to meet directives three through five and makes additional, new arguments for dismissal. (Doc. 84). The Court will address its directives in order below.

The Court starts with Garramone's tortious interference claim (Count III). The elements of tortious interference are "(1) the existence of a business relationship . . . (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994) (citation omitted). The Court found Garramone's knowledge

allegations insufficient in the amended complaint and ordered Garramone to provide more.

The second-amended complaint sufficiently addresses the Court's concerns. For example, Plaintiffs added allegations about a former Garramone employee with "practice-wide access and knowledge of Garamone's business operations" who shared that information with Defendant. (Doc. 83 ¶ 18). According to the second-amended complaint, Defendant used information obtained from that former employee to "flood the social media accounts of Garramone's patients with links to his videos[.]" (Doc. 83 ¶ 46). And under Garramone's tortious interference count, Garramone highlights that the former employee provided Defendant with "private and confidential information concerning Garramone Plastic Surgery's business relationships with its existing patients[.]" (Doc. 83 ¶ 67). The allegations in Count III are sufficient at this stage of the proceedings to show Defendant knew about Garramone's business relationships and tortiously interfered in them.

Next, the conspiracy claims brought by Couture in Count I and Garramone in Count II. To state a claim for civil conspiracy, Plaintiffs must allege "(1) an agreement between two or more parties; (2) to do an unlawful act or a lawful act by unlawful means; (3) the execution of some overt act in pursuance of the conspiracy; and (4) damage to the plaintiff[s] as a result of said acts." *Logan v. Morgan, Lewis & Bockius LLP*, 350 So. 3d 404, 412 (Fla.

Dist. Ct. App. 2022) (citation omitted). Generally, "there is no freestanding cause of action in Florida for civil conspiracy." *Id*. (cleaned up). In other words, to properly plead civil conspiracy a plaintiff must "identify an actionable underlying tort or wrong." *Id*. The Court found that Couture did not sufficiently allege an underlying tort in the amended complaint and dismissed her claim without prejudice.

Couture elected to try again, but her allegations in the second-amended complaint are still not enough. Instead of clarity, Couture adds confusion to her conspiracy claim. She removes a reference to tortious interference—the only explicit reference to an actionable tort in Count I. (Doc. 83-1 at 45). Even if she is trying to allege tortious interference "in her capacity as Garramone's employee" as an underlying tort, that too won't work. *See KMS Rest. Corp. v. Wendy's Int'l, Inc.*, 361 F.3d 1321, 1325 (11th Cir. 2004) (holding that only a corporation, not a shareholder, has standing to maintain a suit for tortious interference against the corporation). Garramone brings its own tortious interference claim.

Yet, Couture refers to harassment, cyberstalking, and harms to her business and professional reputation regarding her conspiracy count but fails to allege a specific underlying tort other than one that was previously dismissed. (Doc. 83 ¶¶ 52-57). The Court already dismissed Couture's cyberstalking claim, so cyberstalking cannot serve as the underlying tort to

support her conspiracy claim.  *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067 (11th Cir. 2007) ("[A] claim that is found not to be actionable cannot serve as the basis for a conspiracy claim.").

It appears Couture took this approach because she believes an underlying tort is unnecessary.  In response to Defendant's motion to dismiss, she argues that Defendant's actions represent the "prototype independent tort of conspiracy" and that the "economic boycott exception" relieves her of the underlying-tort requirement.  (Doc. 86 at 11).  Under that exception, "if the plaintiff can show some peculiar power of coercion possessed by the conspirators by virtue of their combination, which power an individual would not possess, then conspiracy itself becomes an independent tort." *Churruca v. Miami Jai-Alai, Inc.*, 353 So. 2d 547, 550 (Fla. 1977).  But Couture fails to sufficiently allege the exception.  Her conspiracy count mentions no peculiar power of coercion by the alleged co-conspirators' combination.  This omission is fatal to her claim, particularly because the Court warned her about the insufficient allegations last time around.  (Doc. 81 at 10) ("Plaintiffs have not sufficiently alleged this exception in the amended complaint.").

Aside from this pleading deficiency, the Court finds this "very narrow exception" does not apply here. *Est. of Scutieri v. Chambers*, 386 F. App'x 951, 954 (11th Cir. 2010).  The most common application of this exception is to combine acts of employers or employees.  Other applications are "rare and

should be added to with caution." *Liappas v. Augoustis*, 47 So. 2d 582, 583 (Fla. 1950) (citation omitted).  Here, the combined acts of the alleged co-conspirators may have exerted more pressure on Plaintiffs, but the nature of their individual acts were not altered by their combination. *See id.*  In other words, the alleged co-conspirators' acts taken together "did not amount to something larger than the sum." *Kee v. Nat'l Rsrv. Life Ins. Co.*, 918 F.2d 1538, 1542 (11th Cir. 1990).  So the exception is neither properly pled nor applicable. The Court dismisses Couture's conspiracy claim in Count I with prejudice.

As to Garramone's Civil Conspiracy allegations (Count II), it expressly relies on tortious interference as an underlying tort for its conspiracy claim. Although Garramone alluded to defamation as an underlying tort in the amended complaint, it did not sufficiently plead it.  (Doc. 81 at 9).  So Garramone was given another chance to sufficiently plead it in the second-amended complaint.

But Garramone added little to its defamation allegations in the second-amended complaint.  Garramone alleges that Defendant "knowingly mischaracterized information" and "publicized the mischaracterized information to [Garramone's] existing patients to impute [Garramone] was engaged in conduct, characteristics, and conditions incompatible with the proper exercise of [Garramone's] lawful surgical practice."  (Doc. 83 ¶ 61). These allegations are simply formulaic recitations of the elements of

defamation per se. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a complaint must provide more than a "formulaic recitation of the elements of a cause of action" to satisfy Rule 8). Garramone provides zero details about the "mischaracterized information." *See Ground & Pipe Techs., LLC v. Firstliner Techs., Inc.*, No. 3:05CV110/RV/MD, 2005 WL 8163041, at *2 (N.D. Fla. Oct. 5, 2005) ("Thus, in a defamation claim, it is not sufficient for a plaintiff to describe the allegedly defamatory statements in vague terms."). Garramone again fails to sufficiently allege defamation as an underlying tort. Therefore, at this stage of the proceedings, only Garramone's conspiracy to tortiously interfere claim in Count II remains.[1]

The final directive from the Court's previous order was to clean up the second-amended complaint to fix several typographical errors, correct a shotgun pleading issue, and remove the allegations supporting only the dismissed claims. Although Plaintiffs could have removed more, they have sufficiently addressed the Court's concerns. The Court denies Defendant's request to strike portions of the second-amended complaint. (*See* Doc. 4 at 7)

---

[1] Defendant correctly points out that the Court misquoted a figure in the amended complaint to support the agreement element of conspiracy. Nonetheless, the allegations in the amended complaint, and now second-amended complaint, support at least an inference of an agreement between Defendant and his followers. The second-amended complaint includes a screenshot of Defendant allegedly thanking his followers for providing information about Couture. (Doc. 83 at 6). It also provides a screenshot of Defendant allegedly stating: "The 1.3 million fans *is going to help* me too. *We* don't match vibes here, *we* multiply vibes." (Doc. 83 at 9) (emphasis added). Other screenshots and allegations show Defendant collaborating with his followers, including discussion about identifying Garramone Plastic Surgery. (*See, e.g.*, Doc. 83 at 13, 14).

(describing motions to strike as timewasters and requiring a movant to address certain authorities when moving to strike). Defendant also points out that the second-amended complaint does not list the numbered paragraphs that support each claim. Ordinarily the Court would require amendment on this point. But here only two claims remain against a single defendant. And those claims—tortious interference and conspiracy to tortiously interfere—logically depend on overlapping factual allegations. The Court finds Defendant is sufficiently on notice of the alleged factual basis of each claim.

Finally, Defendant's new arguments. Defendant argues that truth is a complete defense to tortious interference, that Plaintiffs failed to provide pre-suit notice under Florida Statute § 770.01, and that Plaintiffs' claims violate the single-publication rule. But Defendant raised none of these arguments in his first motion to dismiss even though they were available. So he cannot raise them here. *See* Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."); *see also* Fed. R. Civ. P. 12(h)(2). Additionally, the Court will not rule on Defendant's passing reference at the end of his motion to dismiss, without explanation or citations, to Florida Statutes §§ 768.295(2)(a) and 768.72. (Doc. 84 at 20).

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss the Second-Amended Complaint (Doc. 84) is **GRANTED in part**, and Count I is **DISMISSED with prejudice**.

2. On or before April 23, 2024, Defendant must answer the remainder of the second-amended complaint.

   **DONE** and **ORDERED** in Fort Myers, Florida on April 9, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record