IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER COUTURE; RALPH
GARRAMONE M.D. P.A. d/b/a
GARRAMONE PLASTIC SURGERY,   Case No. 2:23-cv-00340-SPC-KCD

Plaintiffs,

vs.

DANESH NOSHIRVAN a/k/a
@THATDANESHGUY,

Defendants.
_____/

**DEFENDANT, DANESH NOSHIRVAN a/k/a
@THATDANESHGUY's, OPPOSED MOTION TO COMPEL
DEPOSITIONS OF GARRAMONE AND COUTURE**

Pursuant to Federal Rules of Civil Procedure 30, and 34, and Local Rule 3.04 defendant, Danesh Noshirvan ("Noshirvan"), by and through undersigned counsel, file this Opposed Motion to Compel Deposition of Jennifer Maree Couture ("Couture") and Ralph Garramone M.D., P.A. d/b/a Garramone Plastic Surgery ("Garramone"), In support of this Opposed Motion, Mr. Noshirvan states the following:

1. Couture and Garramone filed this instant action on May 22, 2022.

2. On September 11, 2023, this Court issued a Case Management and Scheduling Order. Dkt. 58.

3. The Case Management and Scheduling Order closing discovery on August 02, 2024. *Id.* at p.2. That order requires dispositive motions to be filed by August 30, 2024.

4. On January 08, 2024, the undersigned's office mutually coordinated deposition dates with Mr. Trainor, to depose Couture and Garramone. See Exhibit 1.

5. On April 02, 2024, in compliance with Local Rule 3.04, Noshirvan emailed Mr. Trainor Amended Notices of Taking Deposition Duces Tecum. The amendment pertained to videotaping the depositions as expressly allowed by Rule 26. See Fed. R. Civ. P. 26. Garramone and Couture were given more than 14 days' notice.

6. On April 09, 2024, instead of seeking a protective order, Plaintiffs unilaterally terminated the mutually agreed upon deposition via email. See Exhibit 2. Plaintiffs simply refuse to appear for their depositions. This is improper and highly prejudicial given that discovery closes in 4 months. See Dkt. 58.

7. Couture and Garramone argued that their "objection is based on Noshirvan's previous production of video content wherein he made harassing

content to mock legitimate legal documents that were served upon him." See Ex. 2. The undersigned is unaware that any such video exists.

8. Couture and Garramone further object because "Noshirvan is participating in an undisclosed television production." This is not a basis to unilateral refuse to attend a deposition.

9. Couture's and Garramone's last objection contains outrageous, unfounded, and salacious allegations against a non-party, James McGibney, and Noshirvan. Garramone alleges that Mr. McGibney's passive website produces harassing content towards Couture and Garramone. They also allege that Noshirvan's participation in a television show/docuseries, or alleged misuse of a legal proceeding is harassment. None of Couture and Garramone's gaslit objections provide a reasonable basis to unilateral refuse to attend a deposition.

10. On April 09, 2024, this Court issued an Opinion that dismissed Couture's claim with prejudice. Dkt. 111. Couture is still a necessary material fact witness.

11. Given the time remaining for discovery, it would be extremely prejudicial to allow Garramone to refuse to sit for a deposition, while maintaining its claims. This is a classic example of the sword and shield doctrine.

12. Noshirvan seeks sanctions for Plaintiffs improper unilateral cancellation of the April 19, 2024, depositions. Fed. R. Civ. P. 37(a)(5), (d)(2), and 30(d)(3)(C); see also Civil Discovery Handbook VII. A.

## Memorandum of Law

### A. Videotaped Depositions

Federal Rule of Procedure 30(b)(3)(A) expressly allows for videotape or "audiovisual" depositions. Rule 29(a), which allows depositions to be recorded in any number of ways, the most logical conclusion is that "a videotaped deposition is more appropriately taxed as is any other deposition expense." *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996); see *Commercial Credit Equip. Corp. v. Stamps*, 920 F.2d 1361, 1368 (7th Cir.1990) (stating that "[v]ideotaped depositions are a necessary and time effective method of preserving witnesses' time and allocating precious court and judicial time in this age of advanced court technology and over-crowded court calendars. We must not seem reluctant to adopt any and all time-saving methods that serve to improve our system of justice").

Plaintiff and Couture did not comply with Rule 30(d)(3) or 26(c). Instead, they unilaterally terminated the scheduled deposition and refused to be deposed by videotape. There is no valid reason to deprive Noshirvan of his right to videotape the depositions. Garramone and Couture has not met their burden in

maintaining their pure conjecture objections or proving that they would be harmed by providing truthful live testimony under video recording. Further, this Court favors transparency in proceedings. See Local Rule 1.11 (Presumption of Public Access). The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible. *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir.1985)

### B. Material Witnesses

Couture is a necessary material fact witness. *See Shindorf v. Bell*, 207 So. 3d 371, 372 (Fla. 2d DCA 2016)("an order that deprives a party in a civil proceeding of the ability to depose a material witness satisfies the jurisdictional requisites for certiorari review"); *Medero v. Florida Power & Light Co.*, 658 So.2d 566, 567 (Fla. 3d DCA 1995) (concluding relief by way of certiorari that trial court lacked good cause to deny deposition of potential material witness).

Accordingly, Noshirvan seeks to depose Couture regarding her personal knowledge of Garramone's remaining claims.

### C. Garramone's improper use of the Sword and Shield Doctrine

Garramone's refusal to sit for a deposition is a classic example of the sword and shield doctrine. *See Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1086 (5th Cir. 1979)(acknowledging that a plaintiff in a civil proceeding was a voluntary party and that "it would be unfair to permit Wehling to proceed with his lawsuit

and, at the same time, deprive CBS of information needed to prepare its truth defense."); *Cabeza v. City of Orlando*, 6:13-CV-1938-ORL-40, 2015 WL 1334376, at *2 (M.D. Fla. Mar. 24, 2015)(a party may not shield themselves from discovery of materials or evidence while utilizing the rules as sword).

Simply put, Garramone's unilateral refusal to sit for deposition is extremely prejudicial to Noshirvan. *See Scipio v. State*, 928 So.2d 1138, 1149 (Fla.2006)(nondisclosure of intent to call a witness prior to trial was harmful because it may have affected the defense's trial strategy); *Goldsmith v. State*, 182 So. 3d 824, 828 (Fla. 4th DCA 2016)("[T]he defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred."); *Northup v. Acken*, 865 So. 2d 1267, 1270 (Fla. 2004)(stating that if evidence or materials are reasonably expected or intended to be disclosed to the court or jury at trial, those materials must be identified, disclosed, and copies provided to the adverse party in accordance the discovery requests of the opposing party). Florida law requires trial courts to prevent trial by ambush, "surprise, trickery, bluff and legal gymnastics."). *Acken*, 865 So. 2d at 1271; *Dodson v. Persell*, 390 So.2d 704, 707 (Fla.1980) (supreme court observed that one purpose of civil discovery was to abolish the tactical element of surprise in our adversary trial process).

Garramone's gamesmanship or legal gymnastics should not be permitted.

Garramone, as a plaintiff, must be required to sit for deposition and produce the requested "duces tecum" documents, or its case cannot be maintained. See *Wehling*, 608 F.2d 1084.

### D. Sanctions are appropriate for Garramone's unilateral termination of the previously scheduled deposition

Rule 37(d), provides in pertinent part:

> The court where the action is pending may, on motion, order sanctions if: a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition… A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable,….

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i) – (vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3).

Here, Garramone provide no "substantial justification" to support its unilateral termination of the mutually coordinated deposition of its corporate representative. Sanctions are appropriate.

WHEREFORE, Noshirvan respectfully requests that the Court grant this Opposed Motion and enter an order compelling Garramone and Couture to sit for an in person videotaped deposition in Fort Myers, Florida, within 20 days of the Court's Order, for good cause shown.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that on April 10, 2024, Noshirvan's counsel attempted via email to coordinate time to meet and confer. Plaintiff's counsel responded via email and advised that he was unable until Monday, April 15, 2024. Noshirvan's counsel will comply with Rule 3.01(g)(3), meet and confer with Plaintiff's counsel on Monday, April 15, 2024, and supplement this motion. Plaintiff's counsel has expressed opposition to this motion. See Exhibit 3.

DATED: April 10, 2024.

Nicholas A. Chiappetta, Esq.
**Chiappetta Trial Lawyers**
Attorneys for Mr. Noshirvan
2101 Vista Parkway, Suite 258
West Palm Beach, Florida 33411
Direct: (561) 768-4500
Fax:    (561) 768-4600
service@chiappettalegal.com
nick@chiappettalegal.com
www.chiappettalegal.com

## CERTIFICATE OF SERVICE

  I hereby certify that on April 10, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Patrick Trainor, Esquire
Law Office of Patrick Trainor, Esq., LLC
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for Plaintiffs*

               */s/ Nicholas A. Chiappetta*
               Nicholas A. Chiappetta