# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

JENNIFER COUTURE; RALPH
GARRAMONE M.D. P.A. d/b/a
GARRAMONE PLASTIC SURGERY,

Plaintiffs,

vs.

DANESH NOSHIRVAN a/k/a
@THATDANESHGUY,

Defendants.
_____/

Case No. 2:23-cv-00340-SPC-KCD

Judge: Hon. Sheri Polster Chappell

### DEFENDANT, DANESH NOSHIRVAN a/k/a @THATDANESHGUY's, OPPOSED MOTION FOR LEAVE TO FILE A REPLY

Pursuant to Local Rule 3.01(d) defendant, Danesh Noshirvan ("Noshirvan"), by and through his counsel, file this Motion for Leave to file a Reply to Dkt. 126. In further support of this opposed Motion, Noshirvan state the following:

1.  Noshirvan served and filed his motion for entitlement to attorney's fees and costs on April 22, 2024. Dkt. 116. Plaintiff, Jennifer Couture ("Couture"), filed and served her response in opposition to Noshirvan's motion on May 02, 2024 ("Response"). Dkt. 126. Couture, in her response, implies that Rule 1.442(c)(2)(C) is substantive, and that Noshirvan's Proposal for Settlement ("PFS") is non-

compliant because the current version of Rule 1.442(c)(2)(C) was amended prior to service of Noshirvan's PFS.

2. This is a diversity jurisdiction case. Thus, this Court must court use *Erie* to determine whether state or federal procedure applies. *Delarosa v. Great Neck Saw Manufacturers, Inc.*, 565 F. Supp. 3d 832, 840 (E.D. Tex. 2021). Erie issues arise under a three-part framework: the Rules Enabling Act Test, the familiar Erie Test, and the "Arguably Procedural" Test. *See Id.* (explaining the tests).When a matter is covered by a Federal Rule promulgated under the authority of the Rules Enabling Act, then a statutory test is applied: whether a rule is "procedural," 28 U.S.C. § 2072(a), and whether it "abridge[s], enlarge[s] or modif[ies] any substantive right," Id. § 2072(b); *see Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010) .

3. Rule 68 expressly provides that "a party defending against a claim may serve on an opposing party an offer to allow judgment <u>on specified terms</u>, with the costs then accrued." Fed. R. Civ. P. 68 (emph. added).

4. In *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011), certified question answered, 107 So. 3d 362 (Fla. 2013), the Eleventh Circuit Court of Appeals found Rule 1.442(c)(2)(F)(requiring proposal to state inclusion or exclusion of attorneys' fees) to be substantive as a matter of

precedent. *Id.* The Eleventh Circuit also found that Rule 1.442(c)(2)(G) to be procedural for Erie purposes, i.e, does not apply in federal court.

5. Rule 1.442(c)(2) provides in pertinent part: … (C) <u>exclude</u> *nonmonetary terms*, with the exceptions of a voluntary dismissal of all claims with prejudice and any *other nonmonetary terms permitted by statute* … (G) <u>include</u> a certificate of service in the form required by Florida Rule of General Practice and Judicial Administration 2.516.

6. There is an express conflict between Rule 68's allowance of "specified terms" and Rule 1.442(c)(2)(C)'s exclusion of "nonmonetary terms." Thus, this Court must decide whether to include or exclude arguably procedural rules. Further, Florida statutes 48.015 and 768.041, allow for a "release", and the requested release here did no violence because it only sought to prevent frivolous counterclaims barred by res judicata and required no additional documentation. See Dkt. 68 in 2:23-cv-1218-JES-KCD.

WHEREFORE, Noshirvan respectfully requests permission to file a 10-page reply to further expound on why Rule 1.442(c)(2)(C) should not apply in Federal court.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that Noshirvan's counsel and Couture's counsel met and conferred via telephone on May 03, 2024, and that Couture opposes the relief sought in this Motion.

Nicholas A. Chiappetta, Esq.
**CHIAPPETTA TRIAL LAWYERS**
Attorneys for Mr. Noshirvan
2101 Vista Parkway, Suite 258
West Palm Beach, Florida 33411
Direct: (561) 768-4500
Fax:    (561) 768-4600
service@chiappettalegal.com
nick@chiappettalegal.com
www.chiappettalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 03, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Patrick Trainor, Esquire
Law Office of Patrick Trainor, Esq., LLC
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for Plaintiffs*

*/s/ Nicholas A. Chiappetta*
Nicholas A. Chiappetta