UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER COUTURE and
RALPH GARRAMONE, M.D. ,

    Plaintiffs,

v.                                          Case No.:  2:23-cv-340-SPC-KCD

DANESH NOSHIRVAN,

    Defendant.
_____/

## **ORDER**

Defendant Danesh Noshirvan moves to compel the depositions of Jennifer Courture and Ralph Garramone. (Doc. 112.)[1] Couture is a former party, while Garramone is the "sole member" of the remaining corporate plaintiff. (Doc. 83 ¶ 2.)

As best the Court can tell, Couture and Garramone (hereinafter "Plaintiffs") were scheduled for deposition last month but canceled because Noshirvan changed the format to a video recording. (Doc. 112 at 2; Doc. 117 at 2.) Now, Plaintiffs claim that Noshirvan intends to "ambush" them as part of a TV show produced by a non-party—James McGibney. (Doc. 117 at 3.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and other citations.

Plaintiffs want Noshirvan to update his corporate disclosure statement to include McGibney before they will sit for their depositions. (*Id.*)[2]

"[T]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants." *Lozano v. Maryland Cas. Co.*, 850 F.2d 1470, 1473 (11th Cir. 1988). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Rules favoring broad discovery help "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

Consistent with this broad approach to discovery, the Federal Rules of Civil Procedure allow parties to depose witnesses, including an opposing party. *See* Fed. R. Civ. P. 30(a). Depositions can be extremely important to the discovery of relevant facts and the acquisition of key admissions from parties or witnesses. In some cases, depositions are "indispensable." *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y. 1989).

---

[2] Plaintiffs demand a protective order in their response brief. (Doc. 117.) It's unclear what Plaintiffs want protection from based on the specific relief sought. Even so, their request is procedurally deficient and will not be considered. "[I]t is improper to seek affirmative relief in a response brief." *Partners Insight, LLC v. Gill*, No. 2:22-CV-739-SPC-KCD, 2023 WL 5352310, at *5 (M.D. Fla. Aug. 21, 2023). "This requirement isn't a mere administrative exercise. It ensures all parties—and, crucially, the Court—are aware of such requests and able to respond in full." *Id.*

Plaintiffs do not argue they should be excused from providing testimony. Nor do they claim the depositions shouldn't be video recorded. *See* Fed. R. Civ. P. 30(b)(3) (providing that a properly noticed deposition "may be recorded by audio, *audiovisual*, or stenographic means" (emphasis added).) Instead, they focus on the sufficiency of Noshirvan's disclosure statement. (*See* Doc. 117 at 2.)

Yet even presuming Noshirvan failed to divulge a third-party (McGibney) who may have an interest in this case, the Court struggles to understand how that translates to preventing relevant discovery. *See Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."). If Plaintiffs believe McGibney is a non-disclosed interested party, the proper mechanism to address this deficiency is a motion. What is not proper is to hold discovery hostage and refuse participation until the disclosure is updated as they see fit.

Plaintiffs suggest that McGibney's citizenship could impact this Court's jurisdiction, which is based on diversity. (*See* Doc. 117 at 8.) But diversity is determined by the *parties' citizenship. See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005) ("[W]e have read [28 U.S.C. § 1332] to require complete diversity between all plaintiffs and all defendants."). Interested persons only impact the citizenship analysis when they are "real part[ies] to the controversy." *Id.*

3

McGibney is apparently working with Noshirvan to produce a television show based on this case. Plaintiffs do not explain how that makes McGibney a "real party." McGibney's involvement in the television show certainly does not meet this definition given he has no stated (or apparent) financial interest in the outcome of the litigation. *See World Fuel Servs., Inc. v. Pan Am World Airways Dominicana, S.A. (Pawa Dominicana) Corp.*, No. 18-20321-CIV, 2018 WL 3730903, at *3 (S.D. Fla. Apr. 17, 2018) ("[I]f [the] named party's interest is real, the fact that other interested parties are not joined will not affect the jurisdiction of the federal courts." (citation omitted).)

One last issue. Noshirvan asks for attorney's fees under Fed. R. Civ. P. 37(d). (Doc. 112 at 7.) "[A] party deponent . . . must comply with a duly served deposition notice or risk sanctions." *Grupo HGM Tecnologias Submarinas, S.A. v. Energy Subsea, LLC*, No. CV 1:18-00430-JB-N, 2020 WL 9396475, at *1 (S.D. Ala. Dec. 14, 2020). The Court will not impose sanctions because Plaintiffs had at least colorable grounds to protest the depositions after Noshirvan unilaterally changed the format in violation of his own procedures. Plaintiffs also provided notice they would not attend well in advance. Although this dispute could have been handled better, Plaintiffs' conduct was substantially justified under the circumstances. *See Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 812 (11th Cir. 2017) ("Substantially justified means that

4

reasonable people could differ as to the appropriateness of the contested action.").

Accordingly, it is now **ORDERED**:

1. Defendant's Opposed Motion to Compel Depositions (Doc. 112) is **GRANTED IN PART AND DENIED IN PART**;

2. Within three days of this order, the parties must confer about rescheduling Jennifer Courture and Ralph Garramone's depositions. Given the discovery deadline, these depositions should be set without delay, and in no instance more than 30 days from the date below. Finally, the depositions shall proceed under any recording mechanism properly noticed in accordance with Fed. R. Civ. P. 30.

3. Defendant's motion is denied to the extent it seeks any different relief than ordered above.

4. Plaintiffs' request for a protective order (Doc. 117) is **DENIED WITHOUT PREJUDICE**.

**ENTERED** in Fort Myers, Florida on May 6, 2024.

Kyle C. Dudek
United States Magistrate Judge