IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| JENNIFER COUTURE; RALPH GARRAMONE M.D. P.A. d/b/a GARRAMONE PLASTIC SURGERY,<br><br>Plaintiff,<br><br>vs.<br><br>DANESH NOSHIRVAN, et al.,<br><br>Defendants. | Civil Case No.: 2:23-cv-00340<br><br>Hon. Sheri Polster Chappell, U.S.D.J. |

## **OPPOSED MOTION TO CONSOLIDATE**

Plaintiff Ralph Garramone, M.D. P.A. d/b/a Garramone Plastic Surgery (hereinafter "Plaintiff") moves this Court on pursuant to *Rule 42* of the *Federal Rules of Civil Procedure* and Local Rules 1.07(b) and 1.09 to consolidate the instant action, *Jennifer Couture and Ralph Garramone, M.D. P.A. d/b/a Garramone Plastic Surgery v. Danesh Noshirvan a/k/ @thatdaneshguy, et al.*, ("Couture Action") Case No. 2:23-cv-00340 and *Danesh Noshirvan v. Jennifer Couture, et al.*, ("Noshirvan Action") Case No. 2:23-cv-01218 that are pending in this Court.  In support, Plaintiff states as follows:

1. The Couture Action was filed May 30, 2023, and was served upon defendant Danesh Noshirvan ("Noshirvan") on June 6, 2023.  On June 23, 2023, Noshirvan was granted an extension in time to respond to the Couture Action.

ECF No. 30. On September 21, 2023, Noshirvan filed a motion to dismiss in lieu of answer. ECF No. 63.

2. On November 13, 2023, Noshirvan filed a motion for a 60-day extension in the time to respond to discovery in the Couture Action. ECF No. 73. On November 15, 2023, the Court granted Noshirvan's request for a 60-day extension in time to respond to Plaintiff's First Request for documents by January 15, 2024. ECF No. 78.

3. On November 30, 2023, the Court issued its Opinion and Order that granted Noshirvan's motion to dismiss the Couture Action. ECF No. 81. On December 15, 2023, Plaintiff refiled a Second Amended Complaint in the Couture Action. ECF No. 83. On December 22, 2023, Noshirvan filed his motion to dismiss the Second Amended Complaint in the Couture Action. ECF No. 84.

4. On January 10, 2024, Noshirvan moved the court for a second extension in time to respond to Plaintiff's request for discovery by 15 days. ECF No. 87. On January 11, 2024, the Court denied Noshirvan's second request for an extension of time to respond, but extended the return date by three days until January 18, 2024. ECF No. 88.

5. On January 18, 2024, Noshirvan produced responsive documents to Plaintiff's First Request for Production of Documents, wherein Noshirvan produced a one-line privilege log to withhold at least 137 Communications

between him and "James McGibney or Bullyville.com" under the claimed the clergy-penitent privilege. *See* ECF No. 92-3.

6. On January 26, 2024, Plaintiff filed a Motion to Compel Noshirvan to produce discovery materials in response to Plaintiff's First Request for Production of Documents, including production of documents he withheld in his privilege log. ECF No. 90. On March 15, 2024, Magistrate Dudek heard oral arguments on Plaintiff's motion, where he granted Plaintiff's motion in part and denied it in part, and he also ordered Noshirvan to produce an amended privilege log and/or the documents that he had withheld in his initial privilege log. ECF No. 104.

7. On April 2, 2024, Noshirvan produced an amended privilege log, wherein he waived the clergy-penitent privilege that he claimed in his initial privilege log, and instead withheld documents described as communications between Noshirvan and James McGibney under claims of the Fifth Amendment privilege and Florida's trade secrets, Fla. Stat. § 90.506. *See* Exhibit A annexed to *Plaintiff's Motion for an Order Compelling Production of Documents Withheld in Defendant's Amended Privilege Log and Request for In Camera Review*, ECF No. 110-1.

8. On April 4, 2024, Plaintiff filed a second motion to compel Noshirvan to produce documents withheld in his amended privilege log with request for in camera review. ECF No. 110. On April 23, 2024, the Court ordered Noshirvan to

produce documents for an in camera inspection no later than May 1, 2024. ECF No. 119.

9. On May 7, 2024, the Court ordered Noshirvan produce all documents withheld in his amended privilege within 14 days of the Order. ECF No. 131.

10. Presently pending is Plaintiff's motion for an extension of time to respond to Defendant's first request for production of documents.

### NOSHIRVAN ACTION

11. On January 4, 2024, in lieu of an Answer with Counterclaims in the Couture Action, Noshirvan filed the action known as *Danesh Noshirvan v. Jennifer Couture, et al.*, ("Noshirvan Action") Case No. 2:23-cv-01218. ECF No. 26.

12. On January 30, 2024, the Defendants in the Noshirvan Action filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). ECF No. 46. The motion was denied April 15, 2024. ECF No. 65.

13. On April 16, 2024, Noshirvan served his first request for production of documents.

14. The Couture Action and the Noshirvan Action are based on the same common operative facts involving the same parties, which will require the parties to produce duplicative and cumulative discovery materials and to conduct multiple depositions of the same person(s) on the same or similar facts.

15. Local Rule 1.07(b) provides that:

> CONSOLIDATION. If actions assigned to a judge present the probability of inefficiency or inconsistency, a party may move to consolidate the actions. The party must file the motion in one action and a notice and a copy of the motion in the other action. The judge can order the clerk to assign to the consolidated actions the magistrate judge assigned to the first-filed action.

16. When actions involve a common question of law or fact, "the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42. The decision to consolidate similar cases is discretionary. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 2010).

17. In *Gabbard v. Electric Insurance Co.*, 2022 U.S. Dist. LEXIS 106817 (M.D. Fla. May 4, 2022) (Order Granting Motion to Consolidate)(slip op.), the court ordered cases consolidated for purposes of discovery and reserved the right to consolidate for purposes of trial based on the following facts and reasoning:

> "Plaintiffs – members of the same family – have each filed an action involving a singular car accident that occurred on September 4, 2020. It would appear to be exceedingly inefficient use of judicial and party resources to allow essentially the same dispute to be litigated concurrently in three separate lawsuits in the same Court before the same judge. The Court finds that consolidation would therefore promote the interests of judicial economy and convenience, and that consolidation would not appear likely to yield any substantial inconvenience, delay, or expense for the Court or the parties. Moreover, the Court finds that consolidation would not lead to prejudice or possible confusion, unfair burdens on the parties or witnesses, or undue delay to resolve the consolidated case."
>
> *Gabbard*, 2022 U.S. Dist. LEXIS 106817 at *1-2.

5

18. Both cases are at an early stage. The parties have recently begun to exchange Discovery materials and in each case the parties are requesting the same or similar discovery materials from the opposing party. No depositions have been conducted.

19. For the same reasons expressed in *Gabbard*, the requested consolidation will serve the Court's and parties' shared interest in promoting economy and convenience. Consolidation of these cases will not create substantial inconvenience on any party or the court, and is not likely to lead to prejudice or possible confusion, unfair burdens on the parties or witnesses, or undue delay to resolve the consolidated case. Rather, consolidation of these two cases will promote judicial economy and convenience and alleviate the parties, the Court, and witnesses of the above burdens and hardships.

20. Moreover, consolidation of these cases complies with the Eleventh Circuit's edict that encourages district courts to "make good use of Rule 42(a)…in order to expedite the trial and eliminate unnecessary repetition and confusion." *Hendrix v. Raybestos-Manhattan, Inc.*, 773 F.2d 1492, 1495 (11th Cir. 1985).

WHEREFORE, Plaintiff *Ralph Garramone, M.D. P.A. d/b/a Garramone Plastic Surgery* respectfully requests that the Court consolidate Case No. 2:23-cv-01218 with the instant action, together with such other relief deemed just, equitable, and proper.

6

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Plaintiff certifies that on May 15, 2024, I met and conferred via telephone with counsel for defendant Danesh Noshirvan and he opposes this motion.

May 15, 2024

_____
Patrick Trainor, Esq.
**LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
F: (201) 896-7815
pt@ptesq.com
*Attorney for Plaintiff*

## CERTIFICATION OF SERVICE

I hereby certify that on May 15, 2024, a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's electronic filing system.

May 15, 2024

_____
Patrick Trainor, Esq.
**LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
F: (201) 896-7815
pt@ptesq.com
*Attorney for Plaintiff*