UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RALPH GARRAMONE, M.D.,

    Plaintiff,

v.                              Case No.:  2:23-cv-340-SPC-KCD

DANESH NOSHIRVAN,

    Defendant.
                               /

## ORDER

Plaintiff moves for an extension of time to respond to Defendant's first request to produce documents. (Doc. 125.) The Federal Rules of Civil Procedure allow this Court to "extend the time" an act must be done "for good cause." Fed. R. Civ. P. 6(b)(1). Good cause in this context is not a strict standard. It is meant to accommodate any myriad of circumstances that might necessitate more time. *See, e.g.*, *Gillio v. US Bank NA*, No. 612CV1548ORL36TBS, 2013 WL 12387342, at *1 (M.D. Fla. July 1, 2013) ("The Court routinely grants extensions when they are sought in good faith; do not prejudice a party; are not likely to create future case management problems; the Court will still have sufficient time to decide dispositive motions; and the extension will not impact the trial date.").

Here, Plaintiff seeks a short extension to respond to the document requests because they are voluminous (84 areas of inquiry). (Doc. 125 at 2-3.) Plaintiff also cites HIPAA issues and employee privacy concerns. (*Id.* at 3.) The Court finds this an acceptable showing of good cause under the circumstances given the de minimis extension sought and the lack of any apparent prejudice. *See Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) ("'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one[.]").

Defendant's primary opposition is that an extension will cause prejudice because he must disclose his experts by June 3, 2024, but will have just received Plaintiff's discovery responses under the proposed extension. (Doc. 127.) But any prejudice can be cured by extending the discovery deadline. And that's what the Court will do.

Accordingly, it is now **ORDERED**:

1. Plaintiff's Motion for Extension of Time to Respond to Defendant's First Request to Produce (Doc. 125) is **GRANTED**. Plaintiff must respond by July 3, 2024.

2. Given the extension, Defendant's Motion to Compel Plaintiff to Respond to the First Request for Production (Doc. 133) is **DENIED AS MOOT**.

3. An amended case management and scheduling order will follow.

**ORDERED** in Fort Myers, Florida on June 4, 2024.

*[Signature]*

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record