IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER COUTURE; RALPH
GARRAMONE M.D. P.A. d/b/a
GARRAMONE PLASTIC SURGERY,     Case No. 2:23-cv-00340-SPC-KCD

Plaintiffs,

vs.

DANESH NOSHIRVAN a/k/a
@THATDANESHGUY,

Defendants.
_____/

## DEFENDANT, DANESH NOSHIRVAN a/k/a @THATDANESHGUY's, OPPOSED MOTION TO COMPEL DEPOSITION OF COUTURE, AND FOR SANCTIONS

Pursuant to Federal Rules of Civil Procedure 30, and 34, and Local Rule 3.04 defendant, Danesh Noshirvan ("Noshirvan"), by and through undersigned counsel, file this Opposed Motion to Compel Deposition of Jennifer Maree Couture ("Couture"), and in support of this Opposed Motion, Noshirvan, states the following:

1. Couture and Garramone Plastic Surgery filed this instant action on May 22, 2023.

2. On September 11, 2023, this Court issued a Case Management and Scheduling Order. Dkt. 58.

3. On January 08, 2024, the undersigned's office mutually coordinated Couture's deposition date with Mr. Trainor. A copy of the April 19, 2024, Amended Notice of Taking Deposition is attached as **Exhibit 1.** Couture did not appear for the April 19, 2024, properly scheduled deposition. A copy of the service email is attached as **Exhibit 2**.

4. On May 06, 2024, this Court granted Noshirvan's Motion to Compel deposition of Couture ("Order Compelling"). See Dkt. 130. In this Court's Order Compelling, the Court stated, "these depositions should be set without delay, and in no instance more than 30 days from [May 06, 2024]." *Id.* Thus, Jennifer Couture was required by this Court's Order to appear and sit for deposition on or before June 06, 2024.

5. As a result of the Court's Order Compelling, Noshirvan's counsel re-noticed Couture's deposition to take place on May 23, 2024. A copy of the May 23, 2024, Notice of Taking Deposition is attached as **Exhibit 3**. A copy of the May 23, 2024, deposition subpoena is attached as **Exhibit 4**.

6. On or about May 17, 2024, Couture's counsel, Mr. Trainor objected claiming that he never confirmed May 23, 2024, as the date of deposition for Couture. As a courtesy, the undersigned agreed to reschedule the deposition to June 14, 2024. A copy of the email correspondence is attached as **Exhibit 5**. Mr. Trainor expressly confirmed Friday, June 14, 2024, as Couture's deposition date. *Id.* p. 2.

7. Based upon email correspondence and agreement of the parties, Couture's deposition was re-noticed for a second time and to occur on June 14, 2024. A copy of the Second re-Notice of Taking Videotape Deposition Duces Tecum of Couture is attached as **Exhibit 6**. A copy of the subpoena and proof of service is attached as **Exhibit 7**.

8. On June 13, 2024, at 3:33p.m., Mr. Trainor advised that he "mistakenly" calendared Couture's deposition for June **24**, 2024, instead of June **14**, 2024. A copy of the email chain is attached as **Exhibit 8**. See Ex. 8., p.6. Mr. Trainor was advised that Couture was under court order to appear, and that Couture was properly served a subpoena (with the correct deposition date). *Id.* at p. 8. Mr. Trainor then advised that he "informed Couture" to ignore the deposition date on the subpoena and instead rely on his calendaring error. *Id.* at p. 6. The undersigned offered to accommodate a

telephone or Zoom appearance by Mr. Trainor. *Id.* at p. 7. Mr. Trainor declined the invitation – and refused to allow his client to appear at the June 14, 2024, deposition, which was set to start at 9:30 am. *Id.* at p. 6. Mr. Trainor then expressly proclaimed that "he would never take [him]self out of town on Father's day weekend." *Id.* at p. 3. Mr. Trainor's refusal to comply with the Court's Order Compelling occurred a mere 18-hours prior to the start time of the June 14, 2024, deposition. This amount of notice is unreasonable. And, all previously paid expenses were no longer refundable.

9. Mr. Trainor's excusable neglect argument fails and directly conflicts with his own written words. Compare. Ex. 8 with Ex. 5.

10. Even if Couture was to respond and produce admissible evidence to support excusable neglect, that is not the standard for violating a court order or ignoring a properly served subpoena. Additionally, it would be completely inequitable to force Noshirvan to bear the expense of Couture's no-show deposition, when by Mr. Trainor's own written admission, Couture's non-appearance was solely Mr. Trainor's fault. See Ex. 8. A copy of the Certificate of Non-Appearance is attached as **Exhibit 9**.

11. Further, Mr. Trainor willfully and contumaciously refused to diligently cure his alleged "calendaring error" – and appear by Zoom or

telephone. To date, Mr. Trainor has not offered dates to reschedule Couture's deposition – and Couture has refused to pay the expenses incurred by Noshirvan for the June 14, 2024 deposition.

12. Noshirvan incurred expenses, which include, but are not limited to, the following: service of subpoena, room and board, a conference room, the court reporter's and videographer's time and appearance fee, travel, preparation, and appearance time of the undersigned counsel.

13. Couture did not serve or file a motion for protective order prior to Mr. Trainor's express refusal on June 13, 2024 at 3:33 p.m. to appear for deposition at 9:30 a.m. on June 14, 2024. No motion been filed to date.

14. Noshirvan seeks sanctions for Couture's improper and untimely (18-hour notice) unilateral cancellation of the June 14, 2024, deposition. See Fed. R. Civ. P. 37(b), and 30(d)(2); see also Civil Discovery Handbook VII. A. Further, this Court has inherent powers to punish for contempt. *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 63 (E.D.N.Y. 2008)

## Memorandum of Law

### A. Sanctions are appropriate for Couture's unilateral termination of the previously scheduled deposition

Federal Rule of Civil Procedure 37(b)(2)(A) states in part that, if a party "fails to obey an order to provide or permit discovery," the court where the action is pending "may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). These orders may include the following: directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; or treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A)(i-vii).

Rule 37(a)(5) requires a court to order the "party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the movant failed to meet and confer, the objection was substantially justified, or

other circumstances militate against awarding expenses. *See Brown v. Hain Celestial Group, Inc.*, 2013 WL 5800566, *5 (N.D. Cal. Oct. 28, 2013) ("[t]he party that loses the motion to compel bears the affirmative burden of demonstrating that its position was substantially justified").

Rule 30(d)(2) provides that a court "may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." *Bicek v. C & S Wholesale Grocers, Inc.*, 2013 WL 5673418, *6-8 (E.D. Cal. Oct. 17, 2013) (finding sanctions appropriate under both Rules 30 and 37 as a result of counsel's delaying, impeding and frustrating depositions, and for causing opposing counsel to seek the court's intervention to resolve the dispute). Sanctions are appropriate under Rule 30 because Couture's behavior has impeded, delayed, or frustrated a fair examination her - the deponent.

Furthermore, Rule 41(b) permits a defendant to move to dismiss a claim when the plaintiff "to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is appropriate where there is a finding that the conduct (or lack thereof) is willful and

that lesser sanctions would not suffice. *Baltimore v. Jim Burke Motors, Auto.*, 300 F. App'x 703, 707 (11th Cir. 2008). However, "[d]ismissal of a case with prejudice is considered 'an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.' " *Warner v. Tinder, Inc.*, 675 F. App'x 945, 946 (11th Cir. 2017) (quoting *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338 (11th Cir. 2005)). "Findings satisfying both prongs of [this] standard are essential before dismissal with prejudice is appropriate." *Id.*

Here, Garramone Plastic Surgery and Couture (prior to dismissal of her claims) have unfortunately and intentionally violated the Federal Rules of Civil Procedure, and the Local Rules throughout this case. They have engaged in a clear pattern of delay in this case. *See Williams v. Geo Group, Inc.*, 20-CV-81960, 2022 WL 848037, at *4 (S.D. Fla. Mar. 21, 2022)(explaining noncompliance with local rules including conferral certification counts towards willful noncompliance), aff'd, 22-11266, 2023 WL 1957496 (11th Cir. Feb. 13, 2023). Eerily similar to this case, the *Williams* court stated:

> Despite the Court's explicit and clear Order [DE 89], Plaintiff failed and refused to attend her deposition on February 25, 2022, as ordered. The Court can no longer tolerate Plaintiff's game playing and dilatory, bad faith misconduct. This case is specially set for trial on July 11, 2022, and yet Plaintiff has stubbornly and in bad faith refused to sit for her deposition, despite repeated Orders from this Court.
>
> It is clear that Plaintiff has intentionally violated Court Orders and has acted in bad faith and that her dilatory conduct and willful disregard of Court Orders prevented her deposition from proceeding. Furthermore, Plaintiff has continually failed and refused to abide by Court Orders in this case despite multiple directions and Orders to comply and warnings as to the eventual consequences of such obstructive conduct. Her noncompliance is clearly due to her willful and bad faith disregard of those Orders and the applicable discovery rules. She has effectively failed to prosecute her case and has prevented Defendant from defending itself in this action. Additionally, Plaintiff has caused this Court—as well as Defendant—to unnecessarily utilize extensive judicial resources to deal with her contemptuous refusal to comply with lawful orders, and her frivolous refusal to sit for her own deposition.

*Williams v. Geo Group, Inc.*, 20-CV-81960, 2022 WL 848037. *See also, Lee v. ESA P Portfolio Operating Lessee, LLC*, No. 20-CV-61071, 2021 WL 1342157, at *5 (S.D. Fla. Mar. 18, 2021), report and recommendation adopted, No. 20-61071-CIV, 2021 WL 1341603 (S.D. Fla. Apr. 9, 2021) (dismissing case with prejudice when the plaintiff exhibited inappropriate conduct during his deposition and failed to respond to an order to show cause); *Ferrier v. Q Link Wireless LLC*, No. 18-62851-RAR/BSS, 2019 WL 5260265, at *3 (S.D. Fla. Aug. 2, 2019), report and recommendation adopted, No. 18-CIV-62851, 2019 WL 5260123 (S.D. Fla. Aug. 21, 2019) (dismissing case with

prejudice when the plaintiff failed to appear at deposition hearing and failed to appear at his own deposition); *Mene v. Marriott Int'l, Inc.*, 238 F. App'x 579, 582 (11th Cir. 2007) (affirming dismissal as sanction under Rule 37 where party had twice disobeyed court orders to appear for depositions and consistently disregarded court-imposed deadlines); *see also Taylor v. Bradshaw*, 742 F. App'x 427, 434 (11th Cir. 2018) (finding no abuse of discretion where the District Court dismissed the case with prejudice after the plaintiff failed to respond to interrogatories).

Couture is a material witness and an employee of Garramone Plastic Surgery. Garramone Plastic Surgery has an affirmative duty to produce its employee witness for deposition. Furthermore, this Court's Order Compelling required "<u>the parties</u> [to] confer about rescheduling Jennifer Couture and Ralph Garramone's depositions."Dkt. 130. Thus, under this Court's order, Garramone Plastic Surgery had a court ordered obligation to produce its employee witness – Couture.

Neither Garramone Plastic Surgery nor Couture provided an appropriate basis to justify Mr. Trainor's last minute (18-hour notice) unilateral termination of the mutually coordinated deposition of Couture. "Substantially justified means that reasonable people could differ as to the

appropriateness of the contested action. *See Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 812 (11th Cir. 2017); see also Dkt. 130. Everyone in Florida legal community would likely agree that less than 24 hour notice to cancel a deposition is unreasonable.

Assuming *arguendo* that there was a calendaring error, Mr. Trainor had notice the day before the deposition at 3:33 p.m. and could have taken affirmative steps to mitigate his own failure. Mr. Trainor did not. Instead, Mr. Trainor doubled down and refused to appear in-person, by Zoom or telephonically. Put simply, sanctions are appropriate.

Even if this Court found Mr. Trainor's alleged "calendaring error" to be "substantially justified", it would still be extremely inequitable for this Court to not require Couture to pay Noshirvan's incurred costs as a result of her willful failure to appear.

### B. Contempt

It is well established that " '[t]he power to punish for contempts is inherent in all courts.' " *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (quoting *Ex parte Robinson*, 86 U.S. (19 Wall.) 505, 510, 22 L.Ed. 205 (1873)); *see also People v. Terry*, 45 F.3d 17, 23 (2d Cir.1995). The underlying concern is " 'disobedience to the orders of the [j]udiciary,' "

not " 'merely the disruption of court proceedings.' " *Chambers v. NASCO, Inc.*, 501 U.S. at 44, 111 S.Ct. 2123 (quoting *Young v. United States*, 481 U.S. 787, 798, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987)); see also *People v. Terry*, 45 F.3d at 23 (noting that the power of contempt is " 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases' ") (quoting *Chambers v. NASCO, Inc.*, 501 U.S. at 43, 111 S.Ct. 2123 (internal quotations omitted)); *United States v. D-M Sales Corp.*, 903 F.Supp. 431, 433 (E.D.N.Y.1995). Thus, an individual who fails to obey a valid order of the court may be subject to both civil and criminal penalties for his actions. See *United States v. Petito*, 671 F.2d 68, 72 (2d Cir.) (citing *Yates v. United States*, 355 U.S. 66, 74, 78 S.Ct. 128, 2 L.Ed.2d 95 (1957)), cert. denied, 459 U.S. 824, 103 S.Ct. 56, 74 L.Ed.2d 60 (1982). The primary difference between orders of civil and criminal contempt is their purpose. Criminal contempt is used to punish the contemnor or vindicate the court's authority; civil contempt seeks to coerce the contemnor into compliance with the court's order or to compensate the complaining party for losses incurred as a result of the contemnor's conduct. See *Hess v. New Jersey Transit Rail Operations, Inc.*, 846 F.2d 114, 115 (2d Cir.1988); *In re Grand Jury Witness*, 835 F.2d 437, 440-41 (2d

Cir.1987), cert. denied, 485 U.S. 1039, 108 S.Ct. 1602, 99 L.Ed.2d 917 (1988); *In re Weiss*, 703 F.2d 653, 661 (2d Cir.1983); *New York State Nat'l Org. for Women v. Terry*, 697 F.Supp. 1324, 1329 (S.D.N.Y.1988).

An order of civil contempt may issue pursuant to Title 18, United States Code, Section 401, which authorizes a federal court to punish "by fine or imprisonment, or both, at its discretion" any contempt of the court's authority, such as "[m]isbehavior of any person in [the court's] presence or so near thereto as to obstruct the administration of justice" or "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401 (2002). The court also "has the inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the court or to compensate for losses or damages.'" *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir.) (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949)), cert. denied, 454 U.S. 832, 102 S.Ct. 131, 70 L.Ed.2d 111 (1981); see also *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir.1979); *United States v. D–M Sales Corp.*, 903 F.Supp. at 433; *New York State Nat'l Org. For Women v. Terry*, 697 F.Supp. at 1329.

There are three essential elements which must be established before a party can be held in civil contempt: 1) there must be an order that is "clear

and unambiguous," *Powell v. Ward*, 643 F.2d at 931 (citing *International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 75–76, 88 S.Ct. 201, 19 L.Ed.2d 236 (1967)); 2) the proof of non-compliance with that order must be " 'clear and convincing,' " *id.* (quoting *NLRB v. Local 282*, 428 F.2d 994, 1001–02 (2d Cir.1970)); and 3) it must be shown that the contemnor has not " 'been reasonably diligent and energetic in attempting to accomplish what was ordered.' " *Id.* (quoting *Aspira of New York, Inc. v. Bd. of Educ.*, 423 F.Supp. 647, 654 (S.D.N.Y.1976)). See also *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir.1995) (holding that "[a] contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict"); *United States v. D–M Sales Corp.*, 903 F.Supp. at 433.

Here, this Court's order is "clear and unambiguous." The Order Compelling states "these depositions should be set without delay, and in no instance more than 30 days from the date below." Dkt. 130. Proof of non-compliance with the Court's order is " 'clear and convincing." See Ex. 9. (certified non-appearance). Further, Couture has not been diligent and energetic in attempting to accomplish what was ordered. See Ex. 3-9.

[A]ll orders and judgments of courts must be complied with promptly," *Maness v. Meyers,* 419 U.S. 449, 458, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975). Good faith and excusable neglect are not defenses to civil contempt. *Peppers v. Barry,* 873 F.2d 967, 969 (6th Cir.1989). Upon proof of a violation, the respondent may defend with a showing of impossibility. *Electrical Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Electric Serv. Co.,* 340 F.3d 373, 379 (6th Cir.2003); *Glover v. Johnson,* 934 F.2d 703, at 708 n. 2. (6th Cir.1991). The test is whether " 'the [respondents] took all reasonable steps within their power to comply with the court's order." *Id.* at 708 (quoting *Peppers,* 873 F.2d at 969). "Substantial compliance" is not a defense to a contempt motion. *Maness,* 419 U.S. at 458, 95 S.Ct. 584. Under *Peppers,* "the defendants [must take] all reasonable steps within their power to comply with the court's order," 873 F.2d at 969; *Chairs v. Burgess,* 143 F.3d 1432, 1436 (11th Cir. 1998)(contemnor "demonstrate [s] an inability to comply only by showing that [he has] made 'in good faith all reasonable efforts to comply).

Here, Couture refused to make herself available and confirm the May 23, 2024, deposition date (a date compliant with the Court's Order Compelling). Couture's counsel, Mr. Trainor, expressly agreed to the June

14, 2024, deposition date. Ex. 5. Couture's counsel was emailed a Notice of Taking Deposition and a subpoena on May 17, 2024, which contained the correct deposition date of June 14, 2024. Ex. 6. Couture was served a subpoena (by a process server) on May 28, 2024. Ex. 7. That subpoena contained the correct date and time for the June 14, 2024 deposition. Mr. Trainor never called the undersigned or (apparently) reviewed the documents sent to him to verify the correct deposition date. However, upon notice of an alleged error, it was within Mr. Trainor's power to timely cure and appear by telephone or Zoom. Mr. Trainor simply refused and claimed that he would not coordinate a deposition of Father's Day weekend (which is factually incorrect). See Ex. 8. In light of the foregoing, Couture cannot make a proper showing of "impossibility" to avoid sanctions for her willful refusal to comply with this Court's Order Compelling.

Sanctions for civil contempt are imposed "to compel obedience to a court order and compensate for injuries caused by noncompliance." *Redken Laboratories, Inc. v. Levin*, 843 F.2d 226, 229 (6th Cir.1988). "The contemnor is not simply being punished for past behavior, but rather encouraged to shape its behavior to comply with the order based on the undesirability of suffering

the sanction." *United States v. Tennessee*, 925 F.Supp. 1292, 1303 (W.D.Tenn.1995).

Selection of an appropriate sanction requires a "common sense consideration of competing concerns: avoidance of punitive sanctions and selection of a sanction to 'coerce the contemnor to comply.' " *MGE UPS Sys. v. Titan Specialized Servs., Inc.*, No. 3:04–0231, 2006 WL 3524502 (M.D.Tenn. Dec. 6, 2006) (quoting *United States v. Tennessee*, 925 F.Supp. at 1303); *Qantum Comms. Corp. v. Star Broadcasting, Inc.*, 473 F.Supp.2d 1249 (S.D.Fla.2007) (court must "balance the interest in sufficiently punishing and deterring the abusive conduct with the interest of allowing a full trial on the merits.").

Here, Couture's actions throughout this proceeding have been so egregious as to warrant dismissal of her employer's claims. Alternatively, the imposition of monetary sanctions – awarding attorney's fees and costs associated with the no-show deposition is also appropriate for Garramone Plastic Surgery's and Couture's violation of this Court's Order Compelling.

WHEREFORE, Noshirvan respectfully requests that the Court grant this Opposed Motion and enter an order compelling Couture to sit for an in person videotaped deposition in Fort Myers, Florida, within 20 days of the Court's Order, impose sanctions on Garramone Plastic Surgery or Couture

in the form a dismissal or monetary sanction, allow the undersigned to supplement this motion with an attorney fee and cost affidavit, and any other relief this Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that on June 20, 2024, Noshirvan's counsel met and conferred with Mr. Trainor, counsel for Couture and Garramone Plastic Surgery. Plaintiff's counsel opposes this motion.

DATED: June 21, 2024.

>Nicholas A. Chiappetta, Esq.
>**Chiappetta Trial Lawyers**
>Attorneys for Mr. Noshirvan
>2101 Vista Parkway, Suite 258
>West Palm Beach, Florida 33411
>Direct: (561) 768-4500
>Fax:    (561) 768-4600
>service@chiappettalegal.com
>nick@chiappettalegal.com
>www.chiappettalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Patrick Trainor, Esquire
Law Office of Patrick Trainor, Esq., LLC
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for Plaintiffs*

/s/ *Nicholas A. Chiappetta*
Nicholas A. Chiappetta