IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RALPH GARRAMONE M.D. P.A. d/b/a
GARRAMONE PLASTIC SURGERY,

Plaintiffs,

vs.                                                    Case No. 2:23-cv-00340-SPC-KCD

DANESH NOSHIRVAN a/k/a
@THATDANESHGUY,

Defendants.
_____/

**DEFENDANT, DANESH NOSHIRVAN a/k/a @THATDANESHGUY's,
OPPOSED MOTION TO COMPEL DEFENDANT, RALPH GARRAMONE
M.D d/b/a GARRAMONE PLASTIC SURGERY TO ANSWERS TO
NOSHIRVAN'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, defendant, Danesh

Noshirvan ("Noshirvan"), by and through undersigned counsel, file this Motion

to Compel Defendant, Ralph Garramone M.D, d/b/a Garramone Plastic Surgery's

("Garramone") Response To Noshirvan's First set of Insterrogatories – served on

May 09, 2024.  In support of this Motion, Noshirvan states the following:

1.      Noshirvan filed this instant action on December 26, 2023 (Dkt. 1). On

April 08, 2024, this Court issued a Case Management and Scheduling Order. Dkt.

64.

2.     On May 09, 2024, Noshirvan served his First Set of Interrogatories on Garramone. A copy of Noshirvan's discovery request is attached as **Exhibit 1**.

3.     To date, Garramone has not (1) sought an extension of time, (ii) filed or served a motion for protective order, or responded to Noshirvan's First Set of Interrogatories

4.     This Court did grant Garramone an extension of time, but solely as to Noshirvan's "First Request for Production. A copy of Dkt 138 ("Order") is attached as **Exhibit 2.**

5.     Under Rule 34, Garramone was required to respond within 30 days of May 09, 2024 or Monday, June 10, 2024. Since, Garramone failed to timely respond, its objections are waived. See Fed. R. Civ. P. 34 (b)(4).

## Memorandum of Law

### I.  Standard

The Federal Rules of Civil Procedure permit parties to obtain discovery of any nonprivileged matter relevant to the parties claims and defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); see also, e.g., *United States ex rel. Jacobs v. CDS, P.A.*, No. 4:14-cv-00301-BLW, 2016 WL 4146077, at *2 (D. Idaho Aug. 3, 2016) ("The allegations of the complaint logically shape the scope of discovery...."). Factors used to determine proportionality under this standard are

the importance of the issues at stake, the amount in controversy, the parties' access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden outweighs the likely benefit. Fed. R. Civ. P. 26(b)(1).

The party moving under rule 37 to compel discovery must demonstrate that the request satisfies Rule 26's relevance requirement. See, e.g., *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). The party resisting discovery "has the burden of clarifying, explaining, and supporting its objections." *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing, inter alia, *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)); *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir.1992) ("[d]iscovery should be tailored to the issues in the particular case").

Here, Noshirvan's First Set of Interogatories are specifically tailored to the First Amended Complaint. Noshirvan's requests are facially relevant. Garramone was required to timely respond. It did not. Further, Noshirvan posits the requests are proportional to the needs and significance of the case.

## II. Sanctions are appropriate for Stonewalling

"If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's

reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). *See, e.g., CMR Constr. & Roofing, LLC v. ASI Preferred Ins. Corp.*, No. 219CV442FTM29MRM, 2020 WL 9172016, at *3 (M.D. Fla. May 1, 2020)." Dkt. 131.

Mandatory sanctions are appropriate. Garramone's complete failure to respond to Noshirvan's First Set of Interrogatories.

WHEREFORE, Noshirvan respectfully requests that the Court grant this Motion, enter an order compelling Garramone's answers – without objection - within 10 days, allow Noshirvan to supplement this motion with a fee and cost affidavit, and any other relief this Court deems just and proper.

### Local Rule 3.01(g) Certification

The undersigned certifies that on June 20, 2024, met and conferred, via telephone, with counsel for Defendants and he opposes this motion.

DATED: June 26, 2024.

Nicholas A. Chiappetta, Esq.
**Chiappetta Trial Lawyers**
Attorneys for Mr. Noshirvan
2101 Vista Parkway, Suite 258
West Palm Beach, Florida 33411
Direct: (561) 768-4500
Fax:    (561) 768-4600
service@chiappettalegal.com
nick@chiappettalegal.com
www.chiappettalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Patrick Trainor, Esquire
Law Office of Patrick Trainor, Esq., LLC
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for Garramone*

/s/ Nicholas A. Chiappetta
Nicholas A. Chiappetta