IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| JENNIFER COUTURE; RALPH GARRAMONE M.D. P.A. d/b/a GARRAMONE PLASTIC SURGERY,<br><br>Plaintiffs,<br><br>vs.<br><br>DANESH NOSHIRVAN a/k/a @THATDANESHGUY,<br><br>Defendants. | Civil Case No.: 2:23-cv-00340 |

**JENNIFER COUTURE'S OPPOSITION TO DEFENDANT DANESH NOSHIRVAN'S MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS**

Jennifer Couture ("Couture") respectfully submits this Opposition to Defendant Danesh Noshirvan's ("Defendant") Motion to Compel Deposition and for Sanctions (ECF No. 140). Couture has no opposition to being deposed and is eager to be deposed, the only opposition is to Defendant's meritless motion for sanctions.

I. **INTRODUCTION**

Counsel for Couture does not dispute that he entered Couture's deposition on his calendar as June 24, 2024, instead of June 14, 2024, but as soon as the error was discovered he advised counsel for Defendant. Couture was ready and available to be deposed at the conclusion of Plaintiff's scheduled deposition on

June 17, 2024, when all of the required parties were together, which deposition only took three hours. However, instead of pursuing this simple and obvious resolution, Defendant's counsel chooses to burden the Court's limited resources with a needless motion in a quest for revenue disguised as sanctions.

In this case, as is customary in litigation, Couture's counsel has attempted to resolve disputes among counsel through telephonic and written correspondence before burdening the court with motion practice. For example, Defendant continues to withhold his communications with non-party James McGibney a/k/a social media accounts "@bullyville," and "@realbullyville" (collectively "McGibney") in defiance of the Court's Order dated May 7, 2024. To compel Defendant's compliance, Couture's counsel conducted two telephone conferences with Defendant's counsel and sent him two demand letters which described Defendant's continued non-compliance. The first telephone conference occurred May 8, 2024. At the conclusion, Defendant's counsel requested a letter that summarized the conversation and identified Defendant's areas of non-compliance. Plaintiff served that letter May 9, 2024. A copy of Plaintiff's letter dated May 9, 2024, is annexed hereto as **Exhibit A**.

Subsequently, Defendant produced additional documents on May 21, 2024, and June 20, 2024. Upon further review of Defendant's production, on June 20, 2024, Plaintiff conferred by telephone with counsel for Defendant to discuss

Defendant's continued withholding of discovery materials in defiance of the Court's Order.  The same day Plaintiff's counsel served a second demand letter for production of all communications Defendant exchanged with non-party James McGibney a/k/a social media accounts "@bullyville," and "@realbullyville," which included examples of outstanding discovery.  Plaintiff's second demand for compliance with the Court's Order dated June 20, 2024, is annexed hereto as **Exhibit B**.

Furthermore, the timing of the instant motion is dubious, in that it showcases Defendant's attempt to deflect from his non-compliance with this Courts's Order dated May 7, 2024, Docket Number 131.  During the June 20, 2024, teleconference, Plaintiff's counsel advised counsel for defendant that if Defendant continued to withhold production it would move for a third order to compel and seek sanctions, from which they have previously refrained.  Defendant responded by filing a flurry of motions without meeting and conferring as required by Local Rule 3.01(g), including this motion.  On June 28, 2024, Plaintiff filed its Third Motion to Compel Defendant's Compliance with the Court's Order dated May 7, 2024, at Docket Number 143.

    II.    **SANCTIONS ARE NOT WARRANTED**

When reviewing discovery motions, "wide discretion" is proper because "[a] judge's decision as to whether a party or lawyer's actions merit imposition of

sanctions is heavily dependent on the court's firsthand knowledge, experience, and observation." *Harris v. Chapman*, 97 F.3d 499, 506 (11th Cir. 1996).

In the case at bar, sanctions are not warranted, because a simple and immediate solution existed, but Defendant's counsel chose argument over resolution. In spite of his client raising tens of thousands of dollars for his "legal defense" through GoFundMe and other fund raising sources, counsel for Defendant is representing Defendant on a contingency basis, and needs to generate revenue disguised as sanctions, which is the reason he refuses to resolve disputes through the routine horse trading that goes on among attorneys. For example, Couture's deposition could have been conducted after Plaintiff's deposition was concluded on June 17, 2024, but Defendant would not hear and refused multiple requests to meet and confer.

Further, in support of his motion, Defendant included a partial copy of the email exchange between counsel for the parties concerning Couture's deposition from June 13, 2024. *See* Defendant's Exhibit 8. ECF No. 140-9. However, the nature of the parties' communications was misrepresented because Defendant did not include the entirety of the parties' communications. For instance, Defendant claims, "Mr. Trainor informed Couture to ignore the deposition date on the subpoena and instead rely on his calendaring error," which is patently false. Defendant's Motion to Compel ¶ 8, Ex. 8 at 6. ECF No. 140. Plaintiff's counsel

4

informed Ms. Couture her deposition was scheduled June 24, 2024, which was in error, but it was not an order to ignore the subpoena. Plaintiff's counsel requested to meet and confer via telephone, but Defendant's counsel ignored that request. The complete email chain between counsel for the parties is annexed hereto as **Exhibit C**, Bates Numbered EXA001-164, presented chronologically in the first twenty (20) pages of the exhibit irrespective of Bates Numbers), *See* EXA041 at p. 11.

Next, Defendant mistakenly claims "Mr. Trainor's express refusal on June 13, 2024, at 3:33 p.m. to appear for deposition at 9:30 a.m.," also patently false. Defendant's Motion to Compel ¶ 13 ("Def. Mtn."). ECF No. 140. Defendant was told at 2:33 p.m., on June 13, 2024, of the calendaring error, when he was told "[Plaintiff's counsel has] no depositions scheduled tomorrow [June 14, 2024]," and again at 2:42 p.m., when he was told "[Plaintiff's counsel has] Jennifer Couture's deposition scheduled June 24, 2024." See EXA004, at p. 3, EXA016 at p. 6. The time difference is not significant, but it is consistent with Defendant's prior misrepresentations made in this case. See ECF No. 92-4. Plaintiff's counsel requested to meet and confer via telephone, but Defendant's counsel ignored that request. See EXA041 at p. 10.

Next, what occurred after Plaintiff's deposition further highlights Defendant's counsel's abnormal conduct. Defendant Danesh Noshirvan was

5

properly noticed to be deposed Friday, June 21, 2024.  On Tuesday, June 18, 2024, Defendant's counsel informed Plaintiff's counsel that something popped up that created a scheduling conflict, therefore, Defendant's deposition must be rescheduled.  Plaintiff's counsel rescheduled Defendant's deposition to July 26, 2024, at which point Defendant moved for a 30-day extension in time to produce discovery materials that were due on or about June 26, 2024.

Here, a calendaring error caused the missed deposition, it was not a willful act that must be sanctioned.  Couture was ready and available to be deposed two days later, but counsel for Defendant would not entertain such a resolution.

WHEREFORE, Plaintiff respectfully requests the Court dismiss Defendant's motion for sanctions be denied.

Respectfully submitted,

Dated: July 5, 2024

_____
Patrick Trainor, Esquire (Attorney ID 242682019)
**LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
F: (201) 896-7815
pt@ptesq.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Nick Chiappetta
Chiappetta Trial Lawyers
8401 Lake Worth Rd., Suite 130
Lake Worth, Fla. 33467
P: (561) 768-4500
F: (561) 7686-4600
nick@chiappettalegal.com
*Attorney for Defendant Danesh Noshirvan*

July 5, 2024                              _____
                                          Patrick Trainor
                                          *Attorney for Plaintiffs*