IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| RALPH GARRAMONE M.D. P.A. d/b/a GARRAMONE PLASTIC SURGERY,<br><br>Plaintiffs,<br><br>vs.<br><br>DANESH NOSHIRVAN a/k/a @THATDANESHGUY,<br><br>Defendants. | Civil Case No.: 2:23-cv-00340 |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY TO DEFENDANT'S OPPOSITION TO THIRD MOTION TO COMPEL**

Pursuant to Local Rule 3.01(d), plaintiff Ralph Garramone M.D. P.A. d/b/a Garramone Plastic Surgery ("Plaintiff"), seeks leave to file a short reply of no more than seven (7) pages to respond to and address false allegations, and purported legal theories put forth in defendant Danesh Noshirvan's ("Defendant") opposition to Plaintiff's Third Motion to Compel.  Plaintiff states as follows:

1.     Defendant could have mooted this motion by simply producing a download of his data as the Court ordered at the discovery hearing on March 15, 2024, (ECF No. 104) but he refuses.  Defendant's production to date has exposed his use of James McGibney's hacking to prejudice Plaintiff and he is desperate to avoid further production so he tries to bias the Court with a meandering brief full

of factual misrepresentations, refers to Defendant's own statements as hearsay, argues incorrectly and without citation that production of social media data is precluded by the *Stored Communications Act* ("SCA"), and tries to pin a fabricated "gut feeling" legal theory on Plaintiff, and tops it off with personal attacks. *Defendant's Opposition to Plaintiff's Third Motion to Compel* ("Def. Opp.") ECF No. 146.

    2.    Plaintiff's reply will illustrate Defendant's use of hacking to prejudice the Court with conspiratorial strawman arguments that blames non-party Joseph Camp for Defendant's misconduct – tactics that Defendant's counsel described as "psyc ops." *See Plaintiff's Third Motion to Compel* ("Pl. Th.") ECF No. 143 at 17-18, ¶ 21. *See also* Exhibit G, ECF No. 143-7. The Court will remember Plaintiff argued in July 2023, that alleged Camp emails that were sent to Defendant's previous counsel were bogus, but consistent with Defendant's conduct. *Plaintiff's Opposition to Defendant's Counsel's Motion to Withdraw* dated July 22, 2023, ECF No. 35. These actions mirror McGibney's past litigation misconduct.

    3.    Plaintiff's reply will highlight the futility of Defendant's misleading argument that the SCA shields social media from discovery, where the courts have long held that social media is "neither privileged nor protected by any right of privacy." *Palma v. Metro PCS Wireless, Inc.*, 18 F. Supp. 3d 1346, 1347 (M.D. Fla. 2014).

4.	Plaintiff's reply will show that (1) that Defendant did not produce all McGibney communications (*See* Plaintiff's Exhibit A); (2) Defendant did redact documents in his discovery (Def. Opp. at 10); (3) that a simple "syncing issue" is not to blame for Defendant's non-compliant production (Def. Opp. at 11); (4) that Defendant does have a moderator (Def. Opp. at 9); and (5) the folly of Defendant's argument that Camp's email was "pwnd" when he believes a "pwnd" email benefits him and prejudices Plaintiff.  Def. Opp. at 15-19.

5.	Lastly, Defendant claims he produced all McGibney communications, and that Plaintiff's claims otherwise are "logically deficient, unsubstantiated conclusory gut feelings," and that the communications' gaps in time are due to Plaintiff forgetting "cellphones exist." Def. Opp. at 12.  Plaintiff has not forgotten cellphones exist, it's just that Defendant has not produced his cell phone communications he had with McGibney.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order granting this Motion, authorizing Plaintiff to file its Reply, and for such other relief as is appropriate and just in the circumstances.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Plaintiff's counsel certifies that in accordance with Local Rule 3.01(g) on July 16, 2024, he conferred with Defendant's counsel regarding this motion and counsel for the Defendant does not oppose this motion.

Respectfully submitted,

Dated: July 16, 2024  _____

Patrick Trainor, Esquire (Attorney ID 242682019)
**LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
F: (201) 896-7815
pt@ptesq.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Nick Chiappetta
Chiappetta Trial Lawyers
2101 Vista Parkway, Suite 258
West Palm Beach, Florida 33411
P: (561) 768-4500
F: (561) 7686-4600
nick@chiappettalegal.com
*Attorney for Defendant Danesh Noshirvan*

_____
Patrick Trainor