IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| RALPH GARRAMONE M.D. P.A. d/b/a GARRAMONE PLASTIC SURGERY,<br><br>Plaintiff,<br><br>vs.<br><br>DANESH NOSHIRVAN, et al.,<br><br>Defendants. | Civil Case No.: 2:23-cv-00340<br><br>Hon. Sheri Polster Chappell, U.S.D.J. |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PROVIDE ANSWERS TO INTERROGATORIES NUMBERS 1 TO 21**

Plaintiff Ralph Garramone, M.D. P.A. d/b/a Garramone Plastic Surgery (hereinafter referred to as "Plaintiff") respectfully moves this Court for an Order Compelling defendant Danesh Noshirvan ("Defendant") to answer Plaintiff's Interrogatories Numbers 1 to 21 that were served May 28, 2024.

### I.     INTRODUCTION

This is the first time Plaintiff moves this Court for an order compelling Defendant to provide answers to Plaintiff's Interrogatories Numbers 1 to 21, and fourth time overall that Plaintiff must move the Court for an order compelling Defendant to comply with his obligation to produce discovery. Defendant simply refuses to produce discovery in good faith.

## II. PROCEDURAL BACKGROUND

1. On May 28, 2024, pursuant to *Rule 33 of the Federal Rules of Civil Procedure*, Plaintiff served Defendant its First Set of Interrogatories Numbers 1 to 21. Plaintiff's Interrogatories are annexed hereto as **Exhibit A**.

2. On or about June 23, 2024, Defendant moved for a 20-day extension in time to respond to Interrogatories. The Court granted Plaintiff's motion without objection from Plaintiff. Defendant's responses to Plaintiff's Interrogatories were due July 17, 2024.

3. On July 16, 2024, Defendant produced responses to Plaintiff's Interrogatories. Defendant's Answers to Interrogatories are annexed as **Exhibit B**.

## III. DEFENDANT DID NOT ANSWER PLAINTIFF'S INTERROGATORIES

Defendant's responses are intentionally evasive boilerplate objections that Plaintiff's requests are overly broad in time and scope, vague, unduly burdensome, and seek irrelevant information. Defendant also refuses to answer, because Plaintiff did not define common words "concerning," and "family members," and Plaintiff did not clarify or distinguish the terms "accounts" or "profiles." Moreover, Defendant qualifies his refusal to answer by once again incorrectly asserting an evidentiary relevance standard, as he did in his initial refusal to produce responsive documents, which precipitated Plaintiff's first motion to compel. Further, even where Defendant feigned answering he inserted an

objection, and where he answered an Interrogatory, the answer is contradicted by documents he produced. Unless otherwise specified Plaintiff's instructions to its Interrogatories established the relevant time period as January 26, 2022, to the present, but Defendant claims Plaintiff's requests are over broad in time.

Plaintiff's requests and Defendant's objections are as follows:

1. The identity of TikTok accounts other than @thatdaneshguy that Defendant has used.

Defendant objected because Plaintiff did not "clarify or distinguish" the terms "accounts" or "profiles," and it might require him to produce TikTok account names he created prior to January 27, 2022.

2. The identity of the person who provided Defendant Jennifer Couture's personal identifying information ("PII") and dates and times of each communication.

In addition to boilerplate objections, except to belittle Couture, Defendant did not answer and claimed no one provided him with Couture's PII, although his document production shows that he communicated with more than one person who provided him Couture's PII in January 2022 and since January 2022.

3. The identity of all persons, including Plaintiff's family members, and family members of Jennifer Couture, whom Defendant communicated with

concerning Jennifer Couture and for each communication identify the date, time, and subject matter of each communication, and the method of communication.

In addition to boilerplate objections, Defendant objected because Plaintiff did not define the term "family members," yet somehow, he claimed that he has not communicated with Jennifer Couture's family members, which is contradicted by his previous social media statements wherein he claimed that he has spoken Couture's family who provided him information about Plaintiff and Couture.

4. The identity of all former employees of Garramone Plastic Surgery whom You communicated with concerning Plaintiff, Jennifer Couture, this action, and the subject matter of this action, and for each communication identify the date, time, and subject matter of each communication, and the method of communication.

In addition to boilerplate objections, Defendant answered by referring Plaintiff to see five (5) files he produced. Two of the five files Defendant refers to he has not produced, but he objected on the grounds that Plaintiff did not define "concerning," and that he would have no way of knowing who Garramone's employees were, which contradicts his previous statements that several of Garramone's former employees had provided him with information, and his document production which includes excerpts of his communications with former employees.

5. Identify all forms of communication e.g., email address, phone number, social media accounts that You use or have used to communicate with James McGibney also known on social media as www.Instagram.com/bullyville and @realbullyville.

In addition to boilerplate objections, Defendant objected on the grounds that the request was "without a time limitation," although the instructions set the relevant period as January 26, 2022, to the present. He further referred Plaintiff to see his document production, which does not identify the email address, phone number, social media accounts that he used to communicate with McGibney, which was the information requested.

6. Identify the Lee County Sheriff's Officers and non-officer staff that You communicated with concerning Plaintiff, Jennifer Couture, this action, the subject matter of this action, and for each communication identify the date, time, subject matter, method of communication *e.g.*, email, social media username, phone number, irrespective of whether You identified yourself when You communicated with Lee County Sheriff's Officer or non-officer staff, or You communicated anonymously.

In addition to boilerplate objections, Defendant invokes his invented improper relevance standard to avoid providing a specific answer. Further, Defendant admits that he reported Plaintiff and Couture to the Lee County Sheriff,

but refuses to say when he reported them, on what allegations, and who he spoke to, but he repeatedly has used social media to repeatedly claim he has reported Plaintiff and Jennifer Couture to law enforcement.

7. Identify the Florida Division of Children and Families ("DCF") staff that You communicated with concerning Plaintiff and Jennifer Couture; identify the date, time, subject matter, method of communication *e.g.*, email, social media username, phone number, irrespective of whether You identified yourself when You communicated with DCF staff or You communicated anonymously.

In addition to boilerplate objections, Defendant invokes is invented evidentiary relevance to avoid providing a specific answer. However, Defendant admits that he reported false allegations against Plaintiff and Couture with DCF, but he does not state when he did, or what allegations he reported, and his invented relevance standard, renders his answer incomprehensible.

8. Identify all law enforcement agencies, state, federal, and local that You communicated with concerning Plaintiff and Jennifer Couture; for each communication identify the date, time, subject matter, method of communication *e.g.*, email, social media username, phone number, irrespective of whether You identified yourself when You communicated with the law enforcement agency or You communicated anonymously.

6

In addition to boilerplate objections, Defendant's evasive objection admitted that he filed false reports to law enforcement against Plaintiff and Couture. However, in spite of his admission, his invented relevancy standard means he does not provide the dates he called, who he spoke to, or the false allegations he lodged.

9. Identify all professional licensing boards, including, but not limited to the Florida Board of Medicine that You communicated with concerning Plaintiff and Jennifer Couture; for each communication identify the date(s), time(s), subject matter, and method of communication, irrespective of whether You identified yourself when You communicated with the professional licensing board or You communicated anonymously.

Defendant claimed none, but his social media posts shows otherwise.

10. Identify each employee of TikTok You communicated with concerning Your contract with TikTok, and for each communication identify the person's TikTok Creator name, TikTok account number, email address, phone number, date, time, subject matter or each communication, and method of each communication.

In addition to boilerplate objections, Defendant admitted he communicated with TikTok employees, but in spite of his admission he omits who he spoke to, when he spoke to said person, the dates of communication, and the subject matter of the communication.

7

11.     Identify each employee of Meta Platforms, Inc. d/b/a Meta (*e.g.*, Facebook, Instagram, WhatsApp) that You communicated with concerning Your social media activities, for each employee, identify their name, email address, Facebook username, job title, phone number, date, time, method of each communication, and the subject matter of each communication.

In addition to boilerplate objections, Defendant's evasive objection was based on his invented narrowly tailored relevancy standard and contradicts his document production, wherein he provided McGibney the name of his Meta contact to help prevent McGibney's Instagram account from being suspended.



12.     For each time that You redeemed tips, gifts, donations, or other thing of consideration that You received through TikTok identify the dates, times, and sum of each redemption, and for each identify the TikTok creator name or user identification number that completed the redemption.

In addition to boilerplate objections, Defendant's evasive objection is based on his relevancy standard.

13.  In the video You posted to TikTok upon reaching 1.5 million TikTok followers, which closes with the statement "Dedicated to the victims of Daneland," You included images of several people who were the subject of a video that You posted to TikTok, for each person You included in that video, identify said person's name, employer, contact information, and identify the person(s) who provided You with the video subject person's PII, including such providing third person's first and last name, TikTok Creator name, account number, email address, phone number, date and time of each communication, and subject matter of each communication.

In addition to boilerplate objections, Defendant avoids answering based on his invented relevancy standard, and claims a video he posted in 2023 is overbroad in time.

14.  Identify the dates and times that You communicated with a producer, director, host, or creator of a television show or docuseries concerning Plaintiff, Jennifer Couture, the subject matter of this action, and the subject matter of Your TikTok videos, for each communication identify the person, date, time, email address, phone number, social media username, etc., and subject matter of each communication.

9

In addition to boilerplate objections, Defendant objected on the grounds of his invented relevancy standard. However, his document production shows he is influenced by McGibney's docuseries and his desire for his 15 minutes. See image attached to 11 above, where McGibney informs Defendant, he is in the docuseries.

15. Identify each date and time that You communicated with Shelly Botyos concerning Plaintiff, Jennifer Couture, this action, and the subject matter of each communication.

In addition to boilerplate objections, Defendant's evasive objection is based on his invented relevancy standard, however, the sole reason he communicated with Shelly Botyos was to obtain confidential personal information about Plaintiff.

16. Identify the date, time, and subject matter of each communication You had with the Twitter account @credibleintel concerning Plaintiff, Jennifer Couture, this action, and the subject matter of this action, and for each communication with @credibleintel identify the person who You communicated with, including that person's first and last name, email address, telephone number, subject matter of each communication, and usernames for other social media that You used to communicate with said person.

In addition to boilerplate objections, Defendant objected, because Plaintiff did not define "concerning," and falsely claims that this Interrogatory requires him to "speculate[ ] as to what is troubling or worrying Plaintiff or Couture. Further,

Defendant falsely claims he never communicated with @credibleintel. However, since at least May 2022, Defendant has communicated with @credibleintel who has repeatedly participated in Defendant's campaign of online harassment against Plaintiff and Couture. In his communications with McGibney they discuss and refer to @credibleintel. Still Defendant has not produced the identity of the person who controls @credibleintel, that person's first and last name, email address, phone number, subject matter of each communication, and usernames for other social media Defendant used to communicate with @credibleintel.

17. Identify the news organizations, media companies, and journalists that You communicated with concerning Plaintiff, Jennifer Couture, this action, and the subject matter of this action and for each communication identify the first and last name of the person that You communicated with, date, time, and subject matter of each communication.

In addition to boilerplate objections, Defendant's evasive objection is based on his invented relevancy standard, however, he admitted that he communicated with Fort Myers news stations and native content publications about Plaintiff and Couture, and published content proudly boasting that he did.

18. Identify each date and time that You communicated with Marc Lubin of the Lee County Florida Probation Department concerning Plaintiff, Jennifer Couture, and for each identify the first and last name of the person that You

communicated with, their phone number, email address, social media username, and subject matter of each communication.

In addition to boilerplate objections, Defendant's evasive objection is based on his invented relevancy standard. However, his document production includes proof of his communications and he produced TikTok videos where he encouraged his followers to call Couture's probation officer.

19.  Identify each person(s) You provided access to, or shared access to a Google drive that consists of videos, documents, things, or Electronically Stored Information ("ESI") where this action and the subject matter of this action are the subject, and for each person identify their first and last name, email address, the date that You provided access to the Google drive, and content of the Google drive.

In addition to boilerplate objections, Defendant evasively objected on the grounds that the content of the Google drive was protected by attorney-client privilege. However, Defendant waived this privilege when he previously shared access to same with numerous people, including McGibney. The image below shows Defendant sharing access to Google drive with McGibney.



20.     Identify the names of the person(s) You identified in Your TikTok videos and posts to other social media platforms as a person who is stalking You and Your family, or that has stalked You and Your family, for each person, identify their first and last name, social media username(s), email addresses, telephone number, the date they began stalking You, the method used to stalk You and Your family, and whether said person(s) is still stalking You and Your family.

In addition to boilerplate objections, Defendant objected by falsely claiming Plaintiff and Plaintiff's counsel stalked him, but he refuses to name any of the at least eleven (11) persons he has named in TikTok videos and other online statements as persons who are stalking him.

21.     Identify the person(s) who communicated to You that they communicated with Garramone Plastic Surgery or Jennifer Couture since You posted Your first TikTok video about Jennifer Couture on or about January 26,

13

2022, and for each person identify their name, email address, social media username, telephone number (landline and mobile) date of each communication, method they used to communicate with Garramone or Couture, and subject matter of communication.

In addition to boilerplate objections and to avoid answering truthfully, Defendant equivocates and states that "no one expressly communicated to Noshirvan that they directly communicated with Garramone Plastic Surgery or Jennifer Couture from January 26, 2022, through December of 2022 – as it relates to this case." Further, Defendant refers Plaintiff to see four images he produced, but all the images do is highlight the fact of Defendant's habitual use of his signature red-colored screen marking tool to highlight and make redactions.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order compelling Defendant to produce the items described herein that Defendant continues to withhold, compel full disclosure of McGibney's interest in this case and the acts McGibney has performed on Defendant's behalf, and sanction Defendant for his willful refusal of a Court's Order.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Plaintiff certifies that on July 17, 2024, he attempted to confer with Defendant's counsel regarding this motion, but he was not available.

Plaintiff's counsel will continue to contact Defendant's counsel to determine his position on this motion.

July 17, 2024

_____
Patrick Trainor, Esq.
**LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
F: (201) 896-7815
pt@ptesq.com
*Attorney for Plaintiffs*

## CERTIFICATION

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are knowingly and/or willfully false, I am subject to punishment.

Dated:  July 17, 2024

_____
Patrick Trainor, Esquire (Attorney ID 242682019)

## CERTIFICATION OF SERVICE

I hereby certify that on July 17, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Nick Chiappetta

Chiappetta Trial Lawyers
2101 Vista Pkwy, Suite 258
West Palm Beach, Florida 33411
P: (561) 768-4500
F: (561) 7686-4600
nick@chiappettalegal.com
*Attorney for Defendant Danesh Noshirvan*

July 17, 2024                                   _____
                                                          Patrick Trainor, Esq.