## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

JENNIFER COUTURE; RALPH
GARRAMONE M.D. P.A. d/b/a
GARRAMONE PLASTIC SURGERY,     Case No. 2:23-cv-00340-SPC-KCD

Plaintiffs,

vs.

DANESH NOSHIRVAN a/k/a
@THATDANESHGUY,

Defendants.

_____/

### DEFENDANT, DANESH NOSHIRVAN a/k/a
### @THATDANESHGUY's, MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), 30, 45(c) defendant,

Danesh Noshirvan ("Noshirvan"), by and through undersigned counsel, file this

Opposed Motion For Protective Order to limit the location of where Ralph

Garramone M.D., P.A. d/b/a Garramone Plastic Surgery's ("GPS") may depose

Noshirvan.  In support of this Opposed Motion, Noshirvan states the following:

1.    Noshirvan's deposition was set for Tuesday, June 21, 2024, at 9:00

a.m., at the Hampton Inn & Suites, 98 Dorsett Heights, Mansfield, Pennsylvania

16933. A copy of the Notice is attached as **Exhibit 1**.

2.      On June 23, 2024, GPS served its Amended Notice of Taking Deposition ("Amended Notice").[1] A copy of GPS's Amended Notice is attached as **Exhibit 2**. In the Amended Notice, GPS unilaterally changed  the location of the deposition from  Mansfield, Pennsylvania to the Law Office of Patrick Trainor, Esq., 19 Union Avenue, Rutherford, New Jersey 07070. *Id.* GPS unilaterally made this geographical location change without notice, discussion, or input,  from Noshirvan. GPS's geographical location change occurred after Noshirvan provided the July 26, 2024, deposition date.

3.      Noshirvan's counsel advised GPS's counsel multiple times via email, that Rutherford, New Jersey is not an appropriate place to hold Noshirvan's deposition. However, GPS's counsel continues to refuse to modify the location. Noshirvan is ready, willing, and able to sit for deposition in Mansfield, Pennsylvania.

4.      GPS's proposed location is 235 miles from Mansfield, Pennsylvania. The drive from Mansfield, Pennsylvania to Rutherford New Jersey takes nearly 4 hours.[2]

---

[1]

[2] Google Maps: https://www.google.com/maps/dir/Rutherford,+NJ/Mansfield,+PA+16933/@41.2767098,-76.2872707,9z/data=!3m1!4b1!4m13!4m12!1m5!1m1!1s0x89c2f8a3d5ad4a91:0xcc06685dd9371d00!2m2!1d-74.1068091!2d40.826489!1m5!1m1!1s0x89cfd61618c72f7b:0x7683dac4b729c4c3!2m2!1d-77.077468!2d41.8072961?entry=ttu

5.      Pursuant to Rule 45(c)(1)(B), GPS was required to hold the deposition in Pennsylvania at a location where Noshirvan regularly transacts business in person, i.e., Mansfield. Fed. R. Civ. P. 45(c)(1)(B). GPS's proposed location violates the limitations imposed by Rule 45. Rule 45 must be read in conjunction with rule 30.

6.      Additionally, the 235 mile/4-hour trip unreasonably burdens Noshirvan only to accommodate GPS's counsel. It appears that GPS chose this location to harass, annoy, and oppress, or to force Noshirvan to incur an undue burden and expense.

7.      Moreover, Noshirvan requested a neutral location for his deposition. GPS unilaterally noticed the deposition containing an unreasonable location – Mr. Trainor's office.   Given the allegations in 2:23-cv-01218, Dkt. 26, Noshirvan maintains a reasonable and genuine fear for his safety should he be required to appear at Mr. Trainor's office in Rutherford, New Jersey. As such, Noshirvan seeks an order protecting him from the harassment, annoyance,  oppression, undue burden, and the expense of traveling to Rutherford, New Jersey, his safety, and a ruling enforcing Rule 45(c)(1)(B) limitations.

8.      Noshirvan has no ties to New Jersey and the location choice appears to be solely for the convenience of GPS's counsel.

Wherefore, Noshirvan respectfully requests that this Court grant this motion and enter a protective order requiring Noshirvan's deposit to be held in Mansfield, Pennsylvania or remotely.

## Memorandum of Law

### I. This Court has discretion but should abide by the limitation imposed by Rule 45.

#### a. Rule 26

Rule 26(c) provides great flexibility to the court to control and limit discovery.

Specifically,[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research,

development, or commercial information is not revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Entry of a protective order is within this Court's discretion. *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008). "The 'good cause' standard of Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise.'" *Id.* (quoting *U.S. v. Microsoft Corp.*, 165 F.3d 952, 959 (D.C.Cir.1999)).

   b.  Rule 45

Rule 45 provides that For a Trial, Hearing, or <u>Deposition</u>. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state <u>where the person resides</u>, is employed, or regularly transacts business in person, if the person

   (i) is a **<u>party</u>** or a party's officer; or

   (ii) is commanded to attend a trial and would not incur substantial expense.

Put simply, Rule 45(c)(1)(B) acts as a limitation on where a party may be deposed. See, e.g., *Guenther v. Novartis Pharm. Corp.*, 297 F.R.D. 659, 660 (M.D. Fla. 2013)(finding that Rule 45(c) acts as a limitation on the subpoena power set forth in Rule 45(b)(2), rather than an expansion of it); *Blue Cross & Blue Shield of Florida, Inc. v. DaVita, Inc.*, 3:19-CV-574-BJD-MCR, 2022 WL 18493470, at *1 (M.D. Fla. June

1, 2022)( "a district court must quash a subpoena that: "…requires a person to comply beyond geographical limits specified in Rule 45(c)"); *Preble-Rish Haiti, S.A. v. Republic of Haiti*, 21-CV-4960 (PKC), 2023 WL 4210057, at *2 (S.D.N.Y. June 27, 2023)("the claim that the requirements of Rule 45 do not apply to parties is flatly contradicted by the text of Rule 45(c)(1)(B)"). It logically follows that the Court has no more authority to order a deposition than what is provided by the Rules of Civil Procedure.

Furthermore, a district court must quash a subpoena that: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applied; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). *CF. Ewing v. Integrity Capital Sols., Inc.*, 16-CV-1469-JLS-MDD, 2018 WL 3729139, at *1 (S.D. Cal. Aug. 6, 2018)(explaining that a rule 30 deposition of party may be noticed without a subpoena); *see Salve Regina College v. Russell*, 499 U.S. 225, 236, 111 S. Ct. 1217, 1223, 113 L.Ed.2d 190 (1991) ("The civil rules do not specify the place for deposing a party ….").

However, absent an agreement on location, allowing a rule 30 deposition proceed without the geographical limitations imposed by rule 45 defeats the very purpose of rule 45 and usurps legislative authority. Rule 45(c)(1) clearly contemplates "deposition[s]" and imposes express geographical limitations on

where a party may be deposed. Naturally, in the absence of a stipulation between the parties, rule 30 and 45 should be read in *para materia*. Otherwise, a party could simply chose not to utilize a subpoena to avoid rule 45's geographical limitations and impose extremely heavy burdens on its opponent. This course of action would obviously lead to an absurd result. To illustrate this point, for example, Noshirvan could seek to depose GPS in Seattle, Washington – place equally untethered to this case. Simply put, a party utilizing a notice under rule 30, which provides no express guidance as to geographical location, would essentially have more subpoena power than expressly provided by the legislature in rule 45. See *Guenther*, 297 F.R.D. at 660. If a party could not subpoena a witness or party to a location within the express authority of the rules of civil procedure, then it follows that it would be inequitable for this Court to allow a Plaintiff to force a defendant to travel to a remote State – completely unrelated to the allegations of this case.

Rule 30 is silent as to the "place of compliance" - rule 45 speaks directly to the "place of compliance" for a deposition. The rules must be read together. See *Delta RF Tech., Inc. v. RIIMIC, LLC, 5:09-CV-373-OC-10PRL*, 2014 WL 12829473, at *2 (M.D. Fla. Mar. 28, 2014)(depositions of parties should usually be taken as in the case of other witnesses pursuant to Rule 45, Fed.R.Civ.P.).

Noshirvan specifically moves to quash the Amend Notice and for a protective order given that it asks him to travel beyond geographical limits

provided under Rule 45(c)(1)(B), and to a State with no rational relationship to the allegations of this case. (See EX. 2).

## II. This Court should impose limitations because GPS's location of choice  does not provide a safe, neutral space free from annoyance, oppression, undue burden and expense

Clearly, Rule 26(c)(1) allows for a protective order precluding any type of discovery "for good cause shown." The party requesting a protective order must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one. *E.g., In re PE Corp. Sec. Litig.*, 221 F.R.D. 20, 26 (D.Conn.2003); *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C.1991); see also *Gulf Oil v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). A court must balance the competing factors involved in determining whether good cause has been shown. See *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir.1985); *Dow Chemical Co. v. Allen*, 672 F.2d 1262, 1277–78 (7th Cir.1982).

Furthermore, Rule 26(c) of the Federal Rules of Civil Procedure provides that a court "for good cause shown ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...." Fed. R. Civ. P. 26(c). A party seeking a protective order bears the burden of establishing good cause. *See Chicago Tribune Co. v.*

*Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001); *Landry v. Air Line Pilots Ass'n Int. 7 AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). Under the "good cause" standard, the court must balance the competing interests of the parties. *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985); *see Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016). Trial courts have broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 2209, 81 L.Ed.2d 17 (1984).

A district court also enjoys "great discretion in designating the location of taking a deposition." *Thompson v. Sun Oil, Co.*, 523 F.2d 647, 648 (8th Cir. 1975) (per curiam); *see Afram Export Corp.*, 772 F.2d at 1365 (noting a district court's broad discretion to set the location of a deposition); *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981) (holding that a "district judge has discretion to direct the place of a deposition"). In exercising its discretion, a court must consider relevant facts and circumstances. *See DeepGulf, Inc. v. Moszkowsi*, 330 F.R.D. 600,

609-11 (N.D. Fla. 2019) (noting some of the factors a court should consider in exercising its discretion concerning setting the location of a deposition).

"There is a principle that a plaintiff having selected a particular forum for the adjudication of his case should be prepared to answer a notice of deposition in that locality." *Ellis Air Lines v. Bellanca Aircraft Corp.*, 17 F.R.D. 395, 396 (D. Del. 1955). "Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. The defendants, on the other hand, are not before the court by choice." *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987). "Thus, courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances" from their location. *Id.*; see *Levick v. Steiner Transocean, Ltd.*, 228 F.R.D. 671, 672 (S.D. Fla. 2005) ("The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum."); *Grey v. Cont'l Mktg. Assocs., Inc.*, 315 F. Supp. 826, 832 (N.D. Ga. 1970) (holding that because plaintiffs "selected the forum" they " may therefore be called upon to present themselves at that place for the taking of their depositions"). However, a plaintiff seeking to depose a defendant does not possess an absolute right to choose any location for a deposition. *Reid v. Temple Univ. Hosp., Inc.*, 329 F.R.D. 531, 532 (E.D. Pa. 2019). A plaintiff generally is required to bear any reasonable burden or inconvenience that

the civil action presents. *Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998).

Further, "the undue burden analysis requires the court to 'balance the interests served by demanding compliance … against the interests furthered by quashing it.' " *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1337 (11th Cir. 2020) (quoting 9A Wright & Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2019)). Factors playing into the analysis include the "relevance of the information requested" to the underlying litigation and the 'burden [that would be] imposed' by producing it." *Id.*

Here, Mr. Trainor is known to represent and associate with "proud boys" and white supremacists. In fact, Mr. Trainor does not deny representing  proud boy and Philadelphia chapter leader "Zachary Rehl"[3] or member D'ambly. See *District of Columbia v. Proud Boys International, L.L.C.*, 1:21-cv-03267-APM (USDC District of Columbia) and *D'ambly v. Exoo*, 2:20-cv-12880, (D.N.J.). The proud boys are best described as a far-right, neo-fascist militant organization that promotes and engages in political violence. Noshirvan is an Iranian American.  There are clear ideological differences and Noshirvan's safety is of paramount concern.

---

[3] The Hill reported on Proud Boy, Philadelphia Chapter leader Zachary Rehl receiving 15  years in prison for participating in the January 6th insurrection. See https://thehill.com/regulation/court-battles/4181859-proud-boy-zachary-rehl-receives-15-years-in-prison-half-of-government-request/

Noshirvan has already been subjected to interstate hate crimes. See 2:23-cv-01218, Dkt. 26. Accordingly, Noshirvan posits that the New Jersey location on GPS's Amended Notice makes the Amended Notice unreasonable. Noshirvan requests that this Court order that him deposition be conducted in neutral location in Mansfield, Pennsylvania.

Additionally, beyond the sheer and genuine safety concerns. GPS seeks to depose Noshirvan in New Jersey – a state to which has no reasonable or rational relationship to this case – other than the fact that GPS's counsel maintains an office therein. Noshirvan maintains no ties to, and New Jersey is completely unrelated to this case.

Furthermore, traveling 239 miles - roughly 4-hours each way (by motor vehicle) would require Noshirvan to stay overnight in New Jersey and miss work. Alternatively, airfare is not cost effective. Noshirvan is the primary caretaker for his child.  Such an imposition would force him to find someone to take care of his minor child while away. Put simply, GPS's request to depose Noshirvan in New Jersey would cause Noshirvan to incur substantial hardship and expense. Accordingly, the most appropriate location for Noshirvan's deposition is in Mansfield, Pennsylvania. However, if GPS's counsel is unwilling to travel to Mansfield, Pennsylvania, a remote deposition taken via Zoom would reduce the hardship and expense.

"Absent evidence that the witnesses at issue were given reasonable written notices stating the time and place of their depositions, as required by Rule 30(b)(1), or that they failed to comply with subpoenas compelling their attendance, pursuant to Rule 45, the Court has no authority to compel witnesses, including the parties, to attend any depositions." *Pegoraro v. Marrero*, 281 F.R.D. 122, 128 (S.D.N.Y. 2012); *Siegel v. Truett-McConnell Coll., Inc.*, 13 F. Supp. 2d 1335, 1337 (N.D. Ga. 1994) ("The notice required for depositions is well-defined in the Federal Rules of Civil Procedure, Rule 30(b)(1) and (2). Without proper notice there can be no failure to appear."), aff'd on other grounds, 73 F.3d 1108 (11th Cir. 1995).

Here, GPS's Amended Notice is clearly statutorily deficient and unreasonable. See **Exhibit 2**.

WHEREFORE, Noshirvan respectfully requests that the Court grant this Opposed Motion and enter an order requiring GPS to choose a neutral location in Mansfield, Pennsylvania to depose Noshirvan, or as an alternative, if GPS does not wish to travel, order GPS to employ remote means, like Zoom, under rule 30(b)(4).

## Local Rule 3.01(g) Certification

The undersigned certifies that on July 23, 2024, he met and conferred with Patrick Trainor. Mr. Trainor expressed opposition to this motion.

DATED: July 23, 2024.

Nicholas A. Chiappetta, Esq.
**Chiappetta Trial Lawyers**
Attorneys for Mr. Noshirvan
2101 Vista Parkway, Suite 258
West Palm Beach, Florida 33411
Direct: (561) 768-4500
Fax:     (561) 768-4600
service@chiappettalegal.com
nick@chiappettalegal.com
www.chiappettalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Patrick Trainor, Esquire
Law Office of Patrick Trainor, Esq., LLC
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for Plaintiffs*

*/s/ Nicholas A. Chiappetta*
Nicholas A. Chiappetta