UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RALPH GARRAMONE, M.D.,

    Plaintiff,

v.                                             Case No.:  2:23-cv-340-SPC-KCD

DANESH NOSHIRVAN,

    Defendant.
_____/

## **REPORT & RECOMMENDATION**

Before the Court is Defendant Danesh Noshirvan's Motion for Entitlement to Attorney's Fees and Costs (Doc. 118).[1] Plaintiff Ralph Garramone and former-Plaintiff Jennifer Couture have responded in opposition. (Doc. 126.) For the reasons below, the motion should be denied.

## **I. Background**

Danesh Noshirvan is a TikTok creator whose "niche is cancel culture." (Doc. 81 at 2.) He posted videos meant to "cancel" Couture and her husband's business, Garramone Plastic Surgery. (*Id*. at 1-2.) In response, Couture and Garramone sued Noshirvan for cyberstalking, civil conspiracy, and tortious interference. (*Id*. at 3.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

During discovery, Noshirvan sent Couture a proposal for settlement "pursuant to Florida Statute § 768.79 and Rule 1.442 of the Florida Rules of Civil Procedure." (Doc. 118-1 at 1.) A proposal for settlement is a fee-shifting mechanism that allows the recovery of reasonable attorneys' fees and costs if the offer to settle is rejected and the offering party later prevails. *Gardner v. Ford Motor Co.*, No. 6:14-CV-508-ORL-18-DAB, 2015 WL 9673582, at *1 (M.D. Fla. Dec. 11, 2015).

Noshirvan offered $1 in exchange for Couture "sign[ing] a full and complete Release" and dismissing her claims. (Doc. 118-1 at 4-5.) The proposal also provided that Noshirvan would be "entitled to recover [his] reasonable costs and attorneys fees" if Couture rejected the offer and did not prevail. (*Id.* ¶ 9.) Couture let the proposal lapse. Each of her claims were then dismissed, and she received nothing. (Doc. 81, Doc. 111.)

Noshirvan now moves to recover attorney's fees and costs under the proposal for settlement. (Doc. 118.)

## II. Discussion

The parties agree that Noshirvan served a proposal for settlement and later prevailed on the merits, thus triggering its fee-shifting provision. At issue is the narrow question of whether the proposal for settlement is valid. Florida law "contain[s] several provisions with which parties must comply in order to recover attorneys' fees." *WrestleReunion, LLC v. Live Nation Television*

2

*Holdings, Inc.*, No. 8:07-CV-2093-JDW-MAP, 2010 WL 11508233, at *1 (M.D. Fla. Jan. 21, 2010). Couture argues that Noshirvan failed to comply with Florida Rule of Civil Procedure 1.442(c)(2)(C), which renders the proposal for settlement "unenforceable." (Doc. 126 at 1.)

Florida Statute § 768.79 governs proposals for settlement. It states, in pertinent part:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability …

Fla. Stat. § 768.79(1).[2] A proposal for settlement "must: 1) be made in writing; 2) name the party making it and the party to whom it is made; 3) state with particularity the amount offered to settle a claim for punitive damages, if any; and 4) state its total amount." *Romero v. Liberty Mut. Fire Ins. Co.*, No. 6:18-CV-1551-ORL-41-GJK, 2020 WL 8459231, at *1 (M.D. Fla. Mar. 4, 2020).

---

[2] Section 768.79(1) refers to an "offer of judgment," whereas section 768.79(2) and Florida Rule of Civil Procedure 1.442 refer to a "proposal for settlement." Courts use the terms interchangeably. *See Lancet Indem. Risk Retention Grp., Inc. v. Allied World Surplus Lines Ins. Co.*, No. 8:15-CV-406-T-23JSS, 2016 WL 9527959, at *1 (M.D. Fla. May 3, 2016). Because both parties refer to a "proposal for settlement" served on Couture, the Court will do the same in addressing this dispute.

3

Florida Rule of Civil Procedure 1.442 creates the procedural framework to implement § 768.79. Its substantive requirements must also be met "for relief to be granted." *Liberty Mut. Fire Ins. Co. v. A.O. Smith Corp.*, No. 4:04-CV-371-SPM/AK, 2006 WL 8443974, at *3 (N.D. Fla. July 12, 2006). Relevant here, Rule 1.442(c)(2)(C) provides:

> A proposal shall . . . exclude nonmonetary terms, with the exceptions of a voluntary dismissal of all claims with prejudice and any other nonmonetary terms permitted by statute;

*Id.*

To resolve Couture's argument, the Court must first weigh whether Rule 1.442(c)(2)(C) is procedural or substantive. In *Erie R. Co. v. Tompkins*, the Supreme Court held that federal courts sitting in diversity, as here, are bound by state law. 304 U.S. 64 (1938). But this only applies to "the substantive law of the states[,] and not the state procedural rules." *Baird v. Celis*, 41 F. Supp. 2d 1358, 1359 (N.D. Ga. 1999). In other words, "when a federal court considers a case that arises under its diversity jurisdiction, [it] is to apply state substantive law and federal procedural law." *Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1357 (11th Cir. 2014). According to Noshirvan, "he need not comply" with Rule 1.442(c)(2)(C) because it is merely procedural. (Doc. 132 at 5.)

4

"Distinguishing between substantive and procedural law . . . is often challenging." *First Coast Energy, L.L.P. v. Mid-Continent Cas. Co.*, 286 F.R.D. 630, 633 (M.D. Fla. Nov. 20, 2012). "[T]he test of whether a rule of law is substantive or procedural for *Erie* purposes is neither its state label nor the purpose the state ascribes to it." *Liberty Mut. Fire Ins. Co. v. A.O. Smith Corp.*, No. 4:04-CV-371-SPM/AK, 2006 WL 8443974, at *2 (N.D. Fla. July 12, 2006). What matters is whether applying the law (or here, rule) will significantly affect the outcome of the litigation. *See Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 428 (1996). If a state law "concerns merely the manner and the means" by which substantive rights are enforced, it is procedural. *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 109 (1945). But if its application would "significantly affect the result of a litigation," it is substantive. *Id.* In practice, a state law is substantive when its "application would be so important to the outcome that failure to apply it would unfairly discriminate against citizens of the forum State, or be likely to cause a plaintiff to choose federal court." *Harrington v. RoundPoint Mortg. Servicing Corp.*, No. 2:15-CV-322-FTM-28-MRM, 2018 WL 4100957, at *4 (M.D. Fla. Aug. 9, 2018).

Despite Noshirvan's claim to the contrary, Rule 1.442(c)(2)(C) is "obviously substantive." *First Coast Energy*, 286 F.R.D. at 633. In *Horowitch v. Diamond Aircraft Indus., Inc.*, the Eleventh Circuit addressed a companion section of Rule 1.442 that "requires an offer of judgment to state whether [it]

5

includes attorneys' fees and whether attorneys' fees are part of the legal claim." 645 F.3d 1254, 1258 (11th Cir. 2011). The court found this condition substantive because it "prescribes specific, substantive terms that an offer of judgment must include, and these terms matter to the parties because the inclusion or exclusion of attorney's fees is material to an offeree's ability to evaluate an offer." *Id*. It would thus "be unfair not to apply [subsection (c)(2)(F)] in federal court." *Id*.

In contrast, the Eleventh Circuit found Rule 1.442(c)(2)(G)—which requires a specific certificate of service with any offer—is procedural for *Erie* purposes. *Horowitch*, 645 F.3d at 1258-59. This is because subsection (c)(2)(G) is ministerial and merely concerns how substantive rights are enforced. *See, e.g.*, *Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1352 (S.D. Fla. 2010).

Rule 1.442(c)(2)(C) falls into the former category. It restricts the nonmonetary terms that a party may include within a proposal for settlement. Fla. R. Civ. P. 1.442(c)(2)(C). It thus governs the substance, rather than form, of a proposal for settlement. And the "inclusion or exclusion" of nonmonetary terms in a proposal for settlement is "material to [the] offeree's ability to individually evaluate the offer." *Cash, v. Geovera Specialty Ins. Co.*, No. 8:21-CV-2642-SCB-AEP, 2023 WL 10351937, at *3 (M.D. Fla. June 13, 2023). Non-economic terms are difficult to value. Their inclusion may hamstring an

6

offeree's ability to assess a proposal or force them to settle on broader terms than they were otherwise willing to. *See, e.g.*, *Cacciamani v. Target Corp.*, 662 F. App'x 759, 764 (11th Cir. 2016) (assuming that Florida Rule 1.442(c)(2)(C)–(D) apply in federal court).

Failing to apply Rule 1.442(c)(2)(C) here would also "lead to different outcomes in state and federal court and result in inequitable administration of the laws." *Divine Motel Grp., LLC v. Rockhill Ins. Co.*, 722 F. App'x. 887, 889 (11th Cir. 2018). While Rule 1.442(c)(2)(C) prohibits nonmonetary terms in a proposal for settlement, the Federal Rules do not have a similar prohibition. Refusing to apply subsection (c)(2)(C) in federal court would therefore motivate defendants who want to serve overbroad settlement offers to remove their cases to federal court. *A.O. Smith Corp.*, 2006 WL 8443974, at *2. This would encourage forum-shopping and increase "the likelihood that the applicability of particular substantive rights and duties would turn on the forum in which the action is brought." *First Coast Energy, L.L.P.*, 286 F.R.D. at 633. Thus, Rule 1.442(c)(2)(C) is substantive and applies in federal diversity actions.

We are not out of the woods quite yet. Even substantive state law must yield when it conflicts with a federal law or rule. "[T]he Federal Rules of Civil Procedure are to be applied in federal diversity cases despite their conflict with state laws of seemingly substantive effect." *Baird v. Celis*, 41 F. Supp. 2d 1358, 1359 (N.D. Ga. 1999). Seizing on this exception, Noshirvan argues that Rule

7

1.442(c) is "displaced" by Rule 68 of the Federal Rules of Civil Procedure. (Doc. 132 at 5.) In his words, "because Rule 1.442(c)(2)(C) directly collides with Rule 68, Rule 68 controls." (*Id.*)

The seminal case in this area is *Hanna v. Plumer,* 380 U.S. 460 (1965). Under *Hanna,* when both a state law and Federal Rule are potentially applicable, a district court must determine whether the state provision conflicts with the Federal Rule. If so, the court must apply the Federal Rule unless it is beyond the scope of the Rules Enabling Act or is unconstitutional. *Id.* at 471. "Stated another way, if the state law conflicts with a federal procedural rule, then the state law is procedural for *Erie/Hanna* purposes regardless of how it may be characterized for other purposes." *Cohen v. Off. Depot, Inc.*, 184 F.3d 1292, 1296 (11th Cir. 1999).

Rule 68 provides that "a party defending against a claim may serve on an opposing party *an offer to allow judgment on specified terms*, with the costs then accrued." Fed. R. Civ. P. 68(a) (emphasis added). According to Noshirvan, the highlighted language from Rule 68 conflicts with Rule 1.442(c)(2)(C)'s requirement that a proposal for settlement "exclude nonmonetary terms." (Doc. 132 at 5.) As he sees it, Rule 68 allows an offer of judgment with nonmonetary terms, while Rule 1.442(c)(2)(C) prohibits the same. Thus, "there is an express conflict." (*Id.*)

8

There are two problems. First, Rule 1.442 and Rule 68 operate in separate spheres. The former addresses "offers of settlement," while the latter "applies only to offers of judgment." *WrestleReunion, LLC v. Live Nation Television Holdings, Inc.*, No. 8:07-CV-2093-JDW-MAP, 2010 WL 11508233, at *3 (M.D. Fla. Jan. 21, 2010). This distinction matters because the relief available differs under each. Rule 1.442 "provides for the recovery of attorney's fees and other costs, but Rule 68 provides for an award of only costs." *Id.* And Rule 68 requires "a judgment against the defendant on specified terms," something not contemplated in Rule 1.442. *Id.* As the Eleventh Circuit has thus noted, Rule 68 is "in no way applicable to settlement offers." *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1152 (11th Cir. 2008). It follows, then, that Rule 1.442 "does not directly collide with . . . Rule 68." *WrestleReunion, LLC*, 2010 WL 11508233, at *3.

Second, even assuming Rule 68 applies, there is no conflict. As noted, Rule 68 allows "an offer [for] judgment on specified terms." Fed. R. Civ. P. 68(a). Rule 1.422(c)(2)(C) does not prohibit specifying the terms of a proposal for settlement. It simply limits the nonmonetary terms on which a party may offer to settle. A proposal for settlement can still meet Rule 68 and have "specified terms" while omitting "nonmonetary terms" as required by Rule 1.442. Because the rules can coexist, the Court must give each effect. *See Showan v. Pressdee*, 922 F.3d 1211, 1223-26 (11th Cir. 2019); *see also Int'l*

9

*Brominated Solvents Ass'n v. Am. Conf. of Governmental Indus. Hygienists, Inc.*, No. 5:04CV394 (DF), 2005 WL 8165516, at *2 (M.D. Ga. July 12, 2005) ("Typically, courts deem a federal rule sufficiently broad to control the issue when the court cannot give effect to both the federal and state rules.").

Noshirvan has two fallback arguments if Rule 1.442(c)(2)(C) is found to apply. First, he claims that including a release with the proposal for settlement was "clearly permissible." (Doc. 132 at 8.) Not so. In its current iteration, Rule 1.442(c)(2)(C) prohibits "nonmonetary terms." A release is a nonmonetary term. *See Liberty Mut. Fire Ins. Co. v. A.O. Smith Corp.*, No. 4:04-CV-371-SPM/AK, 2006 WL 8443974, at *3 (N.D. Fla. July 12, 2006); *M&M Sisters, LLC v. Scottsdale Ins. Co.*, No. 21-24081-CIV, 2022 WL 18717403, at *16 (S.D. Fla. Dec. 19, 2022). Thus, requiring Couture to execute a release, as the proposal for settlement here unambiguously demands, contravenes Rule 1.442.

Second, Noshirvan claims that two different Florida laws—§ 768.041 and § 46.015—let him include a release with the proposal for settlement. (Doc. 132 at 8-9.) Rule 1.442 does allow nonmonetary terms where "permitted by statute." Fla. R. Civ. P. 1.442(c)(2)(C). But neither statute cited does the work Noshirvan claims. Both § 46.015 and § 768.041 are "setoff statutes . . . designed to prevent an award of double damages." *Am. Prime Title Servs., LLC v. Wang*, 317 So. 3d 1183, 1186 (Fla. Dist. Ct. App. Feb. 3, 2021). They do not permit a release in a proposal for settlement—indeed, this topic is not broached at all.

10

As best the Court can tell, Noshirvan is claiming that nonmonetary terms are permissible here because § 768.041 and § 46.015 generally contemplate release provisions in civil cases. (Doc. 132 at 9.) That cannot be the standard. If Rule 1.442's prohibition on nonmonetary terms could be overcome by implication, it would render the limitation toothless. Rule 1.442 allows nonmonetary terms where *permitted* by statute, not merely extrapolated from a generally applicable law that covers another topic altogether. *See* Black's Law Dictionary 1322 (10th ed. 2014) (defining "permit" as "[t]o consent to formally"); *Campbell v. Goldman*, 959 So. 2d 223, 226 (Fla. 2007) ("[B]oth rule 1.442 and section 768.79 are in derogation of the common law rule that parties are responsible for their own attorney's fees, and thus the statute and rule must be strictly construed.").

### III. Conclusion

For a proposal for settlement to be valid, it "must comply with both [R]ule 1.442 and section 768.79." *Campbell v. Goldman*, 959 So. 2d 223, 224 (Fla. 2007). That didn't happen here. Noshirvan's proposal for settlement required Couture to execute a release, which is a nonmonetary term prohibited under Rule 1.442(c)(2)(C). Noshirvan has established no exception to this requirement, and thus the proposal for settlement stands "unenforceable." *Peltz v. Tr. Hosp. Int'l, LLC*, 242 So. 3d 518, 520 (Fla. Dist. Ct. App. 2018).

Accordingly, it is **RECOMMENDED** that Noshirvan's Motion for Entitlement to Attorney's Fees and Costs (Doc. 118) be **DENIED**.

**ENTERED** in Fort Myers, Florida on July 22, 2024.

Kyle C. Dudek
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.