UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RALPH GARRAMONE M.D. d/b/a
GARRAMONE PLASTIC
SURGERY,

    Plaintiff,

v.                                Case No.:   2:23-cv-340-SPC-KCD

DANESH NOSHIRVAN,

    Defendant.

| **Judge:** | Kyle C. Dudek | **Counsel for Plaintiff** | Patrick Trainor |
|---|---|---|---|
| **Deputy Clerk:** | Courtney Ward | **Counsel for Defendant:** | Nicholas Chiappetta |
| **Court Reporter** | Vonni Bray | **Interpreter** | |
| **Date/Time** | August 2, 2024 09:30 AM | **Total Time** | 9:30 AM-11:57 AM 12:29 PM-2:09 PM 4 hours, 7 minutes |

**Clerk's Minutes--Motion Hearing (Docs. 140, 142, 143, 151)**

Start time: 9:30 AM

Counsel makes appearances. Court reviews background of case as stated on record and reviews discovery standard.

**Def's Motion to Compel (Doc. 140)**

Court addresses Motion to Compel Couture's deposition and Attorney Chiappetta responds. Court addresses sanctions being requested and Attorney Chiappetta responds. Attorney Trainor presents argument in response and Attorney Chiappetta rebuts argument. Attorney Chiappetta presents copies of

fees and costs requested. The Court will award $1,036.01 in costs requested, as stated on record. Attorney Trainor responds and questions any credits received, to which Attorney Chiappetta and Court respond and gives defense counsel 7 days to check on any credits, as stated on record.

Court denies as moot portion of motion to compel appearance at depositions and grants it as to costs, as stated on record.

**Def's Motion to Compel (Doc. 142)**

Court addresses Defendant's Motion to Compel Garramone to respond to Interrogatories. Attorney Chiappetta responds. Court denies the motion, as stated on record, as there is not sufficient documentation to rule on the same.

Court questions what is left of motion and defense counsel responds. Waiver issue is discussed and Court denies the same.

Rule 37 fees are addressed and Attorney Trainor responds and presents argument. Attorney Chiappetta presents rebuttal. The Court denies sanctions under Rule 37.

**Plf's Motion to Compel (Doc. 143)**

Court addresses Plaintiff's Motion to Compel Defendant's compliance with prior discovery Order.

**Request #1**
Court addresses request #1, response and prior Court Order and confirms what is requested with Attorney Trainor. Attorney Chiappetta responds. Court presents TikTok website on television display and shows counsel that comments can be downloaded, as can videos, and continues remarks on the same. Court questions defense counsel on what Defendant did to comply with Court Order and counsel responds, as stated on record. The Court Orders Defendant to respond to request #1 or demonstrate that he made reasonable efforts to comply and further remarks on the same. Court will reserve on sanctions at this time and issue an Order. Attorney Trainor makes comment.

**Request #5**
Court addresses request #5, response and prior Court Order and questions Attorney Trainor as to what is insufficient and he responds. Attorney Chiappetta also responds and answers Court questions. Court gives Defendant

2

14 days to respond and provide information as stated on record. Attorney Chiappetta further remarks. Court declines to issue sanctions at this time. Attorney Trainor responds further as to information being sought. Court makes final remarks regarding request #5.

### Request #8
Court addresses request #8, response and prior Court Order. Attorney Chiappetta responds and Attorney Trainor presents rebuttal argument. Defense counsel responds further and Court gives Defendant 14 days to respond to request #8. Attorney Trainor remarks further, as does Attorney Chiappetta. Court responds to counsel.

### Request #13
Court addresses request #13, response and prior Court Order and questions Attorney Trainor as to what is insufficient and he responds. Attorney Chiappetta and Attorney Trainor present further argument. Court suggests defense counsel further speak with his client regarding this matter. Motion is denied as to request #13.

### Request #16
Court addresses request #16, response and prior Court Order. Attorney Chiappetta and Attorney Trainor present further argument. Court will deny motion as to #16 at this time, however, again encourages defense counsel within 14 days to go through and confirm that Defendant has in fact looked for and produced information which is available. Court questions Attorney Trainor re: subpoenaing TikTok and he responds.

### Request #17
Court addresses request #17, response and prior Court Order. Attorney Chiappetta and Attorney Trainor present further argument. Court makes clarification for the record re: failure to download data and Attorney Trainor remarks on the same. Court will deny motion as to #17 at this time, however, provides same caveat to defense counsel as stated above.

Court discusses request for McGibney communications, what is incomplete and Attorney Trainor responds, as does Attorney Chiappetta. Court further questions Attorney Trainor as to what else he believes may be missing and he responds. Attorney Chiappetta further responds to Court's questioning. Court gives Defendant 14 days to produce complete set of communications responsive to prior discovery requests, including embedded materials and makes further remarks, as stated on record. Court questions Attorney Trainor re: Instagram

subpoena and he responds. Court once again warns defense counsel that responses are to be complete.

Attorney Trainor makes comments re: @BullyvilleTexas and other cell phone communications. Attorney Chiappetta responds. Court remarks, as does Attorney Trainor. Attorney Chiappetta further responds, as does the Court who gives Defendant 14 days to respond as stated on record.

Attorney Trainor references further issues on McGibney communications and Attorney Chiappetta responds. Court makes final response and references again the 14 days.

Attorney Trainor addresses further issues re: McGibney, accusations by him, etc. and the Court responds. Attorney Chiappetta remarks on the same. Court once again remarks about 14 days to ensure Defendant has produced everything. Attorney Trainor presents further argument and the Court responds.

Attorney Trainor addresses redactions to be produced and Court responds. Court questions Attorney Chiappetta re: embedded documents and he responds. Attorney Trainor further responds as does the Court. Court discusses with Attorney Chiappetta all documents to be produced, as stated on record, and he responds to clarify misstatements re: Mr. McGibney.

## Plf's Motion to Compel (Doc. 151)

Court addresses Plaintiff's Motion to Compel Defendant to respond with Interrogatories 1-21 and counsel states there has been no agreement on any Interrogatories in dispute.

### Interrogatory #1
Court addresses Interrogatory #1 and response. Court questions Attorney Chiappetta and he responds and withdraws that objection. Court strikes request #1 as stated on record re: login information. Attorney Trainor remarks on the same. Motion granted regarding Interrogatory #1 and states what he would like Defendant to respond to and date limitation. Defense counsel comments.

### Interrogatory #2
Court addresses Interrogatory #2 and response and Attorney Chiappetta responds. Court grants motion as to #2. Attorney Trainor remarks and

references date range; defense counsel responds. Court responds and makes timeframe from 1/26 to 2/3 as stated on record.

### Interrogatory #3
Court addresses Interrogatory #3 and response. Court strikes portion of Interrogatory #3. Attorney Chiappetta responds. Objections granted with regard to Interrogatory #3.

### Interrogatory #4
Court addresses Interrogatory #4 and response. Attorney Chiappetta makes argument and Court responds. Court overrules objections, strikes part of Interrogatory, and states what is to be responded to, as stated on record.

11:57 Court in recess and instructs counsel back at 12:35.

12:29 Court back in session.

### Interrogatory #5
Court addresses Interrogatory #5 and response. Counsel makes argument and Court states the Interrogatory is to be responded to as stated on record.

### Interrogatory #6
Court addresses Interrogatory #6 and response. Defense counsel responds, as does Attorney Trainor. The Court denies the motion as to Interrogatory #6.

### Interrogatory #7
Court addresses Interrogatory #7 and response. Attorney Trainor responds re: insufficiency of responds; defense counsel responds. The Court directs Defendant to respond as stated on record.

### Interrogatory #8
Court addresses Interrogatory #8 and response. Attorney Trainor responds re: insufficiency of response; defense responds. Motion is denied as to #8.

### Interrogatory #9
Court addresses Interrogatory #9 and response. Attorney Trainor responds. Court denies motion as to #9.

### Interrogatory #10
Court addresses Interrogatory #10 and response. Attorney Trainor responds and Court grants motion with limitations as stated on record.

5

### Interrogatory #11
Court addresses Interrogatory #11 and response and denies the motion as to this request. Attorney Trainor makes remarks.

### Interrogatory #12
Court addresses Interrogatory #12 and response and Attorney Trainor responds. The motion is denied as to #12.

### Interrogatory #13
Court addresses Interrogatory #13 and response. Court questions Attorney Trainor on what specifically he is seeking in the response. Defense counsel makes rebuttal argument and Attorney Trainor makes further argument. Court will modify the Interrogatory and have Defendant respond, as stated on record.

### Interrogatory #14
Court addresses Interrogatory #14 and response. Attorney Trainor explains relevance of request and Court comments. Attorney Chiappetta responds. Court grants motion as to #14 as stated on record. Attorney Trainor makes further remarks, as does Court and Attorney Chiappetta. Court will grant motion as to #14 as once again stated on record. Defense counsel questions Court for clarification and Court responds.

### Interrogatory #15
Court addresses Interrogatory #15 and response and Attorney Trainor responds to Court's questions. Attorney Chiappetta comments. Court questions counsel further who responds. Defense counsel states he will remove objections and supplement response to extent anything exists. Court responds, as does Attorney Trainor.

### Interrogatory #16
Court addresses Interrogatory #16 and response and Attorney Chiappetta responds. Objection re: vagueness is overruled and Defendant is to respond as stated on record. Attorney Trainor remarks re: individual behind the account and defense counsel responds.

### Interrogatory #17
Court addresses Interrogatory #17 and response and Attorney Chiappetta responds to Court's questions. Court grants motion as to #17 as stated on record.

### **Interrogatory #18**
Court addresses Interrogatory #18 and response and Attorney Trainor responds to Court's questions. Attorney Chiappetta responds. Court denies the motion as to #18 as stated on record. Attorney Trainor makes further remarks.

### **Interrogatory #19**
Court addresses Interrogatory #19 and response and Attorney Trainor responds to Court's questions on relevance. Attorney Chiappetta responds. Court limits Interrogatory as stated on record and motion is granted in part and denied in part as to #19. Attorney Trainor remarks on the same.

### **Interrogatory #20**
Court addresses Interrogatory #20 and response and Attorney Trainor explains what he is looking for in response to Court's questions. Attorney Chiappetta remarks on the same. Motion is granted as to #20.

### **Interrogatory #21**
Court addresses Interrogatory #21 and response. Attorney Trainor responds to Court's inquiry. Attorney Chiappetta then responds; Attorney Trainor makes further remarks. Court grants motion to #21 in part as stated on record.

Court questions Attorney Chiappetta on how long he needs to provide updated responses and will allow 20 days.

Court addresses attorney's fee issue which will be denied at this time.

Court invites questions on Motions to Compel and Attorney Trainor responds.

Court revisits issue regarding Motion to Compel (Doc. 143) re: what was/was not provided from TikTok (document requests 1 and 8). Court gives Defendant 14 days to comply as stated on record. Court denies sanctions without prejudice at this time and addresses issue of subpoena to TikTok with Attorney Trainor. Court strongly warns Defendant re: document production, as stated on record, and readdressing sanctions, if needed.

End time: 2:09 PM