IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| JENNIFER COUTURE; RALPH GARRAMONE M.D. P.A. d/b/a GARRAMONE PLASTIC SURGERY,<br><br>Plaintiffs,<br><br>vs.<br><br>DANESH NOSHIRVAN a/k/a @THATDANESHGUY,<br><br>Defendants. | Civil Case No.: 2:23-cv-00340 |

**RALPH GARRAMONE M.D., AS AN INDIVIDUAL, AND AS CORPORATE REPRESENTATIVE OF RALPH GARRAMONE, M.D. PA, D/B/A GARRAMONE PLASTIC SURGERY AND JENNIFER COUTURE'S MOTION FOR A PROTECTIVE ORDER THAT PROHIBITS DEFENDANT DANESH NOSHIRVAN FROM USING SECRET and/or UNDISCLOSED AUDIO AND VIDEO RECORDING DEVICES DURING <u>THEIR VIDEOTAPED DEPOSITIONS</u>**

Plaintiff Ralph Garramone M.D., as an individual, and as corporate representative of Ralph Garramone, M.D. PA, d/b/a Garramone Plastic Surgery (hereinafter "Plaintiff") and Jennifer Couture ("Couture") respectfully submit this Moton for a Protective Order that prohibits defendant Danesh Noshirvan ("Defendant") from using secret and/or undisclosed audio and/or video recording devices to record the videotaped depositions of Garramone and Couture.

1. Upon newly discovered evidence and information the immediate need for this protective order is clear. Counsel for Defendant just disclosed that he

surreptitiously recorded proceedings in this matter, and upon that disclosure further investigation by Plaintiff's counsel found that he surreptitiously recorded proceedings and private conversations between Plaintiff and Plaintiff's counsel. Further, counsel for Defendant has attempted to use these recordings in ways that can only be described as extortionate.

2. The protective order is required to prevent future harm to be caused by counsel for Defendant's practice of unethical and illegal secret recordings of the proceedings and private conversations between Plaintiff and Plaintiff's counsel.

## SUMMARY OF FACTS

3. Secretly video recording a deposition is unethical in New Jersey and illegal in Florida. *Fla. Stats. §§ 934.03* and *934.04*. Prevention of further violations requires this protective order.

4. On August 16, 2024, Defendant's counsel disclosed that he surreptitiously recorded Defendant's deposition and the persons therein. He then attempted to leverage said secret video recording to prevent Plaintiff's counsel from notifying the Court that Defendant failed to comply with the Court's Order (ECF. No. 163).

5. Upon further investigation conducted after counsel for Defendant's disclosure, Plaintiff's counsel discovered that counsel for Defendant had

2

surreptitiously recorded the first half of Garramone's deposition conducted June 17, 2024.

6. On Friday, August 16, 2024, Defendant was required to produce documents as ordered by the Court in its Order dated August 2, 2024, issued at the conclusion of the hearing on Plaintiff's third motion to compel. *See Plaintiff's Third Motion to Compel Production of Documents*, ECF No. 163; *See also Clerk's Minutes – Motion Hearing*, ECF No. 162.

7. Counsel for Plaintiff reviewed Defendant's production and advised Defendant's counsel that Defendant did not comply with Court's Order, because Defendant did not download his TikTok data as ordered, nor did he explain with particularity the steps he took to download his data. Instead Defendant put forth an incomprehensible argument that he was not able to download his TikTok data, therefore, he claimed that he paid a commercial service to download his data, but that TikTok limits what commercial services can download. Upon a brief examination Defendant's claim was immediately disproven.

8. Counsel for the parties exchanged several emails regarding Defendant's non-compliance with the Court's Order, and Plaintiff's counsel ultimately advised Defendant's counsel that he will notify the Court of Noshirvan's non-compliance with the Court's Order, ECF No. 163.

3

9. In the email exchange Defendant's counsel disclosed that he secretly recorded Defendant's deposition on July 26, 2024, by using a hidden and undisclosed audio and video recording device, although Defendant's deposition was videotaped by the court stenographer and legal video recording service.

10. Defendant's counsel did not tell Plaintiff's counsel that he secretly recorded the deposition, rather, counsel for Defendant sent Plaintiff's counsel a selected portion of his secret video recording, which showed an argument between counsel for Garramone and Defendant.

11. In the email where he delivered the secret video recording, counsel for Defendant made several bogus accusations against counsel for Plaintiff. He accused Plaintiff's counsel of violating local rules by engaging in *ex parte* communications with the Court, because Plaintiff's counsel sent a thumb drive containing audio texts message from Defendant to James McGibney to Magistrate Dudek's chambers although counsel for Defendant was present at the hearing on August 2, 2024, where Magistrate Dudek instructed Plaintiff's counsel to send the audio text messages to his chambers. Further, counsel for Defendant was copied on the letter that delivered the thumb drive. The emails between counsel are attached hereto as **Exhibit A,** Bates Numbered Ex A 001-011.

12. However, most alarming about Counsel for Defendant's disclosure of his unethical surreptitiously recorded video of Defendant's deposition is his

attempt to utilize the secret video recording in a threatening manner that can only be described as blackmail to prevent Plaintiff's counsel from notifying the court of Defendant's non-compliance with its Order (service of notice is pending).

13. The threat was in his email response to counsel for Plaintiff's email where he instructed counsel for Defendant, that Defendant did not comply with the Court's Order because "he did not download his data," as Magistrate Dudek exhibited in Court. *See* Exhibit A 006. Counsel for Defendant then emailed the secret video, which he had for three weeks and suddenly claimed that Plaintiff's counsel violated speech rules after Defendant's deposition was concluded. *See* Exhibit A 005. This message was clearly meant as a threat to prevent Plaintiff's counsel from notifying the Court of Defendant's non-compliance with the Court's Order.

14. On Monday August 19, 2024, in light of counsel for Defendant's disclosure of his surreptitious recording and threats to use same to harm Plaintiff's counsel, counsel for Plaintiff conducted further investigation and discovered that counsel for Defendant secretly recorded the first half of Garramone's deposition, which was conducted June 17, 2024, in Fort Myers, Florida ("Florida recording").

15. The Florida recording includes recordings of private conversations between Plaintiff and Plaintiff's counsel which occurred when they believed they were off the record and alone in the private room during a break in the deposition.

5

16.     There is no reason to believe counsel for Defendant will not use secret recording devices without this Court's express prohibition against such conduct. Attempts to resolve the substantive issue have been met with inane arguments, non sequiturs, and massive conclusory leaps. *See* Exhibit A.

## **MEMORANDUM OF LAW**

Florida is a two-party consent state, meaning that all parties to a conversation must consent to the recording of the conversation. Here, counsel for Defendant secretly recorded multiple conversations and deposition without the consent of all parties. Under Florida law it is unlawful to intentionally intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept any wire, oral, or electronic communication. *Fla. Stat. § 934.03(a)*. Moreover, several federal courts, including the Eleventh Circuit, have found that surreptitious recording of a conversation is a violation of counsel's professional ethical duties, which are higher than "mere legality." *Smith v. Haynes & Haynes*, P.C., 2017 U.S. Dist. LEXIS 133951 *10 (N.D. Ala. Aug. 22, 2017) (*citing Parrott v. Wilson*, 707 F.2d 1262, 1270-72 (11th Cir. 1983) (affirming the forced disclosure of tapes created by a party's attorney through clandestine recording). In *Parrot*, the Court held that an attorney's "clandestine recordings were unethical," not work product and not protected. *Drummond Co. v. Conrad & Scherer*, LLP, 885 F.3d 1324, 1337 (11th Cir. 2018) (*citing Parrot*, 707 F.2d 1270-71).

The need for a protective order is clear. Defendant surreptitiously recorded two depositions, including one where he captured the private conversation between Plaintiff and his counsel, which occurred during a break when they were off the record and the only persons in the room at the time. It is anticipated that counsel for Defendant will use the private information he obtained via his secret, unethical, and illegal recordings in his line of questioning in the depositions.

Moreover, Defendant's counsel is using his second secret recording in a threatening manner to prevent Plaintiff's counsel from informing the Court that Defendant has not downloaded his TikTok data as the Court ordered. Such extortionate practices warrant this protective order to prohibit further abuses.

WHEREFORE, Plaintiff respectfully requests that this Court enter an granting Plaintiff a protective order the prohibits Defendant from using hidden and undisclosed audio and video recording devices, and further an order that compels Defendant to produce the secret audio and video recordings he has in this case.

Respectfully submitted,

Dated: August 21, 2024

_____
Patrick Trainor, Esquire (Attorney ID 242682019)
**LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
F: (201) 896-7815

pt@ptesq.com
*Attorney for Plaintiffs*

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Plaintiff's counsel certifies that on August 21, 2024, they conferred with Defendants counsel by email and counsel for Defendants opposes this motion.

August 21, 2024          _____
                          Patrick Trainor
                          *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Nick Chiappetta
Chiappetta Trial Lawyers
8401 Lake Worth Rd., Suite 130
Lake Worth, Fla. 33467
P: (561) 768-4500
F: (561) 7686-4600
nick@chiappettalegal.com
*Attorney for Defendant Danesh Noshirvan*

August 21, 2024          _____
                          Patrick Trainor
                          *Attorney for Plaintiffs*