IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER COUTURE; RALPH
GARRAMONE M.D. P.A. d/b/a
GARRAMONE PLASTIC SURGERY,   Case No. 2:23-cv-00340-SPC-KCD

Plaintiffs,

vs.

DANESH NOSHIRVAN a/k/a
@THATDANESHGUY

Defendant.
_____/

# DEFENDANT, DANESH NOSHIRVAN a/k/a @THATDANESHGUY's, RESPONSE IN OPPOSITION TO JENNIFER COUTURE AND RALPH GARRAMONE M.D. P.A. d/b/a GARRAMONE PLASTIC SURGERY MOTION FOR A PROTECTIVE ORDER

Pursuant to Local Rule 3.01(b) defendant, Danesh Noshirvan ("Noshirvan"), by and through his undersigned counsel, files this Response in Opposition to Plaintiff, Ralph Garramone M.D. P.A. D/B/A Garramone Plastic Surgery's ("GPS") and non-party, Jennifer Couture's untimely Motion for Protective Order (Doc. 165),

I. Statement of Fact

1. This is an action for tortious interference with a business relationship

and civil conspiracy to tortiously interfere with a business relationship, brought by GPS.

2. There is a companion case where Noshirvan is the plaintiff. In that case, Noshirvan alleged that Dr. Ralph Garramone, Jennifer Couture, Joseph A. Camp, and Patrick Trainor plotted together and with others to cause him harm. See 2:23-cv-01218-JES-KCD.  A copy of Noshirvan's July 26, 2024, deposition transcript taken in this case is attached as **Exhibit A**.

3. In this case, GPS unilaterally noticed Noshirvan's deposition to occur in New Jersey, which occurred on July 26, 2024.  In response, Noshirvan sought a protective order, which the Court denied. See Dkts. 153-4, 155-6.

4. Noshirvan attended GPS's deposition in New Jersey. During the deposition, Noshirvan was meet with hostilities by Mr. Trainor. See, generally, Ex. A. However, at some point, Mr. Trainor started name calling. Specifically, Mr. Trainor called Noshirvan a "liar" multiple times on the record. Ex. A. p. 61 ("You are a stone liar.")

5. After Noshirvan's videotaped deposition concluded.  Mr. Trainor began swearing at Noshirvan. As a result, the undersigned took out his cellphone, held it in plain view, and started recording the exchange as evidence of Mr. Trainor's improper and unethical conduct. A copy of the

video recording capturing Mr. Trainor using profanity towards Noshirvan is **Exhibit B** (and will be submitted to the Court).

6. On August 16, 2024, the undersigned emailed Mr. Trainor Noshirvan's Court Ordered document production. A true and complete copy of that email chain is attached as **Exhibit C.** A few hours later, Mr. Trainor responds with "The defendant did not comply with the Court's Order. I will inform the Court." Ex. C, p.7-10.

7. The undersigned followed up by asking "what are you claiming has not been complied with? My client has until midnight to respond per the Court Order. You have a good faith duty to confer and communicate in good faith." Ex. C, p.7. That email also mentions Mr. Trainor's improper use of arguments in his August 06, 2024, letter to the Court where he submitted a jump drive to the Court. A copy of the August 06, 2024, is attached as **Exhibit D.** Two pages of *ex parte* argument is improper. *See id.*

8. In that same email chain, the undersigned addressed four different topics. See Ex. C, P. 5. The first and second topics pertained to Mr. Trainor's perceived "discovery issues." The third, pertained to the excessive and improper arguments contained in Mr. Trainor's August 06, 2024, *ex parte* letter to the Court. See Ex. C, P. 5 and Ex. D. The fourth topic addressed simply

requested a meet and confer regarding Mr. Trainor's improper behavior and use of profanity towards Noshirvan at the July 26, 2024, deposition in New Jersey (i.e., "Fourth, we will need to meet and confer regarding you utilizing profanity towards Noshirvan at the July 26, 2024, deposition."). See Ex. C, P. 5. It is clear for the text of the emails that no one is being extorted as Mr. Trainor inaccurately claims. Compare Dkt. 165, p. 2 and 5.

9. On August 19, 2024, in the same email chain, the undersigned clarified Mr. Trainor's misconception and stated "I ask that you do not disparage myself or my client when your improper actions at the July 26th deposition clearly speak for themselves. In any event, my request to meet and confer was not mutually inclusive. Stated differently, [r]egardless of what you do, or motion you plan on bringing, we still need to meet and confer because I wish to bring your improper behavior at the July 26th deposition to the Court's attention. I hope you realize that your actions actually hurt your clients." Ex. C, P. 3.

10. On August 20, 2024, Mr. Trainor emailed the undersigned, claiming that he would be filing a motion for protective order. A true and correct copy of the email chain is attached as **Exhibit E**. GPS's continued deposition was set to occur on Thursday, August 21, 2024 at 9:30am. Mr. Trainor initially

claimed that the need for protective order was "based on information [the undersigned] disclosed on Friday." See Ex. E., p. 4. The only matter disclosed on Friday, August 16, 2024, was the video recording of Mr. Trainor using profanity toward Noshirvan after conclusion of the July 26, 2024, deposition in New Jersey. Curiously, Mr. Trainor never mentioned in any emails that he was going to falsely allege or imply that the "first half of" "[GPS's] deposition conducted on June 17, 2024" in Florida was surreptitiously recorded.[1] See Dkt. 165, p.3, ¶5. GPS's June 17, 2024, was noticed as videotaped and stenography recorded deposition. Professionals from Veritext Court Reporting were the only individuals who recorded the proceeding. Logically, Mr. Trainor's assertion does not make sense because the undersigned examined GPS's corporate representative for the entire "first half" of the deposition. Furthermore, Mr. Trainor presents no evidence that any deposition was "surreptitiously recorded", let alone the June 17, 2024, deposition in Florida.

11. Next, Mr. Trainor argues that "proceedings and private

---

[1] GPS and Mr. Trainor falsely allege that private conversations between himself and GPS were recorded when they were "alone in the private room during a break in the deposition." Dkt.,165, p.5, ¶15. GPS's June 17, 2024, took place a Premier Executive Center in Fort Myers. Only one large conference room was rented by Noshirvan and Noshirvan does not control or have access to any other rooms or suites in that building.

conversations between GPS and [himself]" were secretly recorded. See Dkt. 165, p.2, ¶1. Mr. Trainor's accusations are unfounded, and he presents no evidence to support his unadorned bald assertions. Instead, GPS and Mr. Trainor hang their hat on one email chain, where Mr. Trainor attempts to hide his outlandish and uncivilized behavior at the July 26, 2024, deposition of Noshirvan.

12. Interestingly, Mr. Trainor seems to imply that inclusion of Duane Morris (GPS's counsel in the 1218 Case) and Wicker Smith (OMG Realty, LLC's, Jennifer Couture's and Dr. Ralph Garramone's counsel in the 1218 Case) on an email chain is improper. However, those law firms are entitled to know or be aware of issues concerning their shared clients.

13. The real reason for GPS's, Jennifer Couture's, and Mr. Trainor's refusal to attend the deposition is because documents surfaced that unequivocally show that GPS, Dr. Ralph Garramone, and Jennifer Couture paid or employed Joseph A. Camp as "marketing and social media manager" – paying him $2,000 dollars per month – since May 05, 2022. A copy of GPS business records is attached as composite **Exhibit F**. GPS, Dr. Garramone and Jennifer Couture communicated with Joseph A. Camp through multiple email addresses like: Joey@joeycamp2020.com, joey@yourdaddyjoey.news,

campjosepha@gmail.com. Some of those email addresses have been emailing this Court since September 14, 2023, and as late as August 02, 2024. True and correct copies of the email correspondence is attached as **Exhibit G**.

14. GPS and Jennifer Couture's Local rule 3.01(g) certification is deficit in so far as it alleges conferral by email. See Dkt. 165. A "very important rule[,]" *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876, 878 (M.D.Fla.1996), Local Rule 3.01(g) mandates "a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action[.]" *Lockheed Martin Corp. v. The Boeing Co.*, No. 6:03–cv–796–Orl–28KRS, 2003 WL 22962782, at *5 (M.D.Fla. Oct.21, 2003); see also *Davis v. Apfel*, No. 6:98–CV–651–ORL–22A, 2000 WL 1658575, at *2 n. 1 (M.D.Fla. Aug.14, 2000) ("Rule 3.01(g) requires counsel ... to ... speak to each other in person or by telephone[.]"). In view of the importance of such effort, "Local Rule 3.01(g) is strictly enforced." *United States v. Gwinn*, No. 8:02–CV–1112–T–27EAJ, 2003 WL 21356785, at *2 (M.D.Fla. Apr.25, 2003) (citing Middle District Discovery (2001)); *Goodbys Creek, LLC v. Arch Ins. Co.*, 3:07-CV-947-J-34HTS, 2008 WL 5263701, at *1 (M.D. Fla. Dec. 17, 2008).

II. Argument

New Jersey is a one-party consent state. See N.J. Stat. §§ 2A:156A-3, -4.

Thus, video recording is legal in New Jersey. GPS and Jennifer Couture only cite to two cases arguing that it is unethical to video record a party's attorney through "clandestine recording"). Both cases cited by GPS and Jennifer Couture quote *Parrott v. Wilson*, 707 F.2d 1262, 1271 (11th Cir. 1983), which held that attorney's secret recordings of conversations with two witnesses were unethical and were not protected by work product privilege. In *Drummond Co., Inc. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1339 (11th Cir. 2018), The Eleventh Circuit clarified in footnote 10, that:

> At the time we decided *Parrott*, an ABA opinion concluded that it was unethical for an attorney to make a clandestine recording, even when such recording was legal under state law. 707 F.2d at 1271 n.19 (11th Cir. 1983). *That ABA opinion has since been withdrawn.* See ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 01-422 (2001). *We express no opinion whether an attorney who makes a clandestine recording today acts unethically.*

(Emph. added).

First, based upon the ABA's retraction, Eleventh Circuit has left undecided whether clandestine recordings are unethical today. Second, the July 26, 2024, recording was made ethically and legally in New Jersey, after conclusion of Noshirvan's deposition. Noshirvan and the undersigned consent. Third, the recording was not made in secret or in any clandestine manner. A cellphone was held in the air in plain view roughly three feet from

Mr. Trainor's face. Perhaps Mr. Trainor would be more aware of his surroundings if he was not distracted by his utilization profanity directed at Noshirvan. Fourth, all parties consented to attend a videotaped deposition. Thus, consent to recording is implied. Mr. Trainor is simply mad that his true behavior was caught on camera. Mr. Trainor's actions were unbecoming.

Florida is a two-party consent state. This means that, under state law, all parties involved in private conversations must consent to that conversation being recorded. It goes without saying that all parties are expected and required to follow the law in the state where a deposition takes place.

Despite Mr. Trainor's bare allegations, the undersigned has maintained an impeccable discipline history with the Florida Bar. There is simply no evidence of any wrongdoing and unadorned allegations are insufficient. See Dkt. 157.

Furthermore, GPS's unsupported allegation of a secret recording at the June 17, 2024, deposition, while in a "private room", is frankly questionable. How GPS does not state how this alleged recording took place? What private room GPS and Mr. Trainor went into. Who was in charge of that room? How alleged recording devices got into that unknown room. And rightly so, because no secret recording took place. GPS's June 17, 2024, took place a

Premier Executive Center in Fort Myers. Only one large conference room was rented by Noshirvan and Noshirvan does not control or have access to any other rooms or suites in that building. Put simply, if Mr. Trainor had proof he would have provided it to the Court along with GPS's motion for protective order. He did not. That ends the inquiry.

### III. Sanctions

Under Rule 37(a)(5), "an award of attorney's fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014). Rule 37 does have a safe-harbor provision. The court need not order sanctions if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The burden of avoiding sanctions rests on the disobedient party. See, e.g., *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020)( (awarding attorney fees where the "[d]efendant . . . failed to provide any meaningful opposition to [the] request for sanctions"); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180,

at *2 (S.D. Fla. May 4, 2010); KePRO Acquisitions, Inc. v. Analytics Holdings, LLC, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021)( (levying attorney fees where the opposing party "fail[ed] to present evidence supporting any of the three exceptions listed in Rule 37(a)(5)(A)").

### IV. Conclusion

Accordingly, the Court should deny GPS's and Jennifer Couture's Motion for protective order, order GPS and Jennifer Couture to sit for deposition respectively on August 22, 2024, and August 23, 2024, award rule 37 sanctions for wasting the court's and counsel's time, and any other relief the Court deems just and proper.

Respectfully submitted,

Nicholas A. Chiappetta, Esq.
**Chiappetta Trial Lawyers**
Attorneys for Mr. Noshirvan
2101 Vista Parkway, Suite 258
West Palm Beach, Florida 33411
Direct: (561) 768-4500
Fax:    (561) 768-4600
service@chiappettalegal.com
nick@chiappettalegal.com
www.chiappettalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Patrick Trainor, Esquire
Law Office of Patrick Trainor, Esq., LLC
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for GPS*

/s/ *Nicholas A. Chiappetta*
Nicholas A. Chiappetta