# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

CASE NO. 2:23-cv-00340-SPC-KCD

JENNIFER COUTURE; RALPH  )
GARRAMONE M.D. P.A. d/b/a  )
GARRAMONE PLASTIC SURGERY,  )
                                                                                 )
    Plaintiffs,  )
                                                                                )
v.  )
                                                                                )
DANESH NOSHIRVAN a/k/a  )
@THATDANESHGUY,  )
                                                                                )
    Defendant.  )
_____ )

## PLAINTIFF RALPH GARRAMONE M.D., P.A., D/B/A GARRAMONE PLASTIC SURGERY'S TIME-SENSITIVE MOTION FOR PROTECTIVE ORDER

Plaintiff RALPH GARRAMONE M.D. P.A. d/b/a GARRAMONE PLASTIC SURGERY ("*GPS*"), pursuant to Federal Rule of Civil Procedure 26 and Local Rule 3.01(e), moves on a time-sensitive basis for the entry of a protective order postponing its deposition currently scheduled to take place on September 25, 2024 in West Palm Beach, Florida. In support thereof, GPS states as follows:

### BASIS FOR TIME-SENSITIVE REQUEST

GPS seeks relief on a time-sensitive basis to postpone its deposition currently scheduled to take place on September 25, 2024 to (1) allow sufficient time

for the Court to rule upon GPS's Amended Motion to Transfer filed in the related action, *Noshirvan v. Couture, et al.*, Case No. 2:23-cv-001218-JES-KCD; and (2) to prevent GPS from being subjected to duplicative depositions on the same subject matter and further strain by having to appear for a deposition in West Palm Beach, Florida instead of the situs of this litigation in Fort Myers, Florida.  Given the time constrains and the logistics involved, GPS respectfully asks that the Court rule upon this motion on or before **Tuesday, September 24, 2024**.

## FACTUAL AND PROCEDURAL BACKGROUND

1. On March 22, 2023, GPS initiated this litigation (the "***340 Case***").  At that time, GPS was represented by Patrick Trainor, Esq. of the Law Office of Patrick Trainor, Esq.

2. On December 26, 2023, rather than bringing his compulsory counter-claims in this action and avoiding unnecessary judicial strain, Defendant Danesh Noshirvan ("***Noshirvan***") initiated the related action, *Noshirvan v. Couture, et al.*, 2:23-cv-1218-JES-KCD (the "***1218 Case***").

3. In the 1218 Case, Noshirvan simultaneously filed a Notice of Related Action, highlighting the existence of the 340 Case. (1218 Case, D.E. 19).

4. Based on the Notice of Related Action, on March 26, 2024, the Court entered an Order reassigning the case to Magistrate Judge Kyle Dudek. (1218 Case, D.E. 57). The Court recognized "that in the interest of efficiency and consistency,

2

the parties would be best served by having the same magistrate judge assigned to both cases." *Id.* GPS shares the Court's sentiment and, in an effort to further streamline these proceedings, has since moved to transfer the 1218 Case to this Court's docket.

5. On April 16, 2024, Noshirvan served Plaintiff's First Request for Production ("***1218 FRP***") on GPS. A copy of the 1218 FRP is attached hereto as **Exhibit A**.

6. On August 29, 2024, Noshirvan served his Second Re-Notice of Taking Videotape Deposition(s) *Duces Tecum* Continuation of Adjourned Deposition ("***340 Deposition Notice***") on GPS. The deposition is to take place in West Palm Beach, Florida on September 25, 2024.[1] Moreover, many of the documents requested in the *duces tecum* portion of the deposition notice are identical to the documents requested in the 1218 RFP. A copy of the 340 Deposition Notice is attached hereto as **Exhibit B**.

7. Additionally, on August 30, 2024, Noshirvan served his Notice of Taking Videotape Deposition (***"1218 Deposition Notice"***) on GPS in the 1218 Case. A copy of the 1218 Deposition Notice is attached hereto as **Exhibit C**. GPS

---

[1] GPS notes that Jennifer Couture's deposition has been set to take place in Fort Myers, Florida, on September 26, 2024.

provided Noshirvan with its objection to the 1218 Deposition Notice on September 6, 2024.

8.     Then, on September 10, 2024, Norshirvan served an Amended Notice of Taking Videotaped Deposition on GPS (*"Amended 1218 Deposition Notice"*), which, according to Noshirvan's counsel, included topics that "are largely the same[,] just reworded to be more specific." A copy of the Amended 1218 Deposition Notice is attached hereto as **Exhibit D**. GPS finds Noshirvan's Amended 1218 Deposition Notice to be equally objectionable, but the parties are not scheduled to confer on its substance until October 2, 2024.

9.     The deposition notices and document requests served on GPS clearly demonstrate that Noshirvan seeks to conduct duplicative depositions on the same deponent on the same subject matter and require GPS to duplicate its document productions.

10.    Given the significant degree of overlap between the parties, their counsel, the facts, and the discovery between the 340 Case and the 1218 Case, GPS filed its Amended Motion to Transfer in the 1218 Case (1218 Case, D.E. 136), and filed a Notice of the transfer request in the 340 Case on September 20, 2024. (D.E. 184).

## ARGUMENT AND CITATION TO AUTHORITIES

### A.   Applicable Legal Standard.

Under Fed. R. Civ. P. Rule 26(c)(1)

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; and (B) specifying terms, including time and place or the allocation of expenses, for the disclosure of discovery.

This Court has "broad discretion" to issue protective orders. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir. 1987). Rule 26(c)(1) allows the Court to make an order limiting discovery, so long as the moving party can demonstrate "good cause." *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005). Good cause "signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litigation*, 820 F.2d at 356. The Eleventh Circuit has identified four factors to guide courts in their determination for "good cause." *Id.* Such factors include "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Id.*

5

(citing *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1205 (11th. Cir. 1985)).

Discovery may also be limited for reasons such as:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving issues.

*Id.* at 430; Fed. R. Civ. P. 26(b)(C)(2).

As explained herein, GPS respectfully submits that good cause exists for the Court to enter a protective order.

### B. The Court Should Issue a Protective Order and Postpone GPS's Deposition to Allow Sufficient Time for the Court to Consider GPS's Amended Motion to Transfer.

As stated above, GPS moved for an intra-district transfer under Local Rule 1.07(a) in the 1218 Case given the overlapping parties, facts, and duplicative discovery requested in both the 340 Case and the 1218 Case. Indeed, the goal of seeking a transfer is to consolidate the 340 Case and the 1218 Case for all purposes, including trial.

Transferring a case from one judge to another in the same district, however, is entirely discretionary. *Daniels v. Gov't Emps. Ins. Co.*, 2020 WL 6599420, at *2 (M.D. Fla. Jan. 15, 2020) ("The determination [. . .] is vested in the sound discretion in the Court."). Perhaps more critically, the decision to transfer resides with the

judge in the later-filed action, but they can only transfer "with the consent of the transferee judge." *Local Rule 1.07(a)(2)(B)*.

Here, the Court should issue a protective order and postpone GPS's deposition to allow sufficient time for District Judge Chappell and District Judge Steele to confer on GPS's motion to transfer and, assuming Judge Chappell accepts the transfer, GPS's forthcoming request to consolidate both cases for all purposes, including trial.

Moreover, GPS recognizes that the discovery period in the 340 Case ends on September 27, 2024 pursuant to the Amended Case Management and Scheduling Order (D.E. 138), but no party would be prejudiced by briefly extending the discovery deadline as the trial in the 340 Case is currently set for May 2025, and aligning the 340 Case with the 1218 Case would undoubtedly conserve the resources of the Court, the parties, and their counsel as well as promote the efficient adjudication of both cases on the merits.

    **C.    The Court Should Issue a Protective Order to Prevent Duplicative Depositions to Elicit the Same Testimony from the Same Deponent on the Same Subject Matter.**

Additionally, a protective order should be entered because Plaintiff's deposition topics and document requests are duplicative and are intended to harass GPS. In both the 340 Case and the 1218 Case, Noshirvan seeks to elicit the same testimony from the same deponent on the same subject matter. Put another

7

way, Noshirvan seeks depose GPS no less than three times in two different cities between the 340 Case and the 1218 Case. The Court should not allow such discovery tactics and abuses.

Pursuant to Rule 26, Federal Rules of Civil Procedure, courts "must limit the frequency or extent of discovery otherwise allowed . . . if it determines that the discovery sought is unreasonable cumulative or duplicative" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii); *Davis v. Wing Enterprises, Inc.*, 2021 WL 4478247, at *11-12 (M.D. Fla. Sept. 30, 2021).

For example, in the 340 Deposition Notice, Noshirvan requests, among other things, that GPS, "Produce any Documents and ESI in your possession, custody, or control, that show any payments in any form, including bank transfers, wires, crypto, currency, or any other monetary transfer from you to Joseph A. Camp." Ex. B. p. 7, ¶33. Similarly, in the 1218 RFP, Noshirvan requests the exact same information, *verbatim*, regarding Joseph A. Camp. Ex. A. ¶3. Noshirvan repeats his pattern seeking the same information throughout the 1218 RFP and the 340 Deposition Notice. *Compare* Ex. A. ¶¶4–9 and 14, 17, 18 *with* Ex. B. ¶¶34–42. Not to belabor the Court by quoting all of Noshirvan's duplicative discovery requests, GPS cites to the paragraphs at issue in each exhibit. *Compare* Ex. A. ¶¶21–28, 30–42 *with* Ex. B. ¶¶64–67, 69–73, 75–78. Noshirvan's duplicative deposition topics are

8

equally extensive and cumulative between both the 340 Case and 1218 Case. *Compare* Ex. B. ¶¶5–8, 10–16, 23 *with* Ex. C. ¶¶2, 4–7, 10–14, 16, 17, 19, 30, 37. As such, the Court should enter a protective order to prevent GPS from being subjected to unnecessary, duplicative, and harassing discovery practices.

## CONCLUSION

Based on the foregoing, GPS respectfully requests the Court consider this motion on a time-sensitive basis and enter and Order: (i) postponing GPS's deposition until the Court can rule upon GPS's Motion to Transfer; (ii) enter a protective order precluding GPS from being subjected to multiple and duplicative depositions in two different cities; and (iii) for any such further relief as the Court deems necessary and just.

## CERTIFICATE OF CONFERRAL

I HEREBY CERTIFY that the undersigned conferred with Plaintiff's counsel via email on September 18, 2024 regarding the relief requested herein and Plaintiff's counsel informed the undersigned of his opposition to the motion.

DATED: September 20, 2024

        Respectfully submitted,

        */s/ Julian A. Jackson-Fannin*
        Harvey W. Gurland, Jr., Esq.
        Florida Bar No. 284033
        Julian A. Jackson-Fannin, Esq.
        Florida Bar No. 93220

>Anoosheh Shaikh, Esq.
>Florida Bar No. 1039830
>DUANE MORRIS LLP
>201 South Biscayne Boulevard
>Suite 3400
>Miami, FL 33131
>Tel:  561.962.2108
>HWGurland@duanemorris.com
>JJFannin@duanemorris.com
>AShaikh@duanemorris.com
>PNMendoza@duanemorris.com
> JMagarin@duanemorris.com
>
>*Counsel for Plaintiff Ralph Garramone M.D., P.A., d/b/a Garramone Plastic Surgery*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of September, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

| | |
|---|---|
| Nicholas A. Chiappetta, Esq.<br>Chiappetta Trial Lawyers<br>8401 Lake Worth Road, Suite 130<br>Lake Worth, Florida 33467<br>service@chiappettalegal.com<br>nick@chiappettalegal.com<br>*Counsel for Defendant* | Patrick Trainor, Esq.<br>Law Office of Patrick Trainor, Esq., LLC<br>19 Union Avenue, Suite 201<br>Rutherford, New Jersey 07070<br>Tel: 201.777.3327<br>pt@ptesq.com<br>*Counsel for Jennifer Couture* |

*/s/ Julian A. Jackson-Fannin*
Julian A. Jackson-Fannin, Esq.

DM1\15729273.1