## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

RALPH GARRAMONE M.D. P.A.
d/b/a GARRAMONE PLASTIC
SURGERY,

              Plaintiffs,

    v.

DANESH NOSHIRVAN a/k/a
@THATDANESHGUY

             Defendant.

CASE NO. 2:23-CV-00340-SPC-KCD

### NON-PARTY JENNIFER COUTURE'S
### TIME-SENSITIVE OPPOSED MOTION FOR PROTECTIVE ORDER

Non-party Jennifer Couture (hereinafter "Couture") moves on a time-sensitive basis pursuant to *Federal Rule of Civil Procedure 26* and Local Rule 3.01(e) for the entry of a protective order postponing Couture's Videotaped Deposition noticed to take place on September 26, 2024, in Fort Myers, Florida.  In support thereof, Couture states as follows:

### BASIS FOR TIME SENSITIVE REQUEST

Non-party Couture seeks relief on a time-sensitive basis to postpone her videotaped deposition that Noshirvan noticed pursuant to *Rule 30* of the *Federal Rules of Civil Procedure* to take place on September 26, 2024, in order to allow sufficient time for the Court to rule upon the Amended Motion to Transfer that was

filed by Ralph Garramone M.D. P.A. d/b/a Garramone Plastic Surgery's ("GPS") in the related action known as *Noshirvan v. Couture, et al.*, Case No. 2:23-cv-001218-JES-KCD, which will also prevent Couture from being subjected to duplicative depositions on the same subject matter. Moreover, Noshirvan's *Rule 30* Notice of Taking Videotaped Deposition *Duces Tecum* cannot compel a non-party, such as Couture to attend a deposition and produce documents. In order to compel a non-party's attendance at a deposition, Noshirvan must serve the non-party a subpoena pursuant to *Rule 45*. *Hamilton Grp. Funding, Inc. v. Basel*, No. 16-61145-CIV-ZLOCH, 2017 U.S. Dist. LEXIS 220611, at *1-5 (S.D. Fla. July 20, 2017) (*quoting* 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2106 (3d ed. 2017).

Given the time constraints and the logistics involved, Couture respectfully asks that the Court rule upon this motion on or before Tuesday, September 24, 2024.

## **FACTUAL AND PROCEDURAL BACKGROUND**

1.      On May 30, 2023, Couture initiated this litigation (the "340 Case"). At that time, Couture was represented by Patrick Trainor, Esq. of the Law Office of Patrick Trainor, Esq.

2.      On December 26, 2023, rather than bringing his compulsory counter-claims in this action and avoiding unnecessary judicial strain, Defendant Danesh

Noshirvan ("Noshirvan") initiated the related action, *Noshirvan v. Couture, et al.*, 2:23-cv-1218-JES-KCD (the "1218 Case").

3.      In the 1218 Case, Noshirvan simultaneously filed a Notice of Related Action, highlighting the existence of the 340 Case.  *See* 1218 Case, ECF No. 19.

4.      Based on the Notice of Related Action, on March 26, 2024, the Court entered an Order reassigning the case to Magistrate Judge Kyle Dudek.  *See* 1218 Case, ECF No. 57.  The Court recognized "that in the interest of efficiency and consistency, the parties would be best served by having the same magistrate judge assigned to both cases." *Id.*  Couture shares the Court's sentiment and, in an effort to further streamline these proceedings, has since moved to transfer the 1218 Case to this Court's docket.

5.      On April 9, 2024, Couture's claims in the 340 Case were dismissed. ECF No. 111.

6.      On April 16, 2024, in the 1218 Case Noshirvan served Couture his First Request for Production ("1218 RFP") of documents.  A copy of the 1218 RFPs is attached hereto as **Exhibit C**.

7.      On August 29, 2024, in the 340 Case, in accordance with *Rule 30* of the *Federal Rules of Civil Procedure* Noshirvan served non-party Couture a Re-Notice of Taking Videotape Deposition(s) *Duces Tecum* ("340 Notice") to take

place in Fort Myers, Florida on September 26, 2024.  A copy of the 340 Notice is attached hereto as **Exhibit A**.

8.      Noshirvan's 340 Notice was served pursuant to *Rule 30* which cannot compel a non-party to sit for a deposition or produce documents.  In order to compel non-party Couture's attendance at a deposition and production of documents, Noshirvan must have served a subpoena pursuant to *Rule 45*.

9.      Moreover, the 340 Notice is further deficient, because it does not set forth a list of topics that would be the subject of the examination, and the documents Noshirvan requested in the *duces tecum* portion of the 340 Notice are duplicative of documents he requested in his 340 RFPs that he served on April 2, 2024, and the 1218 RFPs he served on April 16, 2024, which themselves are duplicates.  A copy of the 340 RFPs are attached hereto as **Exhibit B**.  *See also* 1218 RFPs at Exhibit C.

10.     The 340 Notice is not only insufficient to compel Couture's deposition and production of documents, but it clearly demonstrate that Noshirvan seeks to depose her multiple times and require Couture to triplicate her document production, without identifying the subject matter to be examined.

11.     Given significant degree of overlap between the parties, counsel, facts, and discovery, on September 20, 2024, Ralph Garramone M.D. P.A. d/b/a Garramone Plastic Surgery's ("Garramone") moved to transfer the 1218 Case to

4

the 340 Case (1218 Case, ECF No. 136) and filed Notice of the transfer request in the 340 Case.  ECF No. 184.

## I.   **LEGAL ARGUMENT**

Noshirvan's *Rule 30* notice of taking Couture's videotaped deposition duces tecum cannot be used to compel a non-party's deposition.  Non-party's such as Couture, can only be compelled to sit for a deposition upon service of a subpoena pursuant to *Rule 45*.  Here, in conjunction with the pending motion to transfer, the protective order is warranted in order to prevent Noshirvan's improper attempt to compel a non-party's deposition and cumulative document production.

Rule 26(c)(1) of the Federal Rules of Civil Procedure permits the Court to enter a protective order where:

> "A party or any person from whom discovery is sought to move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; and (B) specifying terms, including time and place or the allocation of expenses, for the disclosure of discovery.

The Courts have "broad discretion" to issue protective orders.  *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir. 1987).  Rule 26(c)(1)

allows the Court to make an order limiting discovery, so long as the moving party can demonstrate "good cause." *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005). Good cause "signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litigation*, 820 F.2d at 356. The Eleventh Circuit has identified four factors to guide courts in their determination for "good cause." *Id.* Such factors include "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Id.* (*citing Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1205 (11th. Cir. 1985)).

Discovery may also be limited for reasons such as: (i) the discovery sought is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving issues. *Auto-Owners Ins. Co.*, 231 F.R.D. at 430.

Good cause further exists, because Couture is a non-party who can only be compelled to attend a deposition and/or produce documents upon being served a

subpoena pursuant to *Rule 45*, but Noshirvan served non-party Couture a Notice of Taking Videotaped Deposition *duces tecum* pursuant to *Rule 30,* which only applies to a party to the action. "If a party is to be examined, the notice under this rule [Rule 30] is sufficient to require the party's attendance," however, "if the deponent is not a party, he or she must be subpoenaed." *Hamilton Grp. Funding*, 2017 U.S. Dist. LEXIS 220611 at *3. A "non-party before being compelled to testify, he or she must be served with a subpoena pursuant to Federal Rule of Civil Procedure 45." *Karakis v. Foreva Jens Inc.*, 2009 U.S. Dist. LEXIS 6356 *3 (S.D. Fla. Jan. 19, 2009).

Here, Noshirvan's failure to comply with the rules presents Couture with a Hobson's Choice of harms. If she does not appear to be deposed because she was not properly served, Noshirvan will move the court to sanction her, and she will incur significant fees opposing his improper motion. On the other hand, if she attends the deposition, in spite of its procedural defects, she will be subjected to examination upon unknown topics. In either case she is harmed by Noshirvan's non-compliance with rules to depose a non-party.

## A. The Protective Order is Necessary to Allow Sufficient Time for the Court to Consider GPS's Amended Motion to Transfer

In the related 1218 case, given the overlapping parties, facts, and duplicative discovery requested in both the 340 Case and the 1218 Case, GPS moved for an

intra-district transfer under Local Rule 1.07(a).  The goal of seeking the transfer is to consolidate the 340 Case and the 1218 Case for all purposes, including trial.

Transferring a case from one judge to another in the same district, however, is entirely discretionary.  *Daniels v. Gov't Emps. Ins. Co.*, 2020 U.S. Dist. LEXIS 212947 *4 (M.D. Fla. Jan. 15, 2020) ("The determination [. . .] is vested in the sound discretion in the Court.").  Perhaps more critically, the decision to transfer resides with the judge in the later-filed action, but they can only transfer "with the consent of the transferee judge." *Local Rule 1.07(a)(2)(B).*

Moreover, Couture recognizes the discovery period in the 340 Case ends on September 27, 2024, pursuant to the Amended Case Management and Scheduling Order (ECF No. 138), but, neither party would be prejudiced by a brief extension of the discovery deadline as the start date for the trial in the 340 Case is not until May 2025, and aligning the 340 Case with the 1218 Case would undoubtedly conserve the resources of the Court, the parties, and their counsel as well as promote the efficient adjudication of both cases on the merits.

Here, the protective order is warranted to allow sufficient time for District Judge Chappell and District Judge Steele to confer on the pending motion.

### B. Noshirvan's Rule 30 Notice of Taking Videotaped Deposition Duces Tecum is Defective and Cannot Compel a Non-Party to Present for a <u>Deposition or Produce Documents</u>

Noshirvan's Rule 30 340 Notice cannot compel a non-party like Couture to be deposed.  If allowed Noshirvan's procedurally defective Rule 30 notice would require Couture to be deposed twice on the same subject matter, and comply with an unreasonably cumulative and triplicated request for production of documents. Pursuant to *Rule 26 of the Federal Rules of Civil Procedure*, courts "must limit the frequency or extent of discovery otherwise allowed…if it determines that the discovery sought is unreasonably cumulative or duplicative" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii);  *Davis v. Wing Enterprises, Inc.*, 2021 WL 4478247, at *11-12 (M.D. Fla. Sept. 30, 2021).  The Court must issue a protective order to prevent Noshirvan's improper discovery tactics and abuses.

The documents Noshirvan requested Couture produce via his improper Rule 30 notice of deposition in the 340 Case, are duplicative of the documents he requested in the 340 Case and in the 1218 Case.  For example, in the 340 Case Deposition Notice, and Requests for Production of Documents ("RFP") request number 25 in both, requires Couture to "Produce any Documents and ESI in your possession, custody, or control, that show any payments in any form, including bank transfers, wires, crypto, currency, or any other monetary transfer from you to Joseph A. Camp."  *See* Exhibit A, ¶ 25.  *See also* Exhibit B, ¶ 25.  Noshirvan's RFP's in the 1218 Case, required Couture to "Produce any Documents and ESI in

your possession, custody, or control, that show any payments in any form, including bank transfers, wires, crypto, currency, or any other monetary transfer from you to Joseph A. Camp." *See* Exhibit C, ¶ 3.  The only difference in Noshirvan's triplicate requests for documents is that in the 340 Case RFP's and 340 Notice Noshirvan numbered the above requests as request number 25, whereas in his 1218 RFP's to Couture, Noshirvan numbered the request number 3.  *Cf.* Ex. A and Ex. B ¶ 25 to Ex. C. ¶ 3.

Noshirvan's triplicated requests are seen throughout his RFP's in both cases and in the notice of deposition in the 340 Case.  *Cf.* Ex. A and Ex. B ¶¶ 28-32 to ¶¶ to Ex. C. ¶¶ 7-9, 14, 18.  *Also Compare* ¶¶ 43-48 of Ex.'s A and B to ¶ 24, 25-28 of Ex. C; ¶ 45 of Ex.'s A and B to ¶ 25 of Ex. C; ¶¶ 46-48 to ¶¶ 26-28.  As such, the Court should enter a protective order to prevent Couture from being subjected to unnecessary, triplicated, and harassing discovery practices.

## II.   <u>CONCLUSION</u>

Based on the foregoing, Couture respectfully requests the Court consider this motion on a time-sensitive basis and enter and Order: (i) postponing Couture's deposition until the Court can rule upon GPS's Motion to Transfer; (ii) enter a protective order precluding Couture from being subjected to multiple and duplicative depositions; and (iii) for any such further relief as the Court deems necessary and just.

## <u>LOCAL RULE 3.01(g) CONFERRAL</u>

I HEREBY CERTIFY that the undersigned conferred with counsel for

Danesh Noshirvan telephonically on September 23, 2024, regarding the relief

requested herein and he opposes this motion.

Respectfully submitted,

_____
Patrick Trainor, Esq.
Law Office of Patrick Trainor, Esq., LLC
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Tel: 201.777.3327
pt@ptesq.com
*Counsel for Jennifer Couture*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 23rd day of September, 2024, the

foregoing was electronically filed with the Clerk of Court by using the Court's

CM/ECF system, which will send notice of this filing to the following:

Nicholas A. Chiappetta, Esq.
Chiappetta Trial Lawyers
8401 Lake Worth Road, Suite 130
Lake Worth, Florida 33467
service@chiappettalegal.com
nick@chiappettalegal.com
*Counsel for Defendant*

Harvey W. Gurland, Jr., Esq.
Florida Bar No. 284033
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Anoosheh Shaikh, Esq.
Florida Bar No. 1039830
DUANE MORRIS LLP
201 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Tel:  561.962.2108

11

HWGurland@duanemorris.com
JJFannin@duanemorris.com
AShaikh@duanemorris.com
PNMendoza@duanemorris.com
JMagarin@duanemorris.com
*Counsel for Plaintiff Ralph Garramone
M.D., P.A., d/b/a Garramone Plastic
Surgery*

Respectfully submitted,

_____
Patrick Trainor, Esq.

12