UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RALPH GARRAMONE, M.D., P.A.,
d/b/a GARRAMONE PLASTIC
SURGERY,

    Plaintiff,

v.                              Case No.:  2:23-cv-340-SPC-KCD

DANESH NOSHIRVAN,

    Defendant.
_____/

## ORDER

Plaintiff Ralph Garramone M.D., P.A. seeks a protective order to stop its deposition that is scheduled to take place in two days in West Palm Beach, Florida. (Doc. 185.)[1] **The motion is DENIED**. Garramone has known since August 29 that its deposition was set for West Palm Beach. (Doc. 185-2.) Yet it took no action for three weeks and waited until the eleventh hour to bring this issue to the Court. What's more, Garramone asks to stop the deposition to allow time for the Court to rule on its motion to transfer filed in separate case involving the same parties, *see Noshirvan v. Couture, et al.*, No. 2:23-cv-1218-JES-KCD. (Doc. 185 at 2.) But the discovery deadline is this Friday, and there

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

is no telling when the transfer motion, which is only weeks old, will be decided. To give Garramone the result it wants, the Court must extend the discovery deadline. But the Court won't do so, and here's why.

Because Garramone's motion seeks to amend the scheduling order, the request is governed by Federal Rule of Civil Procedure 16. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Rule 16 commands the district court to issue a scheduling order that "limit[s] the time to . . . complete discovery." Fed. R. Civ. P. 16(b)(3)(A). Once such an order has been issued, the "schedule may be modified only for good cause." *Id.* at (b)(4). Good cause requires diligence. Put simply, Rule 16 "precludes modification unless the schedule [could not have been] met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418.

Rule 16's "good cause standard is a rigorous one, focusing not on the good faith of or the potential prejudice to any party, but rather on the parties' diligence in complying with the court's scheduling order." *Nolen v. Wyndham Vacation Resorts, Inc.*, No. 620CV330ORL40EJK, 2020 WL 9171962, at *1 (M.D. Fla. May 27, 2020). Put simply, Rule 16 "precludes modification unless the schedule [could not have been] met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418; *see also Nolen*, 2020 WL 9171962, at *1 ("[L]itigants cannot be permitted to treat a scheduling order as

2

a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.").

Garramone fails to argue (let alone establish) good cause. It's brief instead focuses on "prejudice." (Doc. 185 at 7.) But prejudice is irrelevant without first showing diligence. "If [a] party was not diligent, the [good cause] inquiry" ends. *Yergey v. Brinker Fla., Inc.*, No. 6:20-CV-917-ORL-37-LRH, 2021 WL 3729254, at *5 (M.D. Fla. Jan. 28, 2021); *see also Taylor v. Genesee & Wyoming, Inc.*, No. 3:13-CV-1250-J-39MCR, 2015 WL 12838173, at *2 (M.D. Fla. Jan. 6, 2015) ("Diligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry.").

Garramone's failure to argue the governing standard is alone dispositive. *See Sosa*, 133 F.3d at 1419. Yet even looking at the request through the correct lens, the same result follows. The Court is doubtful that Garramone could establish diligence considering it waited to seek a protective order until days before discovery closed and well after the grounds for the protective order (*i.e.*, the transfer motion) had arisen.

At bottom, the Court declines to issue a protective order on the facts presented here. *See, e.g.*, *Equal Emp. Opportunity Comm'n v. Austal USA, LLC*, No. CV 1:18-00416-CG-N, 2019 WL 11216189, at *1 (S.D. Ala. Aug. 26, 2019) ("Whether to issue a protective order is a matter of discretion for the Court."); *LSM Techs. PTY LTD v. Sy-Klone Co., LLC*, No. 3:22-CV-1019-BJD-

3

MCR, 2023 WL 5934538, at *4 (M.D. Fla. Aug. 17, 2023) ("The Middle District of Florida Discovery Handbook provides: 'Upon receipt of objectionable discovery, a party has a duty to seek relief immediately, *i.e.*, without waiting until the discovery is due or almost due.'").

Accordingly, it is now **ORDERED**:

Plaintiff's Motion for Protective Order (Doc. 185) is **DENIED**.

**ENTERED** in Fort Myers, Florida on September 23, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

4