UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RALPH GARRAMONE M.D. P.A.,

    Plaintiff,

  v.

                              Case No. 2:23-CV-340-SPC-KCD

DANESH NOSHIRVAN,

    Defendant,
_____/

## ORDER

Former-plaintiff Jennifer Couture moves "the Court notify the parties of all ex parte communications it has received and replied to, produce copies of same to all parties[,] and disclose the ex parte communications on the docket." (Doc. at 11.) She accuses the Court of receiving ex parte emails and failing to report them as required by the Code of Conduct for United States Judges. Not only that, she claims the Court "unfairly deprived [her] of her due process rights to be aware of, and to refute allegations against the merits of her case." (*Id.* at 10.)

Here's the relevant background. Defendant Danesh Noshirvan is a TikTok[1] creator whose "niche is cancel culture." (Doc. 81 at 2.) In 2022,

---

[1] TikTok is a video-sharing social-media platform. It "collect[s] speech created by third parties . . . and then make[s] that speech available to others, who might be either individuals who have chosen to 'follow' the 'post'- er or members of the general public." *NetChoice, LLC v. Att'y Gen., Fla.*, 34 F.4th 1196, 1203 (11th Cir. 2022).

Noshirvan posted a video of Couture "arguing with another person in a parking lot." (Doc. 83 ¶ 9.) It went viral, and the backlash was swift. Couture received harassing phone calls, voicemails, and online messages. And her husband's business (Plaintiff Garramone Plastic Surgery) was allegedly inundated with "fictitious negative professional reviews on sites like Yelp and Google." (*Id.* ¶ 13.) Couture and Garramone, in turn, sued Noshirvan. Couture is no longer a party because her claims were dismissed with prejudice for pleading deficiencies.

The salacious nature of this case has spilled into the litigation. There has been name-calling, derogatory comments, and profanity—and that's just from some of the lawyers. (*See, e.g.*, Doc. 166.) The Court has also been copied on unsolicited emails that reference this case or the parties. (*See* Ex. A.) The emails escape any neat categorization beyond coming from third parties. Some discuss the Court's rulings. Others lob allegations and insults. Here is a representative example that appears to target Noshirvan's counsel, Nick Chiappetta:

> **From:** Joseph A.Camp
> **To:** nick@chiappettalegal.com; Kyle Dudek; acapintake@floridabar.org; citizenservices@myfloridalegal.com; CHAMBERS FLMD DUDEK; info@wpblaw.co; michael@wpblaw.co
> **Subject:** EVAN MORE ON NICK CHIAPPETTA, FRAUD: MALPRACTICE - IMPERSONATION
> **Date:** Tuesday, September 19, 2023 2:17:23 PM
>
> **CAUTION - EXTERNAL:**
>
> Yet again, I have found more fraud by Nick Chiappetta.
>
> Mr. Chiappetta is continuing to also practice law under "West Palm Beach Law" and his FB page shows the URL that links to his fake website impersonating a former opposing party in a civil dispute and their counsel.
>
> https://www.facebook.com/profile.php?id=100068816306605&mibextid=avESrC
>
> This is the 7th unregistered dba of Mr. Nick Chiappetta that I have found so far, plus the 4 registered fictitious names that all have very deceitful and insane ethics issues, including misrepresentation as previously explained in emails on this thread.
>
> I think it is about time that the BAR and all the associated county level BAR organizations take action against this fraudulent ambulance chaser and her theft of settlement money and retainer as well as one former paralegal explaining to me that she was fired after refusing sexual advances by Mr. Chiappetta and other suspect stuff happening during her employ at "Marten | Chiappetta".
>
> So much fraud and deceit. A fbi investigation, an IRS audit, and a Florida State Attorney investigation needs to be initiated in addition to the BAR and Attorney General investigations that I have made you all aware of.
>
> \--
>
> \_/s/_____
>
> Joseph A. Camp
>
> CampJosephA@gmail.com
>
> JosephACamp@yandex.com
>
> @CampJosephA (Twitter, Facebook, Instagram, LinkedIn)
>
> 720.454.5240

(Ex. A at 4.) The Court has not received any "letters, phone calls, social media posts, [or] other forms of correspondence," so its discussion will examine only the emails.[2]

---

[2] Several of the emails contain attachments. The Court has not (and will not) open them for security reasons.

3

To begin, the Court disagrees with Couture's claim that the emails must be disclosed simply because they are ex parte. (*See* Doc. 198 at 9 ("Courts are required to disclose ex parte communications that it receives[.]"). Even a cursory reading of the Code of Conduct for United States Judges undermines such an argument: "If a judge receives an unauthorized ex parte communication *bearing on the substance of a matter*, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond[.]" Code of Conduct for United States Judges Canon 3(A)(4) (2019) (emphasis added). The rules do not embrace every ex parte communication the presiding judge receives but are instead meant to cover those touching on the substance of a case. *See Dragash v. Saucier*, No. 17-12031-JJ, 2017 WL 5202252, at *2 (11th Cir. Sept. 26, 2017).

Most (if not all) of the unsolicited emails sent to the Court have no bearing on the substance of this dispute. To be sure, they mention the parties and the underlying litigation. But the merits concern Noshirvan and his followers' "incitement and participat[ion] in a months-long campaign of online and telephonic harassment against Couture and Garramone." (Doc. 83 at 2.) The emails sent to the Court are far afield from such allegations. For example, how does this email from non-party Joseph Camp "bear on the substance of the matter"?

4

> From: Joseph A.Camp
> To: nick@chiappettalegal.com; Kyle Dudek; acapintake@floridabar.org; citizenservices@myfloridalegal.com; CHAMBERS FLMD DUDEK
> Subject: NOTICE OF INTENT - MALPRACTICE - ILLEGAL PRACTICE OF LAW
> Date: Monday, September 18, 2023 6:39:04 PM
>
> **CAUTION - EXTERNAL:**
>
> Nick, Florida BAR, Chambers, Attorney General Ashley Moody,
>
> Nick Chiappetta is illegally practicing law in violation of Florida BAR ethics, Florida's consumer protections laws, and rules, and admissions to state and federal courts.
>
> Nick is signing documents "**CHIAPPETTA TRIAL LAWYERS**" which is not an entity anywhere in the United States, or Florida. Further, you are not registered as Marten | Chiappetta or any other similar names when broken down to just a search of "Chiappetta". On his website he claims copyright for material under "Chiappetta Trial Lawyers" thus implying it is a lawful entity.
>
> I am now asking that the **Florida BAR** step in again and stop this practice immediately. Further, I am asking for a referral of this criminal fraud to the Florida State Attorney for Consumer Protection investigation. Nick is purposely misleading the public with advertisement for "**Chiappetta Trial Lawyers**" when no such entity exists.
>
> Moreso, Mr. Chiappetta's website lists several "notable" cases which he claims he was involved in on his website. After a careful review of the cases Mr. Chiappetta was not involved in any manner on several of the cases listed. This is also fraud, misrepresentation.
>
> Moreover, there is no malpractice insurance for Chiappetta Trial Lawyers, or any related searches to "Chiappetta".

(Ex. A at 25.) It doesn't. Nonetheless, to avoid interjecting yet another layer of ancillary litigation to this already contentious case, the Court has attached all of the ex parte emails that appear (even tangentially) to mention this matter.

Couture further claims that the "failure to notify [her of these emails was] highly prejudicial." (Doc. 198 at 11.) The Court draws a hard line there. Couture's arguments are long on rhetoric but short on substance. Although she has obtained several of the ex parte emails from opposing counsel, she fails to

illustrate the prejudice. For instance, Couture stresses that the Court received an email on October 9, 2023, "two days before the return date for [her] opposition to Defendant's motion to dismiss." (*Id.* at 4.) And the non-disclosure "precluded her ability to conduct discovery into the source of the ex parte email and constrained her ability to respond to the allegations therein." (*Id.*) But the October 9 email doesn't contain any allegations against her or discernably bear on the underlying case:

> From: Joseph A. Camp
> To: nick@chiappettalegal.com; CHAMBERS FLMD DUDEK; Kyle Dudek; Danesh
> Subject: More Photoshop
> Date: Monday, October 9, 2023 1:08:01 PM
>
> **CAUTION - EXTERNAL:**
>
> Judge,
>
> Look at how easily Danesh Noshirvan is able to photoshop Facebook content I post.
>
> https://fb.watch/nzX8Tc3D9o/?mibextid=ZbWKwL
>
> His video begging for donations and the actual post, linked above, attached.
>
> Nothing this clown has submitted to the court is real, including the post about me with horses.
>
> Consider sanctions, please.
> --
>
> _/s/_____
>
> Joseph A. Camp
>
> CampJosephA@gmail.com
>
> JosephACamp@yandex.com
>
> @CampJosephA (Twitter, Facebook, Instagram, LinkedIn)
>
> 720.454.5240

(Ex. A at 22.) Couture's other prejudice arguments are just as frivolous.

The gravamen of Couture's motion seems to be that the emails contain "negative allegations" and "were intended to prejudice the Court against [her]." (Doc. 198 at 3-4.) Most of the emails target Noshirvan or his counsel. That aside, they in no way influenced the Court. That is so *because the Court did not review them*. The Court read the initial email string and responded that contacting "judicial chambers is not . . . appropriate[.]" (Ex. A at 81.) The substance of all further correspondence was ignored. The Court first reviewed the emails attached to this order in response to Couture's motion.

Accordingly, the Court **GRANTS** Couture's motion (Doc. 198) insofar as the ex parte communications received by the Court are attached (Ex. A) and made part of the record. The motion is **DENIED** as much as Couture seeks any different or additional relief.

**ORDERED** in Fort Myers, Florida on January 15, 2025.

Kyle C. Dudek
United States Magistrate Judge